David I. Gelfand (*pro hac vice*)
Jeremy J. Calsyn (State Bar No. 205062)
Nowell D. Bamberger (*pro hac vice*)
dgelfand@cgsh.com
jcalsyn@cgsh.com
nbamberger@cgsh.com
**Cleary Gottlieb Steen & Hamilton LLP**
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: 202-974-1500
Facsimile: 202-974-1999

Attorneys for Defendant
Juul Labs, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS, INC. ANTITRUST LITIGATION | Case No. 3:20-CV-02345-WHO |
| This Document Relates to:<br>**ALL DIRECT PURCHASER ACTIONS** | |

### DECLARATION OF EADON JACOBS IN SUPPORT OF MOTION TO COMPEL ARBITRATION OR STRIKE CLASS ALLEGATIONS

I, Eadon Jacobs, declare as follows:

    1.    I am Senior Director of Product, Identity Verification & Ecommerce at Juul Labs, Inc. ("JLI").  I have held that positions since July 2020, and I have worked at JLI since November 2017.  I have personal knowledge of the matters stated below based on my review of the records of JLI.

    2.    JLI is a Washington, D.C.-based technology company that designs, manufactures, and markets Electronic Nicotine Delivery Systems ("ENDS), namely the JUUL device and JUULpods.  JLI sells ENDS products to third-party distributors who in turn sell them to retailers.  JLI also sells ENDS products directly to consumers online through its website.  JLI is the only authorized seller of JUUL products online.  To purchase JUUL products on JLI's website, a user

1 must first create an account and successfully pass third-party age verification. In the regular course of JLI's business, JLI's website automatically and contemporaneously generates records of users' online account activity, such as account creation, age verification, and online purchases. These records include the dates on which user accounts were created and the dates on which any online purchases were made. JLI retains these records and relies upon their accuracy in the course of its ordinary sales and marketing activities.

      3. To process transactions through JLI's website, users must first create an online account, and existing customers must log in to their account. I have reviewed JLI's e-commerce records and annex hereto those related to transactions by the plaintiffs in this case. Specifically:

      a. Attached hereto as **Exhibit 1** is a spreadsheet showing the e-commerce transaction data of plaintiff Jessica McGee, which shows that she created her account on July 19, 2019, passed age verification, and completed a single transaction the same day.

      b. Attached hereto as **Exhibit 2** is a spreadsheet showing the e-commerce transaction data of plaintiff Mallory Flannery, which shows that she created her account on February 26, 2019, passed age verification and completed a single transactions the same day.

      c. Attached hereto as **Exhibit 3** is a spreadsheet showing the e-commerce transaction data of plaintiff Anthony Martinez. Exhibit 3 shows that plaintiff Martinez created his account and age verified on August 26, 2018 and completed transactions on July 31, 2019, February 27, 2020 and March 13, 2020.

      4. To make a purchase of any product from the JLI website, users are required to create an account. The website interface of the JLI website has changed modestly between August 2018, when the first plaintiff created his account, and today. Since at least August 2018, however, creating an account required users to first acknowledge their agreement to JLI's website Terms and Conditions by "clicking" a checkbox, and then asking them to enter an email address and password. It was not and is not possible to create a user account without agreeing to the Terms

and Conditions, and it was not and is not possible to make a purchase from the JLI website without creating an account and passing age verification, which requires the user to enter identifying information to proceed through a series of screens to complete the age verification process. Until July 2019, the "Sign Up" box for creating a new account and the "Log In" box for returning users were presented on the same page of the JLI website.

     5.     Attached hereto as **Exhibit 4** is a printout of the Sign Up/Log In page of the JLI Website, www.juul.com, as it existed in August 2018.

     6.     Attached hereto as **Exhibit 5** is a printout of the Sign Up/Log In page of the JLI Website, www.juul.com, as it existed in February 2019.

     7.     The Sign Up/Log In page of the JLI website was updated in July 2019 from a single page containing both the "Sign Up" and "Log In" screens, to a "split screen" format, where one screen presents the box for signing up for a new account, and a different screen is accessed by returning users to log into their existing accounts. As this update was rolled out incrementally between July and August 2019, some users were displayed the new "splits screen" while others were displayed the prior combined screen discussed above until the update was complete.

     a.     Attached hereto as **Exhibit 6** is a printout of the "Create Your Account" page of the JLI Website as it was accessed by plaintiff Jessica McGee on July 19, 2019.

     b.     Attached hereto as **Exhibit 7** is a printout of the "Welcome Back" screen as it existed on July 31, 2019. When he signed into his account on the JLI website on that date, plaintiff Anthony Martinez accessed either this version (Exhibit 7) or a previous version of the combined Sign Up/Log In page depicted in **Exhibit 8**.

     c.     Attached hereto as **Exhibit 9** is a printout of the "Welcome Back" screen as it existed on February 27 and March 13, 2020, the other dates on which plaintiff Anthony Martinez signed into his account.

     8.     The Website Terms and Conditions were modified slightly during the period relevant to plaintiffs' use of the JLI website. Specifically:

      a.     Attached hereto as **Exhibit 10** is a copy of the JLI Website Terms and Conditions as they existed on JLI's website between June 29, 2017 and July 17, 2019.

      b.     Attached hereto as **Exhibit 11** is a copy of the JLI Website Terms and Conditions as they existed on JLI's website between July 17, 2019 and November 26, 2019.

      c.     Attached hereto as **Exhibit 12** is a copy of the current JLI Website Terms and Conditions, which have existed in this form on JLI's website since January 13, 2020.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California on January 15, 2021.

_____
Eadon Jacobs