1  Joseph R. Saveri (State Bar No. 130064)
   Steven N. Williams (State Bar No. 175489)
2  Katharine L. Malone (State Bar No. 290884)
   Christopher K.L. Young (State Bar No. 318371)
3  Kyle P. Quackenbush (State Bar No. 322401)
   Anupama K. Reddy (State Bar No. 324873)
4  **JOSEPH SAVERI LAW FIRM, INC.**
   601 California Street, Suite 1000
5  San Francisco, California 94108
   Telephone: (415) 500-6800
6  Facsimile: (415) 395-9940
   Email: jsaveri@saverilawfirm.com
7        swilliams@saverilawfirm.com
         kmalone@saverilawfirm.com
8        cyoung@saverilawfirm.com
         kquackenbush@saverilawfirm.com
9        areddy@saverilawfirm.com

10 *Interim Lead Counsel for Direct Purchaser Plaintiffs and the Proposed Class*

11

12              **UNITED STATES DISTRICT COURT**

13              **NORTHERN DISTRICT OF CALIFORNIA**

14

15 **IN RE: JUUL LABS, INC. ANTITRUST**          Case No. 3:20-cv-02345-WHO
   **LITIGATION**
16                                               **DECLARATION OF KYLE P.**
                                                 **QUACKENBUSH IN SUPPORT OF DIRECT**
17 **This Document Relates To:**                 **PURCHASER PLAINTIFFS' OPPOSITION**
                                                 **TO DEFENDANT JUUL LABS, INC.'S**
   **ALL DIRECT PURCHASER ACTIONS**              **MOTION TO COMPEL ARBITRATION**
18

19                                               Date:       April 21, 2021
                                                 Time:       2:00 p.m.
20                                               Courtroom:  2
                                                 Judge:      Hon. William H. Orrick
21

22

23

24

25

26

27

28

DECLARATION OF KYLE P. QUACKENBUSH IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS'
OPPOSITION TO DEFENDANT JUUL LABS, INC.'S MOTION TO COMPEL ARBITRATION

I, Kyle P. Quackenbush, hereby declare as follows:

1.     I am an attorney of the Joseph Saveri Law Firm, Inc., one of Plaintiffs' Counsel of record. Our firm was appointed interim Lead Counsel. I am a member in good standing of the State Bar of California and am admitted to practice in the Northern District of California. I am over 18 years of age, and I have personal knowledge of the facts stated in this Declaration. If called as a witness, I could and would testify competently to them. I make this declaration pursuant to 28 U.S.C. § 1746 in support of Direct Purchaser Plaintiffs' Opposition to Defendant JUUL Labs, Inc.'s Motion to Compel Arbitration.

2.     Attached hereto as **Exhibit 1** is a true and correct copy of the corrected version of the Declaration of Jake Honig in Support of Defendant JUUL Labs, Inc.'s Motion to Compel Arbitration in *Colgate v. JUUL Labs, Inc.*, No. 18-cv-02499, ECF No. 101[1] and Exhibit B to the Honig Declaration. According to his declaration, at the time Mr. Honig made his declaration, he was "employed as Vice President of Digital for JUUL Labs, Inc., ("JLI")." Mr. Honig declared that "Exhibit B is a true and correct copy of the registration and login screen that Mr. Minas would have seen when he registered his online account on August 4, 2018."

3.     Because JLI, asserts that Plaintiffs agreed to be bound to Terms and Conditions purportedly disclosed on its Login page, I attempted to identify when and where Plaintiffs allegedly encountered JLI's Login page (and the notice on that page) when they allegedly assented to be bound by JLI's Terms and Conditions, including the arbitration and class action waiver provisions. Because JLI makes frequent changes to its website and Terms and Conditions, and Plaintiffs created their accounts and/or made transactions between August 26, 2018 and March 13, 2020, I relied on archived versions of JLI's website available on web.archive.org (the "Wayback Machine"). Because the Wayback Machine does not archive each page of each site every day, archived screenshots from the exact dates Plaintiffs allegedly assented to JLI's arbitration and class action waiver provisions were unavailable. Additionally, because it is not possible to log in or otherwise proceed past JLI's Login page on archived versions of

---

[1] The document caption says *In Re: Juul Labs, Inc. Product Liability Litigation*, but the case number is the same as *Colgate*. The Exhibit has a lower ECF number because the declaration is a corrected version.

the site, all screenshots of pages a user would see *after* passing through the Login page are from the version of JLI's website that appeared on or about February 23, 2021.

4.　　On or about February 23, 2021, I visited the Wayback Machine to determine whether archived versions of JLI's Terms and Conditions were available on any/all dates Plaintiffs created an account and/or made a purchase. I searched the following dates: August 26, 2018; February 26, 2019; July 19, 2019; July 31, 2019; February 27, 2020; and March 13, 2020. Archived versions of JLI's Terms and Conditions were not available on any of those dates.

I.　　**Anthony Martinez**

5.　　Plaintiff Anthony Martinez used JLI's Login page to create an account on August 26, 2018. Archived screenshots on the Wayback Machine are unavailable for the Login page on August 26, 2018. I reviewed the first available archived screenshot before and after August 26, 2018, which were dated July 12, 2018 and September 3, 2018. At some point between July 12, 2018 and September 3, 2018, JLI changed its Login page.

6.　　On or about February 23, 2021, I visited the Wayback Machine and printed a screenshot of an archived version of JLI's Login page as it appeared on July 12, 2018. **Exhibit 2**, attached hereto, is a true and correct copy of this screenshot. I reviewed the July 12, 2018 screenshot. The Terms and Conditions are at the bottom of the Login page, in the smallest text on the page, and are in light blue text that blends into the light blue background. The Terms and Conditions are not underlined or bolded. There is no clickbox next to the Terms and Conditions.

7.　　On or about February 23, 2021, I visited the Wayback Machine and printed a screenshot of an archived version of JLI's Login page as it appeared on September 3, 2018. **Exhibit 3**, attached hereto, is a true and correct copy of this screenshot. I reviewed the September 3, 2018 screenshot. The Terms and Conditions are at the bottom of the page, in the smallest text on the page. The Terms and Conditions are in light blue text on a light blue background, and they are not bolded or underlined. There is a clickbox near the Terms and Conditions.

8.　　Plaintiff Martinez made a purchase on JLI's website on July 31, 2019. Archived screenshots on the Wayback Machine are unavailable for the Login page on July 31, 2019. I reviewed the

first available archived screenshot before and after July 31, 2019, which are dated July 4, 2019 and August 28, 2019. At some point between July 4, 2019 and August 28, 2019, JLI changed its Login page.

9. On or about February 23, 2021, I visited the Wayback Machine and printed a screenshot of an archived version of JLI's Login page as it appeared on July 4, 2019. **Exhibit 4**, attached hereto, is a true and correct copy of this screenshot. I reviewed the July 4, 2019 screenshot. The screenshot includes a "Log In" section that Plaintiff Martinez would have used to access the website as an existing user. In the "Log In" section, there are boxes to input an email address and password, and below that, in underlined text, is a hyperlink "Forgot Password?" Below this section is a "Log In" button that turns black with white text when the user inputs his or her email address and password. Below the "Log In" section is a "Sign Up" section that Plaintiff Martinez would not have needed to complete as an existing user. Under that, there is a clickbox next to the sentence "By registering with JUUL Labs, Inc., You Agree to our Terms and Conditions and Privacy Policy." As an existing user, Plaintiff Martinez did not need to click this box to proceed to make a purchase.

10. On or about February 23, 2021, I visited the Wayback Machine and printed a screenshot of an archived version of JLI's Login page as it appeared on August 28, 2019. **Exhibit 5**, attached hereto, is a true and correct copy of this screenshot. I reviewed the August 28, 2019 screenshot. The screenshot includes a "Welcome Back" section that Plaintiff Martinez, as an existing user, would have needed to complete before making a purchase. Below the boxes to input the user's email address and password, there is "FORGOT YOUR PASSWORD?" in bold and capitalized letters. Below that is the button to "Sign In." After a user inputs their email address and password, the Sign In button changes colors to black with white text. Once a user clicks the Sign In button, she can make a purchase on JLI's website. Below all this information, in the smallest text on the page, is the sentence, "By registering with JUUL Labs, Inc., you agree to our Terms and Conditions and Privacy Policy." There is no box to click next to the Terms and Conditions.

11. Plaintiff Martinez made purchases on JLI's website on February 27, 2020 and on March 13, 2020. There are no archived versions of JLI's Login page during the months of January, February, or March of 2020. I reviewed the first available archived screenshot before February 27, 2020 and after March 13, 2020, which are dated October 18, 2019 and April 17, 2021.

12. On or about February 23, 2021, I visited the Wayback Machine and printed a screenshot of an archived version of JLI's Login page as it appeared on October 18, 2019. **Exhibit 6**, attached hereto, is a true and correct copy of this screenshot. I reviewed the October 18, 2019 screenshot. The screenshot includes a "Welcome Back" section that Plaintiff Martinez, as an existing user, would have needed to complete before making a purchase. Below the boxes to input the user's email address and password, there is "FORGOT YOUR PASSWORD?" in capitalized letters. Below that is the button to "Sign In." After a user inputs their email address and password, the Sign In button changes colors to black with white text. Once a user clicks the Sign In button, they can make a purchase on JLI's website. Below all this information, in the smallest text on the page, is the sentence, "By proceeding, you agree to our Terms and Conditions and Privacy Policy." "Terms and Conditions" and "Privacy Policy" are in blue text and underlined.

13. On or about February 23, 2021, I visited the Wayback Machine and printed a screenshot of an archived version of JLI's Login page as it appeared on April 17, 2020. **Exhibit 7**, attached hereto, is a true and correct copy of this screenshot. I reviewed the April 17, 2020 screenshot. The screenshot includes a "Welcome Back" section that Plaintiff Martinez, as an existing user, would have needed to complete before making a purchase. Below the boxes to input the user's email address and password, there is "FORGOT YOUR PASSWORD?" in capitalized letters. Below that is the button to "Sign In." After a user inputs their email address and password, the Sign In button changes colors to black with white text. Below all this information, in the smallest text on the page, is the sentence, "By proceeding, you agree to our Terms and Conditions. For more information about how we collect and use your data, check out our Privacy Policy." "Terms and Conditions" and "Privacy Policy" are in blue text and underlined.

## II. Mallory Flannery

14. Plaintiff Mallory Flannery used JLI's Login page to create an account and make a purchase on February 26, 2019. Archived screenshots on the Wayback Machine are unavailable for the Login page on February 26, 2019. I reviewed the first available archived screenshot before and after February 26, 2019, which are December 23, 2018 and May 2, 2019.

15.     On or about February 23, 2021, I visited the Wayback Machine and attempted to review the Login page available on February 13, 2019—the first date available before Plaintiff Flannery created an account and made her purchase—but the page was inoperable beyond the age verification prompt. I experienced the same issue when I tried to access the next available Login page from January 18, 2019.

16.     On or about February 23, 2021, I visited the Wayback Machine and printed a screenshot of an archived version of JLI's Login page as it appeared on December 23, 2018. **Exhibit 8**, attached hereto, is a true and correct copy of this screenshot. I reviewed the December 23, 2018 screenshot. The screenshot includes a "Log In" section and a "Sign Up" section. The Terms and Conditions are at the bottom of the page, in the smallest text on the page. The words "Terms and Conditions" are in light blue text on a light blue background. They are underlined but not capitalized or bolded. There is a clickbox near the Terms and Conditions.

17.     On or about February 23, 2021, I visited the Wayback Machine and printed a screenshot of an archived version of JLI's Login page as it appeared on May 2, 2019. **Exhibit 9**, attached hereto, is a true and correct copy of this screenshot. I reviewed the May 2, 2019 screenshot. The screenshot includes a "Log In" section at the top of the page that includes boxes to input an email address and password. Below that, in underlined text, are the words "Forgot Password?" Under that, in a black box with white lettering, is a button to Log In. Below that is a section titled "NEW TO JUUL? SIGN UP:" Below that is a place to input an email address. Under that is a clickbox next to the sentence "By registering with JUUL Labs, Inc., You Agree to Our Terms and Conditions and Privacy Policy." "Terms and Conditions" and Privacy Policy" are capitalized and underlined. The text appears to be dark gray that blends into the light gray background.

### III.     Jessica McGee

18.     Jessica McGee used JLI's Login page to create an account and make a purchase on July 19, 2019. Archived screenshots on the Wayback Machine are unavailable for the Login page on July 19, 2019. I reviewed the first available archived screenshot before and after July 19, 2019, which are July 4, 2019 and August 28, 2019.

19.     The July 4, 2019 screenshot is described above in paragraph 7 and depicted in **Exhibit 4**.

DECLARATION OF KYLE P. QUACKENBUSH IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS'
OPPOSITION TO DEFENDANT JUUL LABS, INC.'S MOTION TO COMPEL ARBITRATION

20. The August 28, 2019 screenshot is described above in paragraph 8 and depicted in **Exhibit 5**.

## IV. JLI's Terms and Conditions Outside the Login page

21. On or about February 23, 2021, I reviewed JLI's website to determine whether JLI's Terms and Conditions are disclosed to a customer using JLI's website outside of the Login page, including at the point of purchase. Based on my review, visitors to JLI's website may browse JLI's products, fill a shopping cart, learn "About JUUL," "JUUL Pass," and JLI's products, visit JLI's "Our Community" page, and "Refer an Adult Smoker," all without encountering JLI's Terms and Conditions. On these pages, JLI's Terms only appear at the bottom of the page—requiring visitors to scroll below the visible display—in small text surrounded by eight hyperlinks. On these pages, there is nothing that would notify visitors that JLI's Terms include arbitration and class action waiver provisions. Nor are JLI's Terms and Conditions disclosed to the customer at the point of purchase.

22. As visually described in **Exhibit 10**, a customer using JLI's website completes the following steps to purchase a product on JLI's website:

23. *First*, the customer accesses JLI's website at juul.com and sees the homepage. The customer is not prompted to visit the Login page and is not notified of JLI's Terms and Conditions at this stage.

24. *Second*, the customer accesses the "Shop" page on JLI's website. The customer is not prompted to visit the Login page and is not notified of JLI's Terms and Conditions at this stage.

25. *Third*, the customer selects a product which is added to the customer's "Cart." The customer is not prompted to visit the Login page and is not notified of JLI's Terms and Conditions at this stage.

26. *Fourth*, the customer clicks on their "Cart" in the top right corner, then clicks "Proceed to Checkout." The customer is not prompted to visit the Login page and is not notified of JLI's Terms and Conditions at this stage.

27. *Fifth*, the customer is directed to JLI's Login page and either must log in or create an account. The Login page includes text referring to the Terms and Conditions.

28. *Sixth*, the customer completes the required fields on the "Checkout Payment" page. The customer does not need to visit the Login page and is not notified of JLI's Terms and Conditions at this stage.

29. *Seventh*, the customer completes the required fields on the "Checkout Address" page. The customer does not need to visit the Login page and is not notified of JLI's Terms and Conditions at this stage.

30. *Eighth*, the customer completes the required fields on the "Checkout Shipment" page. The customer does not need to visit the Login page and is not notified of JLI's Terms and Conditions at this stage.

31. *Ninth*, the customer reviews the information on the "Checkout Confirmation" page and completes their purchase. The customer does not need to visit the Login page and is not notified of JLI's Terms and Conditions at this stage. At this stage, the purchase is complete.

## V. JAMS's Optional Expedited Arbitration Procedure

32. On or about March 5, 2021, I searched for "JAMS's Optional Expedited Arbitration Procedure" on www.google.com. I clicked on the first page listed in the search results. A true and correct copy of a print-to-pdf version of that page is attached hereto as **Exhibit 11**.

33. From that page, I clicked on the hyperlink "View JAMS Optional Expedited Arbitration Procedures." **Exhibit 12** is a true and correct copy of the screenshot of the page that displays after I clicked that hyperlink.

34. Based on my review, it appears "JAMS's Optional Expedited Arbitration Procedure" are a subsection of "JAMS's Comprehensive Arbitration Rules & Procedures." The sentence "Optional Expedited Arbitration Procedure" appears once in "JAMS's Comprehensive Arbitration Rules & Procedures," and directs website visitors to Rules 16.1 and 16.2. **Exhibit 13** is a true and correct copy of Rules 16.1 and 16.2 to JAMS's Comprehensive Arbitration Rules & Procedures available and in effect as of March 5, 2021.

DocuSign Envelope ID: CD304515-054D-4F04-9FEE-EC2A4A9117BE

I declare under penalty of perjury that the foregoing is true and correct.

Executed: 3/5/2021 _____,                    By:    _Kyle P. Quackenbush_
                                                           9BDE7C23848A40A
in Phoenix, Arizona                                        Kyle P. Quackenbush

Case No. 3:20-cv-02345-WHO                    9

DECLARATION OF KYLE P. QUACKENBUSH IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS'
OPPOSITION TO DEFENDANT JUUL LABS, INC.'S MOTION TO COMPEL ARBITRATION