DocuSign Envelope ID: 691D0719-0547-4624-8959-E5D2C653347D

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Katharine L. Malone (State Bar No. 290884)
Christopher K.L. Young (State Bar No. 318371)
Kyle P. Quackenbush (State Bar No. 322401)
Anupama K. Reddy (State Bar No. 324873)
**JOSEPH SAVERI LAW FIRM, INC.**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
kmalone@saverilawfirm.com
cyoung@saverilawfirm.com
kquackenbush@saverilawfirm.com
areddy@saverilawfirm.com

*Interim Lead Counsel for Direct Purchaser Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: JUUL LABS, INC. ANTITRUST LITIGATION**<br><br>**This Document Relates To:**<br><br>**ALL DIRECT PURCHASER ACTIONS** | Case No. 3:20-cv-02345-WHO<br><br>**DECLARATION OF PLAINTIFF ANTHONY MARTINEZ IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANT JUUL LABS, INC.'S MOTION TO COMPEL ARBITRATION**<br><br>Date: April 21, 2021<br>Time: 2:00 p.m.<br>Courtroom: 2<br>Judge: Hon. William H. Orrick |

Case No. 3:20-cv-02345-WHO

DECLARATION OF PLAINTIFF ANTHONY MARTINEZ IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANT JUUL LABS, INC.'S MOTION TO COMPEL ARBITRATION

I, Anthony Martinez, hereby declare as follows:

1. I am an individual over 18 years old. I currently reside in New York, New York. I am a named Plaintiff in the above captioned action. I make this declaration based upon my personal knowledge and could competently testify to the facts herein if called to do so. I make this declaration pursuant to 28 U.S.C. § 1746 in support of Direct Purchaser Plaintiffs' Opposition to Defendant JUUL Labs, Inc.'s Motion to Compel Arbitration.

2. I began using JUUL Labs, Inc. ("JLI") products in 2016. At first, I purchased JLI products exclusively from "brick and mortar" retailers. I do not recall seeing JLI's Terms and Conditions or notice of such terms on the packaging, inside the packaging, on the receipts or any other materials associated with these JLI products.

3. By the time I visited JLI's website to make a purchase, I was physically addicted to nicotine.

4. On August 26, 2018, I visited JLI's website and created an account. I do not recall seeing any disclosure about JLI's Terms and Conditions, notice about Terms and Conditions, or hyperlinks to Terms and Conditions. I have reviewed the document identified as Exhibit 4 of the declaration of Eaden Jacobs submitted in support of JUUL's Motion to Compel Arbitration, which purports to be "a printout of the Sign Up/Log In page of the JLI Website, www.juul.com, as it existed in August 2018." ECF Nos. 210-1, ¶ 5; 210-5. While I do not have perfect recollection of an online transaction from more than two years ago, I do not recall seeing any disclosure of JLI's Terms and Conditions above a "Sign Up" button and I do not believe I saw this disclosure, or any similar disclosure, during my visit to JLI's website. If I had seen it, I don't believe I would have recognized that it contained hyperlinks. The phrase "Terms and Conditions" is in the same small print as the rest of the disclosure and there is nothing to suggest that the Terms and Conditions is a hyperlink. It appears to be a shade of blue but there is so little contrast between "Terms and Conditions" and the rest of the disclosure that, if I wasn't already looking right at the hyperlink, it wouldn't jump out at me. Nor do I recall clicking a box next to this disclosure, and because JLI did not provide an exact date that this Sign Up/Log In page was available on the JLI Website, I can't be sure this version of the Sign Up/Log In page was what I viewed.

5.      On July 31, 2019, I visited JLI's website to purchase a "Fruit Refill Kit," "Mango Refill Kit," and "Cucumber Refill Kit." I do not recall seeing any disclosure about JLI's Terms and Conditions, notice about Terms and Conditions, or hyperlinks to Terms and Conditions. I have reviewed the documents identified as Exhibits 7-8 of the declaration of Eaden Jacobs submitted in support of JUUL's Motion to Compel Arbitration, which purport to be the "Welcome Back" and "Log In" screens as they may have existed on July 31, 2019. ECF Nos. 210-1, ¶ 7(b); 2010-8–9. While I do not have perfect recollection of online transactions from more than a year ago, I do not recall seeing any disclosure of JLI's Terms and Conditions below a "Sign In" or "Log In" button and I do not believe I saw this disclosure, or any similar disclosure, during my visit to JLI's website. The Terms and Conditions are below the area where I would have input my email address and password, and there was no reason for me to continue reading below the "Sign In" or "Log In" button. Even if I had seen it, I don't believe I would have recognized that it applied to my purchase. The phrase "By registering with JUUL Labs, Inc." doesn't appear to apply to what I was doing; I wasn't registering with JUUL Labs, Inc., I was signing into JLI's website. Also, "Terms and Conditions" is in the same small print as the rest of the disclosure. The entire disclosure is in light black text on a gray background, making it difficult to read. Nor do I recall clicking a box next to any disclosure, and JLI does not assert that I needed to click a box to log back into my account.

6.      On February 27, 2020, I visited JLI's website to purchase a "Device Kit" and on March 13, 2020, I visited JLI's website to purchase two "Device Kits." I do not recall seeing any disclosure about JLI's Terms and Conditions, notice about Terms and Conditions, or hyperlinks to Terms and Conditions. I have reviewed the document identified as Exhibit 9 of the declaration of Eaden Jacobs submitted in support of JUUL's Motion to Compel Arbitration, which purports to be the "Welcome Back" screen as it existed on February 27, 2020 and March 13, 2020. ECF Nos. 210-1, ¶ 7(c); 2010-10. While I do not have perfect recollection of online transactions from approximately a year ago, I do not recall seeing any disclosure of JLI's Terms and Conditions below a "Sign In" button and I do not believe I saw this disclosure, or any similar disclosure, during my visit to JLI's website. The Terms and Conditions are below the area where I would have input my email address and password, and there was no reason for me to continue reading below the "Sign In" button. Nor do I recall clicking a box next to

DECLARATION OF PLAINTIFF ANTHONY MARTINEZ IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANT JUUL LABS, INC.'S MOTION TO COMPEL ARBITRATION

DocuSign Envelope ID: 691D0719-0547-4624-8959-E5D2C653347D

any disclosure, and JLI doesn't assert that I needed to click a box to log back into my account. Even if I had seen the disclosure, I don't believe I would have recognized that it applied to my purchase. The phrase "By proceeding" doesn't appear to apply to purchasing a product.

7. I do not recall seeing any Terms and Conditions, or notice of Terms and Conditions, on or inside the product packaging, on sales receipts, on the shipping label, or on any other materials associated with my purchases using JLI's website.

8. I do not believe that I agreed to arbitration or to waive my right to proceed with a class action. I did not read or understand the Terms and Conditions.

9. I have never read JAMS's Optional Expedited Arbitration Procedure.

10. I was never provided an executed copy of JLI's Terms and Conditions, nor was I provided a copy of JAMS's Optional Expedited Arbitration Procedure.

11. I did not expect that, by registering on a website to make a purchase, I would waive my right to jury trial and to proceed on a class basis for claims related to the products themselves—especially since the only disclaimer relates to "registering" or "proceeding" on JLI's website.

12. At the time I created my account and made purchases using JLI's website, I did not understand the phrase "Terms and Conditions" could refer to agreements to arbitrate or to waive rights to litigate claims as a class action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: 3/5/2021, in Miami, Florida

By: *Anthony Martinez*
Anthony Martinez