DocuSign Envelope ID: FE2947AB-735F-426B-BF7A-147AB6CC9624

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Katharine L. Malone (State Bar No. 290884)
Christopher K.L. Young (State Bar No. 318371)
Kyle P. Quackenbush (State Bar No. 322401)
Anupama K. Reddy (State Bar No. 324873)
**JOSEPH SAVERI LAW FIRM, INC.**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
  swilliams@saverilawfirm.com
  kmalone@saverilawfirm.com
  cyoung@saverilawfirm.com
  kquackenbush@saverilawfirm.com
  areddy@saverilawfirm.com

*Interim Lead Counsel for Direct Purchaser Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: JUUL LABS, INC. ANTITRUST LITIGATION**<br><br>**This Document Relates To:**<br><br>**ALL DIRECT PURCHASER ACTIONS** | Case No. 3:20-cv-02345-WHO<br><br>**DECLARATION OF PLAINTIFF JESSICA MCGEE IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANT JUUL LABS, INC.'S MOTION TO COMPEL ARBITRATION**<br><br>Date: April 21, 2021<br>Time: 2:00 p.m.<br>Courtroom: 2<br>Judge: Hon. William H. Orrick |

I, Jessica McGee, hereby declare as follows:

2. 1. I am an individual over 18 years old. I currently reside in Hugo, Minnesota. I am a named Plaintiff in the above captioned action. I make this declaration based upon my personal knowledge and could competently testify to the facts herein if called to do so. I make this declaration pursuant to 28 U.S.C. § 1746 in support of Direct Purchaser Plaintiffs' Opposition to Defendant JUUL Labs, Inc.'s Motion to Compel Arbitration.

2. I smoked for many years, quit for approximately ten years, then started again in 2017.

3. By the time I visited JUUL Labs, Inc.'s ("JLI") website to make a purchase, I was physically addicted to nicotine. I began using JLI's products once I received the "Starter Kit" I purchased on July 19, 2019. I purchased JLI's product to help me quit smoking.

4. On July 19, 2019, I visited JLI's website, created an account, and purchased a "Starter Kit" using my iPhone X. I do not recall seeing any disclosure about JLI's Terms and Conditions, notice about Terms and Conditions, or hyperlinks to Terms and Conditions. I have reviewed the document identified as Exhibit 6 to the declaration of Eaden Jacobs submitted in support of JUUL's Motion to Compel Arbitration, which purports to be "a printout of the 'Create Your Account' page of the JLI Website as it was accessed by plaintiff Jessica McGee on July 19, 2019." ECF Nos. 210-1, ¶ 7(a); 210-7. While I do not have perfect recollection of an online transaction from more than a year ago, I do not recall seeing any disclosure of JLI's Terms and Conditions above a "Sign Up" button and I do not believe I saw this disclosure, or any similar disclosure, during my visit to JLI's website. I do not recall whether the disclosure was hidden under my keyboard as I typed my email address and password using my iPhone X to create an account. Nor am I able to test whether my keyboard hid the disclosure because an archived version of JLI's "Create Your Account" page is not available for July 19, 2019 on www.archive.org (the "Wayback Machine"). Even if I had seen the disclosure, I don't believe I would have recognized that it contained hyperlinks. The phrase "Terms and Conditions" is in the same small print as the rest of the disclosure. The entire disclosure appears to be in light black text on a white background, and if I wasn't already looking right at the hyperlink, it wouldn't jump out at me. Nor is Terms and Conditions highlighted in a way that would suggest it is a hyperlink. Nor do I recall clicking a box next to this disclosure. However, I do recall clicking the age verification button.

Case No. 3:20-cv-02345-WHO 2
DECLARATION OF PLAINTIFF JESSICA MCGEE IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANT JUUL LABS, INC.'S MOTION TO COMPEL ARBITRATION

DocuSign Envelope ID: FE2947AB-735F-426B-BF7A-147AB6CC9624

5. I do not recall seeing any Terms and Conditions, or notice of Terms and Conditions, on or inside the product packaging, on sales receipts, on the shipping label, or on any other materials associated with my purchase using JLI's website.

6. After making my purchase on JLI's website, I purchased JUULpods at convenience stores. I do not recall seeing any Terms and Conditions, or notice of Terms and Conditions, on or inside the product packaging, on sales receipts, on the shipping label, or on any other materials associated with these purchases.

7. I did not agree to arbitration or to waive my right to proceed with a class action. I did not read or understand the Terms and Conditions.

8. I have never read JAMS's Optional Expedited Arbitration Procedure.

9. I was never provided an executed copy of JLI's Terms and Conditions, nor was I provided a copy of JAMS's Optional Expedited Arbitration Procedure.

10. I did not expect that, by registering on a website to make a purchase, I would waive my right to jury trial and to proceed on a class basis for claims related to the products themselves—especially since the only disclaimer relates to "registering" on JLI's website.

11. I did not know what Terms and Conditions meant when I created an account and made a purchase using JLI's website. I did not and do not understand that phrase to refer to agreements to arbitrate or to waive rights to litigate claims as a class action. I believed that the Terms and Conditions on JLI's website would have concerned the dangers of smoking, and include information such as the Surgeon General's warning explaining that nicotine products are dangerous.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: 3/5/2021, By: _____
in Hugo, Minnesota          Jessica McGee