UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS, INC., ANTITRUST LITIGATION | Case No. 20-cv-02345-WHO<br><br>**TENTATIVE RULINGS ON MOTION TO COMPEL AND MOTIONS TO DISMISS** |

The procedure for the April 21, 2021 hearing is as follows:

Each side on the motion to compel arbitration (JLI and Direct Purchaser Plaintiffs (DPPs)) may be heard for 10 minutes each, for a total of 20 minutes on the motion to compel arbitration.

Each side on the motions to dismiss (the three sets of defendants and the three sets of plaintiffs) may be heard for 20 minutes each, for a total of 40 minutes on the motions to dismiss. The parties may split up their time in whatever equitable way they wish.

The Tentative Rulings for the April 21, 2021 hearing are as follows:

GRANT JLI's motion to compel arbitration for the three named DPP plaintiffs. Grant plaintiffs leave to amend to substitute new class representatives who opened accounts with JLI before August 9, 2018. The use of the clickbox affirming assent to the Terms and Conditions materially distinguishes the facts here from those considered in *Colgate v. JUUL Labs, Inc*., 402 F. Supp. 3d 728, 764-65 (N.D. Cal. 2019).

DENY Altria's motion to dismiss, except plaintiffs shall be provided leave to amend to specifically allege that their potential remedies at law are inadequate in support of their request for equitable relief. Plaintiffs plausibly allege facts showing antitrust injury. Plaintiffs plausibly allege facts in support of an illegal agreement to restrain trade and conspiracy to do the same under both the *per se* and rule of reason tests. Plaintiffs plausibly allege facts supporting both

1  their request for restitution and injunctive relief.  Service has been belatedly but adequately made
2  by the IPP plaintiffs.  There is specific jurisdiction over Altria for the state law claims, as well as
3  permissible pendent jurisdiction given the federal claims.

4  DENY JLI's motion to dismiss, except that the Section 7 claim is limited to injunctive
5  relief.

6  GRANT in part individual defendants' motion to dismiss.  The plaintiffs plausibly allege
7  facts in support of a *per se* illegal agreement to restrain trade, as well as the direct roles of
8  defendants Pritzker and Valani in that agreement.  The Section 7 claim is DISMISSED for failure
9  to allege plausible facts showing the individual defendants could provide the injunctive relief
10 requested.

11 GRANT the request for judicial notice of the existence and topics covered by Altria's
12 Exhibits 1-3 and 6-7, but DENY judicial notice of Exhibits 4-5, 9, 13.  GRANT judicial notice
13 under the doctrine of incorporation of Exhibits 8, 10, 11, 14, but not for the disputed facts or
14 disputed interpretation of terms.  DENY the request for incorporation by reference of Exhibits 12
15 and 15, except for the narrow incorporation of the market share graph and market share
16 information that was expressly included in the IPP complaints and referred to in the DPP
17 complaint, as the parties do not argue that other provisions in those Reports contradict plaintiffs'
18 characterization of the market share graph or market share information relied on in the complaints.

20 Dated: April 21, 2021



William H. Orrick
United States District Judge