*[Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: JUUL LABS, INC. ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 3:20-cv-02345-WHO<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge:    Hon. William H. Orrick<br>Date:     August 13, 2024<br>Time:     2:00 PM<br>Location: Zoom |

Pursuant to the February 23, 2024 Notice Setting Zoom Hearing (ECF No. 383), the Direct Purchaser, Indirect Purchaser, and Indirect Reseller Antitrust Plaintiffs ("Plaintiffs"); Defendants Altria Group, Inc. and Altria Enterprises LLC ("Altria"); and Juul Labs, Inc., Nicholas Pritzker, and Riaz Valani ("JLI") (collectively "Defendants") (all collectively "Parties"), jointly submit this Statement for the August 13, 2024 Case Management Conference.

## I. Status of Mediation

On May 22, 2024, the Court entered an order approving the Parties' stipulation to extend certain dates in the Court's existing schedule and temporarily postpone deposition practice so that the Parties could pursue mediation until the earlier of August 16, 2024 or a determination that mediation had concluded. ECF Nos. 400, 401. Mediation efforts are still underway. To comply with the Court's current schedule, as set forth in ECF No. 401, the Parties are proceeding with discovery.

## II. Status of Discovery

Discovery is ongoing, and there are currently no discovery disputes that require the Court's intervention.

**Depositions.** Depositions had not commenced before discovery was partially paused for mediation. Plaintiffs had served a deposition notice for one witness and await confirmation from JLI as to whether it would accept service of a deposition notice on behalf of another witness. Plaintiffs intend to provide Defendants with an omnibus list of proposed deponents on or about August 16, 2024. Defendants intend to depose each named Plaintiff, each of whom also proposes to serve as a class representative.[1] The Parties will meet and confer following receipt of Plaintiffs' proposed list of additional depositions and are optimistic that a mutually agreeable schedule can be negotiated.

Given the nature of the case, the Parties agree that some enlargement of the 10-deposition limit in Fed. R. Civ. P. 30(a)(2)(A)(i) will be required, although they may ultimately disagree on the number

---

[1] There are currently 20 named Plaintiffs in this action: three Direct Purchaser Plaintiffs, eight Indirect Reseller Plaintiffs and nine Indirect Purchaser Plaintiffs. The Indirect Reseller and Indirect Purchaser Plaintiffs have indicated that they intend to voluntarily dismiss at least two of these named Plaintiffs.

of depositions that are appropriate or whether certain proposed witnesses should be deposed. The parties are in the process of negotiating a deposition protocol.

**Written Discovery.** The Parties are close to substantially completing document discovery. Plaintiffs also intend to serve limited interrogatories, requests for production, and requests for admissions on Defendants, as well as additional discovery on non-parties prior to the September 13, 2024 written fact discovery deadline. Plaintiffs continue to negotiate responses to third-party subpoenas and have agreed to extend response deadlines for certain third-party subpoenas. Defendants may serve additional limited discovery on the named Plaintiffs or third parties, and in addition have identified a number of apparent deficiencies in Plaintiffs' discovery responses about which they will confer with Plaintiffs' counsel.

**Additional Items.** Plaintiffs have raised certain issues related to evidence from third parties introduced in the FTC proceedings, which are governed by a protective order in that proceeding, and are conferring with Defendants about those issues. The Parties are also conferring about the scope of use of prior testimony and exhibits from the FTC proceeding at deposition and trial in this matter, as well as evidence received *in camera*.

All parties each reserve their respective rights.

| | |
|---|---|
| Dated: August 6, 2024 | Respectfully submitted, |
| | **JOSEPH SAVERI LAW FIRM, LLP** |
| | By:  /s/ Joseph R. Saveri  <br>       Joseph R. Saveri |
| | Joseph R. Saveri (State Bar No. 130064)<br>Itak Moradi (State Bar No. 310357)<br>601 California Street, Suite 1505<br>San Francisco, California 94108<br>Telephone: (415) 500-6800<br>Facsimile: (415) 395-9940<br>Email: jsaveri@saverilawfirm.com<br>       imoradi@saverilawfirm.com |
| | *Interim Lead Counsel for Direct Purchaser Plaintiffs* |
| | **ZWERLING, SCHACHTER & ZWERLING, LLP** |
| | By:  /s/ Robin F. Zwerling  <br>       Robin F. Zwerling |
| | Robin F. Zwerling (*pro hac vice*)<br>Susan Salvetti (*pro hac vice*)<br>41 Madison Avenue<br>New York, NY 10010<br>Telephone: (212) 223-3900<br>Email: rzwerling@zsz.com<br>       ssalvetti@zsz.com |
| | *Interim Lead Counsel for Indirect Purchaser Plaintiffs and Indirect Reseller Plaintiffs* |
| | **WILKINSON STEKLOFF LLP** |
| | By:  /s/ Beth A. Wilkinson  <br>       Beth A. Wilkinson |
| | Beth A. Wilkinson (*pro hac vice*)<br>James M. Rosenthal (*pro hac vice*)<br>Rakesh N. Kilaru (*pro hac vice*)<br>Alysha Bohanon (*pro hac vice*)<br>2001 M Street, N.W., 10th Floor<br>Washington, D.C. 20036<br>Telephone: (202) 847-4000<br>Facsimile: (202) 847-4005<br>Email: bwilkinson@wilkinsonstekloff.com<br>       jrosenthal@wilkinsonstekloff.com<br>       rkilaru@wilkinsonstekloff.com<br>       abohanon@wilkinsonstekloff.com |

Case No. 20-cv-02345-WHO         4
JOINT CASE MANAGEMENT STATEMENT

Moira Penza (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
West 42nd Street, 24th Floor
New York, New York 10036
Telephone: (212) 294-8910
Facsimile: (202) 847-4005
Email: mpenza@wilkinsonstekloff.com

Lauren S. Wulfe (SBN 287592)
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, Forty-Fourth Floor
Los Angeles, California 90017
Telephone: 213-243-4000
Facsimile: 213-243-4199
Email: Lauren.Wulfe@arnoldporter.com

*Attorneys for Defendants Altria Group, Inc. and Altria Enterprises LLC*

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

By:      */s/ Nowell D. Bamberger*
            Nowell D. Bamberger

David I. Gelfand (*pro hac vice*)
Jeremy J. Calsyn (State Bar No. 205062)
Nowell D. Bamberger (*pro hac vice*)
2112 Pennsylvania Avenue
NW Washington, DC 20037
Telephone: (202) 974-1500
Facsimile: (202) 974-1999
Email: dgelfand@cgsh.com
           jcalsyn@cgsh.com
           nbamberger@cgsh.com

*Attorneys for Defendant Juul Labs, Inc.*

**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**

By:      */s/ Michael J. Guzman*
            Michael J. Guzman

Mark C. Hansen (*pro hac vice*)
Michael J. Guzman (*pro hac vice*)
David L. Schwarz (State Bar No. 206257)
1615 M Street, N.W., Suite 400
Washington, DC 20036
Telephone: (202) 326-7900

Email: dschwarz@kellogghansen.com
mhansen@kellogghansen.com
mguzman@kellogghansen.com

*Attorneys for Defendants Nicholas Pritzker and Riaz Valani*

**L.R. 5-1 SIGNATURE ATTESTATION**

As the ECF user whose user ID and password are utilized in the filing of this document, I attest under penalty of perjury that concurrence in the filing of the document has been obtained from each of the other signatories.

Dated: August 6, 2024   By:   */s/ Joseph R. Saveri*
                                                                                Joseph R. Saveri

Case No. 20-cv-02345-WHO       7
JOINT CASE MANAGEMENT STATEMENT