Joseph R. Saveri (State Bar No. 130064)
Ronnie Spiegel (*pro hac vice*)
David H. Seidel (State Bar No. 307135)
Itak Moradi (State Bar No. 310537)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California St. Suite 1505
San Francisco, CA 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:        jsaveri@saverilawfirm.com
              rspiegel@saverilawfirm.com
              dseidel@saverilawfirm.com
              imoradi@saverilawfirm.com

*Interim Lead Counsel for Direct Purchaser Plaintiffs and the Proposed Class*

*Additional Counsel listed on signature page*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: JUUL LABS, INC. ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL DIRECT PURCHASER ACTIONS | Case No. 3:20-cv-02345-WHO<br><br>**DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:      Hon. William H. Orrick<br><br>Date:       August 6, 2025<br>Time:       2:00 PM<br>Location:   Zoom |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, on August 6, 2025, at 2:00 p.m., or as soon thereafter as this matter may be heard, Direct Purchaser Plaintiffs will, and hereby do, move the Court for an Order under Fed. R. Civ. P. 37(c)(1): Striking new materials disclosed by Defendants' expert Dr. Kevin Murphy on May 15, 2025, and precluding Defendants from relying on the newly disclosed materials or any related deposition testimony.

This motion is based on this Notice, the accompanying memorandum of points and authorities in support of the motion, and the concurrently filed Declaration of Joseph R. Saveri.

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

I. INTRODUCTION ...............................................................................................1

II. BACKGROUND .................................................................................................1

III. ARGUMENT .......................................................................................................2

    A. Dr. Murphy's new charts and opinions are not proper supplements under Rule 26(e) ..................................................................................................2

    B. Rule 37(c)(1) mandates exclusion. ........................................................3

IV. CONCLUSION ...................................................................................................6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Direct Purchaser Plaintiffs ("Plaintiffs" or "DPPs") hereby move to strike new materials disclosed after the court-ordered deadline for expert rebuttal by Defendants' expert Dr. Kevin Murphy. The new disclosures violate the Court-ordered schedule in this case. They are improper sur-rebuttal and not permissible under Fed. R. Civ. P. 26(e). They should thus be stricken under Fed. R. Civ. P. 37(c)(1). This Motion is supported by the Declaration of Joseph R. Saveri and the accompanying exhibits.

## II. BACKGROUND

Under the Court's expert discovery schedule, expert reports from both sides were due on January 21, 2025, and expert rebuttal reports from both sides were due simultaneously on March 21, 2025. *See* ECF No. 458 (Joint Stipulation and Order Extending Initial and Rebuttal Deadlines for Expert Report Disclosures). No sur-rebuttal or reply reports for either side are allowed. *See id.*; *see also* ECF No. 455 (Order Modifying Case Schedule).

On May 15, 2025—nearly two months after the March 21 deadline for expert rebuttal reports—Defendants produced seven new charts from Dr. Murphy and his team. Dr. Murphy is an economist. His timely Rule 26 reports address several economic issues and respond, in part, to the expert reports proffered by DPPS. The new material has not been included in any prior report. The first was introduced by surprise during the deposition of DPPs' expert Dr. Bryan Perry. *See* Declaration of Joseph R. Saveri ("Saveri Decl."), Ex. A (Perry Exhibit 10); *see also* Saveri Decl., Ex. B (Perry Deposition Transcript) at 307:9–10 ("MR. BARBER: No, it has not been produced prior to today."). This chart ("Perry Exhibit 10") presented a new regression analysis and opinions purporting to correct a portion of Dr. Perry's regression analysis. Later that same day, Defendants produced the chart that they had introduced by surprise at Dr. Perry's deposition, and also disclosed six new charts purportedly prepared by Dr. Murphy. *See* Saveri Decl., Ex. C (5/15/2025, Email from D. Cook to J. Saveri, et al.); *see also id.*, Ex. D (new charts and opinions produced by Dr. Murphy on May 15, 2025). Defendants' email generally stated that the new charts were "related to Plaintiffs' rebuttal reports" and had been prepared by Professor Murphy ahead of

his deposition (scheduled for May 19 and May 20). Saveri Decl., Ex. C. No further explanation was provided.

As the email confirms, these materials were entirely new and never disclosed in any expert report. Dr. Murphy confirmed as much during his deposition, testifying that the new charts were specifically created to respond to Plaintiffs' rebuttal opinions. *See* Saveri Decl., Ex. E (Murphy Deposition Transcript) at 680:18–682:13 (███████████████████████████████████████████████████████████████████████████████████████████████). These materials are not proper under Rule 26. They plainly were not produced on time. They are not Rule 26(e) supplements. To the contrary, Dr. Murphy's new charts "seek to strengthen or deepen" opinions expressed in his expert reports. They are "beyond the scope of proper supplementation and subject to exclusion under Rule 37(c)." *United States ex rel. Brown v. Celgene Corp.*, No. CV 10-3165 GHK (SS), 2016 WL 6562065, at *4 (C.D. Cal. Aug. 23, 2016) (cleaned up). Under Rule 37(c), the additional material should be stricken, and Defendants should be precluded from offering or relying on the new material and any related testimony should be excluded.

### III.   ARGUMENT

**A.   Dr. Murphy's new charts and opinions are not proper supplements under Rule 26(e)**

Rule 26(e) allows supplementation of expert disclosures only if a prior disclosure is "incomplete or incorrect" in some material respect. Fed. R. Civ. P. 26(e)(1)(A). But "an expert's duty to supplement under Rule 26(e), is not a right to supplement at will." *Rojas v. Marko Zaninovich, Inc.*, No. 1:09-CV-00705 AWI, 2011 WL 4375297, at *6 (E.D. Cal. Sept. 19, 2011). The right—and obligation—to supplement is circumscribed. Rule 26(e) does not permit parties to serve new opinions without leave of court simply because they disagree with a rebuttal report. *See, e.g., Cave Consulting Grp., Inc. v. OptumInsight, Inc.*, No. 15-CV-03424-JCS, 2018 WL 1938555, at *3 (N.D. Cal. Apr. 25, 2018) ("To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would [wreak] havoc in docket control and amount to unlimited expert opinion preparation."); *Kennis v. Metro. W. Asset Mgmt.*, LLC, 2018 WL 9440483, at *5 (C.D. Cal. Nov. 29, 2018) ("Rule 26(e) does not

provide a party free rein to continue developing expert testimony beyond the deadline set in the Scheduling Order.") (citation omitted).

Here, the Court long ago set a schedule for expert disclosure, reflecting the parties' negotiation and ultimate agreement. The Court's schedule includes no provision for a third round of reports. The schedule does not provide for sur-rebuttals, or other response to the rebuttal reports. *See* ECF Nos. 455, 458. Dr. Murphy's work is at odds with the schedule, coming months after the rebuttal deadline.

Further, they do not purport to be clarifications or corrections as those terms are used by the Rule. Defendants do not say they failed to include the material in the report. In fact, admitting to his report's vulnerabilities, Dr. Murphy tries to buttress and fix the errors demonstrated by Dr. Perry and other Plaintiffs' experts. They are not clarifications or corrections. They are new arguments offered as sur-rebuttal to bolster Dr. Murphy's prior disclosures. As other courts have held, Murphy's newly disclosed charts and opinions are "little more than a back-door effort around the Court's discovery deadlines." *City of Seattle v. Monsanto Co.*, No. C16-107-RAJ-MLP, 2023 WL 4623752, at *8 (W.D. Wash. July 19, 2023) (citation and quotation marks omitted). This is precisely the type of gamesmanship that Rule 26(e) is meant to prevent. *See, e.g.*, *Cervantes v. Zimmerman*, No. 17-CV-1230-BAS-NLS, 2019 WL 1598219, at *5 (S.D. Cal. Apr. 15, 2019) ("The purpose of [Rule 26(e)] is to prevent the practice of 'sandbagging' an opposing party with new evidence.") (citation and quotation marks omitted).

B.  **Rule 37(c)(1) mandates exclusion.**

Rule 37(c)(1) bars the use of untimely expert disclosures, unless the failure was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1); *see also Hoffman v. Constr. Protective Serv.*, Inc., 541 F.3d 1175, 1179 (9th Cir. 2008). The rule is "self-executing" and "automatic." *Yeti by Molly Ltd v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citation omitted). Once noncompliance is shown, the burden shifts to the violating party to show substantial justification or harmlessness. *See, e.g.*, *Apple, Inc. v. Samsung Elecs. Co.*, No. 11–CV–01846–LHK, 2012 WL 3155574, at *4 (N.D. Cal. Aug. 2, 2012) (citations omitted). The factors a court may consider include: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence."

*United States ex rel. Brown v. Celgene Corp.*, at \*5 (citations and internal marks omitted). All four factors support exclusion here.

      ***First, prejudice and surprise are evident.*** Perry Exhibit 10 was shown to Dr. Perry at his deposition. Defendants sprung it oh him, mid-deposition, with no advance notice. The other charts were disclosed just four days before Dr. Murphy's deposition. Plaintiffs' experts did not have a reasonable opportunity to evaluate them or respond to them in kind. *See Chavez v. San Francisco Bay Area Rapid Transit Dist.*, No. C 22-06119 WHA, 2024 WL 3090493, at \*3 (N.D. Cal. June 21, 2024). Plaintiffs' counsel received no explanation of them when they were first turned over or since then, and did not have sufficient time to analyze the new opinions before Dr. Murphy's deposition. Plaintiffs' counsel were therefore not afforded a reasonable opportunity to test Dr. Murphy's new opinions at his deposition. *See id.*

      ***Second, the prejudice is not curable.*** Plaintiffs objected and moved to strike on the record during Dr. Perry's deposition on May 15 and again during Dr. Murphy's deposition on May 20. *See* Saveri Decl., Ex. B (Perry Deposition Transcript) at 307:23–308:1, 310:10–18; *see also id.*, Ex. E (Murphy Deposition Transcript) at 723:9–22, 726:5–6. Counsel for DPPs also objected in writing on May 16, 2025. *See* Saveri Decl., Ex. F (5/16/2025, Email from J. Saveri to D. Cook, et al.). Despite those timely objections, Defendants have not withdrawn the newly disclosed materials and continue to rely on them. The only cure would be to re-open expert discovery—both to reopen Dr. Murphy's deposition, and to allow Plaintiffs expert to prepare additional sur-rebuttal opinions—at great cost and delay. *See, e.g.*, *Raley v. Hyundai Motor Co.*, No. CIV-08-0376-HE, 2010 WL 545860, at \*4 (W.D. Okla. Feb. 9, 2010) (striking late expert disclosures where cure would require "costly and time-consuming" additional discovery). The timing of the new work is suspect. It is not clear when Dr. Murphy identified the vulnerabilities in his work or suggested the new work to address them. It is not clear when Defendants' counsel came up with this plan. It is beyond peradventure that Defendants and their experts had this in mind long before it was disclosed to Plaintiffs. There is no explanation for the delay. In addition to the hourly costs associated with

additional expert work, responding to these reports and taking additional depositions would involve many hours of attorney time.[1]

*Third, allowing Dr. Murphy's materials would disrupt the case schedule.* Curing Defendants' violation would require re-opening expert discovery, re-deposing Dr. Murphy, and permitting Plaintiffs' experts to produce their own sur-rebuttal opinions and responses. *See, e.g.*, Wong v. Regents of Univ. of Cal., 410 F.3d 1052, 1062 (9th Cir.2005) ("[d]isruption to the schedule of the court and other parties in that manner is not harmless"); *Hoffman v. Const. Protective Servs.*, at 1180 (failure to comply with Rule 26 was not harmless where the court would be required "to create a new briefing schedule").The timing of the disclosure is suspect. It is unclear when Defendants first discussed or decided to produce the new material. It is hard to view the tardy disclosure without acknowledging the effect such conduct has on Plaintiffs' preparation for depositions, class certification and other key filings. Certainly, reopening discovery would derail the Court's schedule, including its near-term deadlines for class certification motions on June 20, 2025, and *Daubert* motions on July 28, 2025. This disruption is itself harmful.

*Fourth, Defendants acted willfully.* At the least, Defendants' May 15 email confirms the charts were created in response to Plaintiffs' rebuttals. As noted, that email was the first time Plaintiffs became aware of them. Defendants never sought leave of the Court to disclose sur-rebuttals and introduce new expert opinions and charts after the close of expert discovery. Courts routinely exclude late-disclosed expert materials under similar circumstances. The Court's discretion to address this conduct by precluding or excluding late disclosed expert opinion is well established. *See, e.g.*, *Tamares Las Vegas Props., LLC v. Travelers Indem. Co.*, No. 2:16-CV-02933J-ADN-JK, 2018 WL 11326553, at *4 (D. Nev. Nov. 1, 2018) (striking untimely supplemental expert report disclosed after rebuttal deadline and in disregard of court's scheduling orders); *Cornelius on behalf of Est. of Boren v. Brown*, No. 6:06-CV-2271-VEH, 2009 WL 10688413, at *3 (N.D. Ala. July 30, 2009) (striking amended report and related new materials that were not produced until day of deposition). The Ninth Circuit agrees: "even absent a showing in the

---

[1] Plaintiffs have already incurred substantial cost and would reasonably expect to incur more were the material not excluded. These amounts can be provided to the Court at the appropriate juncture. *See* Declaration of Joseph Saveri.

record of bad faith or willfulness, exclusion is an appropriate remedy for a failure to comply with the rules regarding experts and their reports," as is the case here. *Rojas*, 2011 WL 4375297, at *7 (quoting *Yeti by Molly*, 259 F.3d at 1106) (internal quotation marks omitted).

## IV.     CONCLUSION

For these reasons, Plaintiffs respectfully request that, pursuant to Rule 37(c)(1), the Court strike the expert materials disclosed by Defendants on May 15, 2025, and preclude Defendants from relying on them or any related deposition testimony in this matter.

| | |
|---|---|
| Dated:  June 17, 2025 | Respectfully Submitted, |
| | JOSEPH SAVERI LAW FIRM, LLP. |
| | By:     /s/ Joseph R. Saveri<br>         Joseph R. Saveri |

Joseph R. Saveri (SBN 130064)
Ronnie Spiegel (*pro hac vice*)
David H. Seidel (State Bar No. 307135)
Itak Moradi (State Bar No. 310537)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone:  (415) 500-6800
Facsimile:   (415) 395-9940
jsaveri@saverilawfirm.com
rspiegel@saverilawfirm.com
dseidel@saverilawfirm.com
imoradi@saverilawfirm.com

*Interim Lead Counsel for Direct Purchaser Plaintiffs and the Proposed Class*