# Exhibit 1

Robin F. Zwerling (*pro hac vice*)
Susan Salvetti (*pro hac vice*)
Justin M. Tarshis (*pro hac vice*)
**ZWERLING, SCHACHTER & ZWERLING, LLP**
41 Madison Avenue
New York, NY 10010
Telephone: (212) 223-3900
Facsimile: (212) 371-5969
Email: rzwerling@zsz.com
        ssalvetti@zsz.com
        jtarshis@zsz.com

*Interim Lead Counsel for the Indirect Purchaser Plaintiffs*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JUUL LABS, INC. ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>**All Indirect Purchaser Actions** | Master File No. 3:20-cv-02345-WHO<br><br>**PLAINTIFF KURT DOUGHTY'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS ALTRIA GROUP, INC. AND ALTRIA ENTERPRISES LLC, FIRST SET OF INTERROGATORIES** |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Indirect Purchaser Plaintiff Kurt Doughty ("Plaintiff"), by and through his attorneys of record, hereby responds and objects to Defendants Altria Group, Inc. and Altria Enterprises LLC, (together, "Altria" or "Defendants") First Set of Interrogatories dated March 14, 2024 ("Interrogatories") as follows:

## SCOPE LIMITATIONS ON PLAINTIFF'S RESPONSES

**1.** **Scope:** Plaintiff provides these responses and objections to the following Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules, the Court's orders, and any other applicable order, agreement, or rule. Plaintiff responds and objects to the Interrogatories as he interprets and understands them, based upon Plaintiff's current knowledge and belief after reasonable inquiry and investigation. Plaintiff reserves his right to supplement, amend, clarify, correct, or modify these responses and objections as necessary, and to employ at trial or at any pre-trial proceeding, additional information and information subsequently obtained or discovered, including information the materiality of which is not presently ascertained, or information the Plaintiff does not regard as coming within the scope of each Interrogatory as Plaintiff understands them. Plaintiff objects to each Interrogatory to the extent that it seeks personal information unrelated to this litigation.

**2.** **Limits:** These responses are made solely for the purpose of this action. Each Interrogatory is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privacy, privilege, and any and all other objections that would require exclusion of any statement contained herein if such Interrogatory were asked of a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial. Except for explicit facts admitted here, no incidental or implied admissions are intended. Plaintiff's responses or objections to any Interrogatory or part of an Interrogatory are not an admission of any facts set forth or assumed by that Interrogatory. In addition, each of Plaintiff's responses to an Interrogatory or part of an Interrogatory is not a waiver of part or all of any objection he might make to that Interrogatory, or an admission that such answer

PLAINTIFF DOUGHTY'S SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

or objection constitutes admissible evidence. All responses provided are based on Plaintiff's present information and belief.

**3.** **Privilege and Attorney Work-Product**. Plaintiff will not disclose information protected from disclosure by the attorney-client privilege or the attorney-work product doctrine, or any other applicable privilege or protection provided by law. If Plaintiff does not assert a specific privilege or attorney work-product objection to any specific Interrogatory, it is because he does not understand that Interrogatory to seek privileged information or attorney work product. Any information disclosed in response to an Interrogatory or documents produced in lieu of a response to an Interrogatory by Plaintiff will be disclosed or produced without waiving—and, indeed, reserving and intending to reserve—each of these privileges, protections or immunities, and any accidental or unintentional disclosure of privileged or protected material is not intended to be a waiver of any applicable privilege or protection.

**4.** **Possession, Custody or Control**. Plaintiff objects to the Interrogatories, Definitions, and Instructions to the extent that they seek or purport to call for information not in Plaintiff's possession, custody or control.

**5.** **Responses Based on Information Currently Known to Plaintiff and Without Waiver**. These responses are being made after reasonable inquiry into the relevant facts and are based only upon the information that is currently known to Plaintiff. Further investigation and discovery may result in the identification of additional information, and Plaintiff reserves the right to modify his responses and objections to, and to supplement his responses to, any Interrogatories. In providing these Interrogatory responses and objections, Plaintiff does not waive, and expressly preserves, all claims and defenses. In addition, Plaintiff provides these responses and objections without waiving or intending to waive (a) any objections as to the relevance, materiality, privileged status, or admissibility as evidence, for any purpose, of any information provided in response to the Interrogatory; (b) the right to object on any ground at any time to a demand for further responses to the Interrogatories;

and (c) the right to revise, amend, supplement, or clarify any of the responses and objections set forth herein.

## RESPONSES AND OBJECTIONS TO DEFINITIONS

Plaintiff incorporates each of the following objections to definitions into each response to the individually numbered Interrogatories where the objected to term is used, as if they were stated in each of those responses.

1. Plaintiff objects to Defendants' definition of "advertisement" or "advertising" as overbroad, ambiguous, unduly burdensome and disproportionate to the needs of the case as alleged by Plaintiff, as these terms are defined to include "artistic, physical, television, film, radio, audio, video, web-based, or other medium identifying or describing the features, benefits, desirability, or availability of a product, or otherwise implicitly or explicitly promoting the purchase, use, or discussion of the product" and are beyond advertising, if any, provided to Plaintiff. Plaintiff further objects that this definition is well beyond the scope of the allegations of Indirect Purchaser Plaintiffs' Amended Consolidated Class Action Complaint (the "Complaint") (ECF No. 271).

2. Plaintiff objects to Defendants' definition of "alleged class period" to the extent it can be interpreted as seeking discovery beyond the date of March 31, 2024 that was imposed by Defendants with regard to their own discovery responses. Plaintiff further objects to this definition on the grounds that most of Defendants' Interrogatories do not specify a time period, and, therefore, are vague and overbroad.

3. Plaintiff objects to Defendants' definition of "concern" or "concerning" in so far as it includes terms such as reflecting, containing, pertaining, supporting, indicating, showing, evidencing, discussing, mentioning, bearing upon, comprising as overbroad, ambiguous, unduly burdensome to discern how to interpret this expanded definition and it is confusing and vague to the extent it ascribes meanings to these terms that are inconsistent with ordinary usage. Plaintiff is amenable to conferring to understand Defendants' additional terms and why the terms "concern" or "concerning" are insufficient.

PLAINTIFF DOUGHTY'S SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

4.     Plaintiff objects to Defendants' definition of "devices" as overbroad, ambiguous, unduly burdensome and disproportionate to the needs of the case as alleged, which is limited to closed-system e-cigarettes as defined and described in the Complaint.

5.     Plaintiff objects to Defendants' definition of "ENDS product" or "ENDS products" as overbroad, ambiguous, unduly burdensome, and disproportionate to the needs of the case as alleged, which is limited to closed-system e-cigarettes (electronic nicotine delivery systems) as defined and described in the Complaint and explicitly excludes open-end devices that use tanks.

6.     Plaintiff objects to Defendants' definition of "identify" or "identifying" as overbroad, and unduly burdensome as it seeks date of birth and telephone numbers and is otherwise disproportionate to the needs of this case.

7.     Plaintiff objects to Defendants' definition of "marketing" and "marketing practice" as overbroad, ambiguous, unduly burdensome, and disproportionate to the needs of the case as alleged in the Complaint, making it unintelligible. For example, promoting "procurement, use, or discussion of a product or service, whether to consumers or commercial entities" and that "such acts, practices, or strategies include but are not limited to product design, packaging design . . . branding . . . product distribution, soliciting or otherwise generating media exposure" including "hosting or sponsoring events" and "any other act, practice, strategy, or decision designed or intended to increase the effectiveness of any of the foregoing acts or practices." Plaintiff is amenable to conferring to better understand how and why Defendants believe this definition of "marketing" is applicable to Plaintiff's purchase of closed system e-cigarettes.

8.     Plaintiff objects to Defendants' definition of "pods" as overbroad, ambiguous, unduly burdensome, and disproportionate to the needs of the case as alleged by Plaintiff, which is limited to closed-system e-cigarettes (electronic nicotine delivery systems) as defined and described the Complaint and explicitly excludes open-end devices that use tanks.

Case No. 3:20-cv-02345-WHO
PLAINTIFF DOUGHTY'S SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

9. Plaintiff objects to Defendants' definition of "potential class member" as overbroad and unduly burdensome to the extent it seeks documents or information about any person or entity other than those identified in the Complaint. Plaintiff will not produce information or documents about any person or entity other than himself.

10. Plaintiff objects to Defendants' definition of "relate to" or "relating to" in so far as they include terms such as "evidence, regard, concern, discuss, reflect, summarize, constitute, study, assess, analyze, explain, show, embody, discuss, describe, or comment upon— directly or indirectly—the subject matter identified" as overbroad, ambiguous, and unduly burdensome to discern how to interpret Defendants' definition and it is confusing and vague to the extent it ascribes meanings to these terms that are inconsistent with ordinary usage. Plaintiff is amenable to conferring with Defendants to better understand these terms.

11. Plaintiff objects to Defendants' definition of "tobacco products" as overbroad and ambiguous, unduly burdensome, and disproportionate to the needs of the case as alleged, which is limited to closed-system e-cigarettes (electronic nicotine delivery systems) as defined and described the Complaint.

12. Plaintiff objects to Defendants' definition of "you" and "your" to include "all Indirect Purchaser Plaintiffs and all of their agents, including attorneys, experts, and other representatives acting or purporting to act on behalf of an Indirect Purchaser Plaintiff" as overbroad and unduly burdensome. Plaintiff will respond to these Interrogatories on behalf of himself, and not on behalf of all "Indirect Purchaser Plaintiffs and all of their agents, including attorneys, experts, and other representatives acting or purporting to act on behalf of an Indirect Purchaser Plaintiff." Plaintiff further objects to Defendants' definition to the extent it seeks documents protected by the attorney work product and attorney-client privilege, and/or the premature disclosure of the identity, information about, or documents from, Indirect Reseller Plaintiffs' experts and/or consultants.

**RESPONSES AND OBJECTIONS TO INSTRUCTIONS**

1. Plaintiff objects to Instruction Number 1 as overbroad and unduly burdensome

PLAINTIFF DOUGHTY'S SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

to the extent it seeks to impose on Plaintiff an obligation to supplement its Interrogatory responses in a specific manner or otherwise beyond what is required by Federal Rules of Civil Procedure Rules 33(b) and 26(e) or the Local Rules. If necessary, Plaintiff will supplement his responses in a timely manner within the meaning of the Federal Rules of Civil Procedure.

2.      Plaintiff objects to Instruction No. 2 as overbroad, vague and ambiguous, and disproportionate to the needs of the case to the extent it impermissibly seeks "all knowledge and information possessed by any person, including but not limited to any employee, agent, attorney, expert witness, consultant, representative, or other advisor subject to the instruction, direction, or control of you."  Plaintiff further objects to this instruction to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine or any other applicable privilege, or information prepared for, or generated in anticipation of, litigation. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules, and to the extent it seeks the premature disclosure of expert information and/or documents. Plaintiff will only provide non-privileged information and/or documents in his possession, custody, or control.

3.      Plaintiff objects to Instruction No. 5 as overbroad, unduly burdensome and harassing, as it seeks to impose on Plaintiff an obligation to provide at least eight granular details about every single document produced ("type of document, its title, author, recipients, date, Bates-stamp numbers, location of the document, and the custodian of the document") in lieu of preparing a compilation even though the standard of what is required of a responding party when the burden of deriving or ascertaining the answer is substantially the same for either party is clearly set forth in Federal Rules of Civil Procedure Rule 33(d). If Plaintiff chooses to object to an Interrogatory in whole or in part on Rule 33(d) grounds, he will identify by Bates-stamp numbers the documents when those documents are produced to Defendants, which complies with the requirement described in Rule 33(d)(1).

PLAINTIFF DOUGHTY'S SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

4.      Plaintiff objects to Instruction No. 6 as unduly burdensome and harassing and beyond the scope and requirements of the Federal Rules of Civil Procedure Rule and the Local Rules, as it seeks to impose that Plaintiff provide "a detailed statement" of "why only a partial answer was given: and "to identify any documents or sources from which more complete information is obtainable." Plaintiff further objects to this instruction to the extent it seeks information protected by the attorney-client privilege, work-product doctrine or any other applicable privilege, or information prepared for, or generated in anticipation of, litigation and the premature disclosure of expert information and/or documents. Plaintiff will only provide non-privileged information and/or documents in his possession, custody, or control..

5.      Plaintiff objects to Instruction No. 7 as overbroad, unduly burdensome and harassing and disproportionate to the needs of the case, as it seeks to impose on Plaintiff even more criteria to disclose about "identifying" a person beyond Defendants' definition of "identify" or "identifying" above, such as the "full legal name of a person, the present or last known employer of a person, at the present or last known home and business address of a person" and is otherwise disproportionate to the needs of this case. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules.

6.      Plaintiff objects to Instruction No. 9 as overbroad, unduly burdensome and harassing, as it seeks to impose on Plaintiff an obligation to disclose information that is protected by the attorney-client privilege, work-product doctrine or any other applicable privilege, or information prepared for, or generated in anticipation of, litigation. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules, and to the extent it seeks the premature disclosure of expert information and/or documents.

7.      Plaintiff objects to Instruction No. 10 as unduly burdensome and harassing, as it seeks to impose on Plaintiff an obligation to speculate about the underlying meaning of ambiguous language chosen by the Defendants. Plaintiff further objects to this instruction to

PLAINTIFF DOUGHTY'S SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules.

8.    Plaintiff objects to Instruction No. 11 as unintelligible, unduly burdensome and harassing, in so far as it seeks to impose on Plaintiff an obligation to prepare a privilege log for oral communications. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules. Plaintiff is amenable to conferring with Defendants to better understand this instruction.

9.    Plaintiff objects to Instruction No. 16 as unintelligible, unduly burdensome and harassing, as it seeks to impose on Plaintiff an obligation to respond in what is styled as "the present tense shall also include the past, future, and imperfect tenses" without providing a relevant time period for Defendants' Interrogatories. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules. Unless otherwise stated, Plaintiff will provide information consistent with the discovery period imposed by Defendants with regard to their own responses, i.e., January 1, 2017 through March 31, 2024.

**SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES**

**Interrogatory No. 1:**

Identify every address where you have lived during the alleged class period, and specify the month(s) and year(s) that you were at that address.

**Response:**

Subject to the objections set forth herein, Plaintiff responds as follows:    From approximately 2021 to the present, Plaintiff has resided at ███████████████████ Massachusetts, █████, and pror to that, beginning in approximately 2017, at ███████████ ███████████ Rhode Island.

**Interrogatory No. 2:**

Describe how you became a class representative in this case.

**Response:**

Plaintiff objects to this interrogatory as vague and premature as Plaintiff has not yet been appointed or approved by the Court to be a class representative in this case.

**Interrogatory No. 3:**

Describe your past use of tobacco products other than ENDS products, including the particular types and brands of products purchased, the time period in which each type and brand of product was purchased, and the frequency of these purchases.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as overbroad and unduly burdensome in that it requires Plaintiff to describe his past use of all tobacco products (other than ENDs products), including the types, brands, time period, and frequency of purchases. Plaintiff objects to Defendants' definitions and instructions as to the term ENDS products as set forth above. Plaintiff further objects to this Interrogatory as seeking information outside the relevant time period. Plaintiff will not provide a response to this Interrogatory.

**Interrogatory No. 4:**

Identify the factors you took into account when deciding which ENDS products (including JUUL products) to purchase. List the factors in order of their importance to you in making your decision. If the factors you considered changed during the alleged class period, such that certain factors were more important at some times than others, explain how.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period. Plaintiff objects to Defendants' definitions and instructions as to the terms ENDS products and identity/identify as set forth above. Plaintiff further objects to this Interrogatory to the extent it includes subparts and is, therefore, beyond the limits for the total number of

interrogatories set by the Federal Rules.

Subject to the objections set forth herein, Plaintiff responds as follows:  Plaintiff considered the following factor when deciding which Closed System E-Cigarette products to purchase: price.

**Interrogatory No. 5:**

Identify the factors that eliminated the ENDS products (including JUUL products) that you considered purchasing, but ultimately did not purchase, from your consideration. List the factors in order of their importance to you in making your decision. If the factors you considered changed during the alleged class period, such that certain factors were more important at some times than others, explain how.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period.  Plaintiff objects to this Interrogatory to the extent it includes subparts and is therefore beyond the limits for the total number of interrogatories set by the Federal Rules.  Plaintiff objects to Defendants' definitions and instructions as to the terms ENDS products and identity/identify as set forth above.  Plaintiff further objects to this Interrogatory as duplicative of Interrogatory No. 4.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff refers to his response to Interrogatory No. 4.

**Interrogatory No. 6:**

Identify any loyalty programs, coupons, rebates, and any other discounts, bundling, or other engagement strategies, that you used to purchase ENDS products (including JUUL products) at discounted prices.

**Response:**

Plaintiff objects to this Interrogatory as seeking irrelevant information as this case only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking

information outside the relevant time period.  Plaintiff objects to this Interrogatory as vague and ambiguous with respect to the terms "bundling, or other engagement strategies." Plaintiff further objects to Defendants' definitions and instructions as to the terms ENDS products and identify as set forth above.

Subject to the objections set forth herein, Plaintiff responds as follows:  Plaintiff has no recollection of participating in any loyalty programs, rebates, bundle discounts, or using coupons.

**Interrogatory No. 7:**

Identify the particular ENDS products (including JUUL products) that you have purchased, including the particular types of ENDS products purchased, including flavor, the time period in which each type of product was purchased, the frequency of the purchases, the location(s) of the purchases, and the price paid for each purchase. To the extent your purchasing habits (e.g., frequency; brand; flavor; etc.) changed over time, explain how in your response. To the extent the price you paid for these items changed over time, explain how in your response.

**Response (Supplemented):**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period.  Plaintiff objects to this Interrogatory as overbroad and unduly burdensome in that it seeks detailed information concerning every ENDS product Plaintiff has ever purchased, including the flavor, time period, frequency and price.  Plaintiff further objects to Defendants' definitions and instructions as to the terms ENDS products and identify as set forth above.

Subject to the objections set forth herein, Plaintiff responds as follows:  Plaintiff has purchased JUUL from various nearby retailers including a Speedway gas station.  He paid cash for his purchases Plaintiff noticed price movements (that he cannot now recall with granularity) but was unable, for an extended period after starting the product, to decline to

- 11 -                    Case No. 3:20-cv-02345-WHO

purchase because of the need to avoid withdrawal. When he began using JUUL, he was a daily user but he decreased his usage over time to three times a week until he quit completely in 2019.

**Interrogatory No. 8:**

Identify every instance on which you sold ENDS products (including JUUL products) to another, including the date of the sale, the number of products sold, the identity of those products, the purchaser, the purchaser's age, and the sales price.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period. Plaintiff objects to this Interrogatory as overbroad and unduly burdensome in that it seeks Plaintiff to identify "every instance." Plaintiff further objects to Defendants' definitions and instructions as to the terms ENDS products and identity/identify as set forth above.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff has not sold Closed System E-Cigarette Products to others.

**Interrogatory No. 9:**

Identify all instances in which you asked someone to purchase JUUL products on your behalf for repayment, or vice versa, including the date of the purchase(s), the date of the repayment(s), the number of JUUL products purchased, the identity of those products, the location of the purchase(s), the price paid for each purchase, and the method(s) by which you repaid them or were yourself repaid.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period. Plaintiff objects to this Interrogatory as overbroad and unduly burdensome in that it seeks Plaintiff to identify "all instances." Plaintiff further

objects to Defendants' definitions and instructions as to the term identity/identify as set forth above.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff made his own purchases of JUUL products.

**Interrogatory No. 10:**

Describe in detail any communications concerning ENDS products (including JUUL products), or the subject matter of this litigation more broadly, between you and any third parties, including without limitation, member of the press or media and any potential class member, including the date of the communications, and the identity of the person with whom you communicated.

**Response**

Plaintiff objects to this Interrogatory to the extent it purports to require Plaintiff to "describe any communications concerning ENDS products or the subject matter of this litigation more broadly" for an undefined time period and between Plaintiff "and any third parties" for an undefined time period as unduly burdensome, harassing, and disproportionate to the needs of the litigation, as the relevance of such information, including dates and identification of every person spoken to or communicated with, does not outweigh the burden. Plaintiff objects to the extent that the Interrogatory it seeks information protected by the attorney client privilege. Plaintiff further objects to Defendants' definitions and instructions as to the terms ENDS products and identity/identify as set forth above. Plaintiff will not produce a response to this Interrogatory.

**Interrogatory No. 11:**

Identify (a) all parties holding contingency interests in the outcome of this case, (b) all parties who have already paid you any amount for your injuries alleged in this action, (c) all parties who have paid your attorneys any amount for their work related to this action, (d) all parties who have received through assignment any claims or damages assert [sic] in the complaint, and (e) any consideration (monetary or otherwise) associated with such an

- 13 -                Case No. 3:20-cv-02345-WHO

assignment. Include, without limitation, insurers, third-party finance companies, lenders of any kind, banks, and individuals.

**Response:**

Plaintiff objects to this Interrogatory as overbroad and unduly burdensome, as it seeks information about "parties" other than Plaintiff and is therefore outside Plaintiff's knowledge or that is irrelevant to Plaintiff's own role as a proposed class representative. Plaintiff further objects to this Interrogatory to the extent it includes subparts and is therefore beyond the limits for the total number of interrogatories set by the Federal Rules.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff has no agreement or expectation of receiving compensation for his role as a proposed class representation beyond what an absent class member may receive pursuant to a Court Order in connection with any future settlement or recovery at trial. He has not received any compensation, nor has he assigned any portion of his claim, nor has he received an assignment in connection with this litigation.

**Interrogatory No. 12:**

State the amount of damages (if any) you seek, and describe with specificity how this amount was calculated.

**Response:**

Plaintiff objects to this Interrogatory to the extent that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiffs' experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff will not produce preliminary calculations, to the extent they exist, as such information is work product, covered by the attorney client privilege, and unnecessarily intrudes on the right of the Parties to develop their case in privacy, or to analyze their case for inadmissible purposes, such as settlement. Plaintiff will not provide a response to this Interrogatory

**Interrogatory No. 13:**

Identify any lawsuit that you have ever filed, or class action settlement in which you

PLAINTIFF DOUGHTY'S SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

have submitted a claim, including without limitation any lawsuits or settlements involving Defendants Juul Labs Inc. and Altria, and the amount of money recovered (if any).

**Response (Supplemented):**

Plaintiff objects to this Interrogatory as overly broad in scope and unduly burdensome in that it requires Plaintiffs to "[i]dentify any lawsuit that you have ever filed, or class action settlement in which you have submitted a claim…." without regard to time period or subject matter. Plaintiff objects to this Interrogatory to the extent that it seeks information that is not relevant to the claims, defenses, and subject matter of the current action nor proportional to the needs of the case. Plaintiff further objects to the term "filed" as vague and ambiguous.

Subject to the objections set forth herein, Plaintiff responds as follows: With respect to actions in which Juul Labs Inc. and Altria are named as defendants, this is the only lawsuit that Plaintiff has been associated with as a plaintiff or a defendant. To the best of Plaintiff's knowledge, this is also the only lawsuit he has initiated against any party (subject to Plaintiffs' previously disclosed general objection that Plaintiffs are not identifying lawsuits relating to family law or traffic). To the best of Plaintiff's knowledge, he has not submitted a claim in connection with any class action settlement involving Juul Labs, Inc. or Altria.

**Interrogatory No. 14:**

Describe all factual bases that support your contention that the conduct alleged in the complaint injured all or a vast majority of the alleged class members in a measurable way, explaining in detail the scope and nature of that injury and how the magnitude of that injury should be measured. (See IPP Compl. ¶ 179.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts

that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself,. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 15:**

Identify all factual bases that support your contention that "As a direct and proximate result of Defendants' anticompetitive conduct, Plaintiffs were overcharged and sustained injury to their business and property," through "the payment of supracompetitive prices for JUUL's Closed-System E-Cigarettes." (IPP Compl. ¶ 20.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself,. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a

PLAINTIFF DOUGHTY'S SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

response to this interrogatory.

**Interrogatory No. 16:**

Identify each allegedly unlawful agreement that you contend Defendants Juul Labs Inc. and Altria entered that forms the basis of your complaint, including the date of each agreement, who made each agreement on behalf of Defendant Altria, who made each agreement on behalf of Defendant Juul Labs Inc., and the precise scope of each agreement.

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself,. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 17:**

Identify "all revenues, earnings, profits, compensation, and benefits that may have been obtained by [Defendant Altria] as a result of" the conduct alleged in the complaint. (See IPP Compl. ¶ 262.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions

that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself,. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 18:**

Identify all factual bases that support your contention that "Before the shutdown of Nu Mark, JUUL and Altria relied on price promotions to drive sales of their respective e-cigarette products. In addition, each monitored the other's pricing in setting its own strategy. Altria's decision to withdraw its Closed-System E-Cigarettes from the market brought this price competition to an end." (IPP Compl. ¶ 160.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the

details contained in the complaint itself,. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 19:**

Identify all factual bases that support your contention that "The Transaction was intended to, and did, increase JUUL's monopoly power." (IPP Compl. ¶ 157.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself,. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 20:**

Identify all factual bases that support your contention that "The relevant product market for the purposes of this action is Closed-System E-Cigarettes." (IPP Compl. ¶ 126.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly

PLAINTIFF DOUGHTY'S SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

Dated:  September 30, 2024

/s/ *Fred T. Isquith, Sr.*
Fred T. Isquith, Sr. (*pro hac vice*)
**ISQUITH LAW PLLC**
103 84th St.
New York, NY 10028
Telephone: (718) 775-6478
Email: isquithlaw@gmail.com

Betsy C. Manifold (SBA 182450)
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Email: manifold@whafh.com

Thomas H. Burt (*pro hac vice*)
Kate M. McGuire (*pro hac vice*)
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue

- 20 -                    Case No. 3:20-cv-02345-WHO

PLAINTIFF DOUGHTY'S SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

New York, NY 10016
Telephone: (212) 545-4600
Email: burt@whafh.com

Richard Vita
**VITA LAW OFFICES P.C.**
100 State St Ste 900
Boston, MA 02109
Telephone:  (617) 426-6566
Email: rjv@vitalaw.com

*Counsel for Plaintiff Doughty and the Indirect
Purchaser Plaintiffs*

Robin F. Zwerling (*pro hac vice*)
Susan Salvetti (*pro hac vice*)
Justin M. Tarshis (*pro hac vice*)
**ZWERLING, SCHACHTER & ZWERLING, LLP**
41 Madison Avenue
New York, NY 10010
Telephone: (212) 223-3900
Email: rzwerling@zsz.com
        ssalvetti@zsz.com
        jtarshis@zsz.com

*Interim Lead Counsel for the Indirect Purchaser
Plaintiffs*

Merle C. Meyers (SBN 66849)
Michele Thompson (SBN 241676)
**MEYERS LAW GROUP, P.C.**
44 Montgomery St. Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Email: mmeyers@meyerslawgroup.com
        mthompson@meyerslawgroup.com

*Counsel for Indirect Purchaser Plaintiffs*

Case No. 3:20-cv-02345-WHO

PLAINTIFF DOUGHTY'S SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

I, Kurt Doughty, have read Plaintiff Kurt Doughty's Supplemental Responses and Objections to Defendants Altria Group, Inc. and Altria Enterprises LLC, First Set of Interrogatories, and state that they are true and correct to the best of my knowledge, information and belief.

Dated: September _26_, 2024

_____
Kurt Doughty

PLAINTIFF DOUGHTY'S SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

# Exhibit 2

Robin F. Zwerling (*pro hac vice*)
Susan Salvetti (*pro hac vice*)
Justin M. Tarshis (*pro hac vice*)
**ZWERLING, SCHACHTER & ZWERLING, LLP**
41 Madison Avenue
New York, NY 10010
Telephone: (212) 223-3900
Facsimile: (212) 371-5969
Email: rzwerling@zsz.com
        ssalvetti@zsz.com
        jtarshis@zsz.com

*Interim Lead Counsel for the Indirect Purchaser Plaintiffs*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JUUL LABS, INC. ANTITRUST LITIGATION <br><br> This Document Relates To: <br><br> **All Indirect Purchaser Actions** | Master File No. 3:20-cv-02345-WHO <br><br> **PLAINTIFF ALLISON HARROD'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS ALTRIA GROUP, INC. AND ALTRIA ENTERPRISES LLC, FIRST SET OF INTERROGATORIES** |

Case No. 3:20-cv-02345-WHO

HARROD RESPONSES TO ALTRIA'S
FIRST SET OF SUPPLEMENTAL INTERROGATORIES TO IPPS

Pursuant to Federal Rules of Civil Procedure 26 and 33, Indirect Purchaser Plaintiff Allison Harrod ("Plaintiff"), by and through her attorneys of record, hereby responds and objects to Defendants Altria Group, Inc. and Altria Enterprises LLC, (together, "Altria" or "Defendants") First Set of Interrogatories dated March 14, 2024 ("Interrogatories") as follows:

### SCOPE LIMITATIONS ON PLAINTIFF'S RESPONSES

**1.** **Scope:** Plaintiff provides these responses and objections to the following Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules, the Court's orders, and any other applicable order, agreement, or rule. Plaintiff responds and objects to the Interrogatories as she interprets and understands them, based upon Plaintiff's current knowledge and belief after reasonable inquiry and investigation. Plaintiff reserves her right to supplement, amend, clarify, correct, or modify these responses and objections as necessary, and to employ at trial or at any pre-trial proceeding, additional information and information subsequently obtained or discovered, including information the materiality of which is not presently ascertained, or information the Plaintiff does not regard as coming within the scope of each Interrogatory as Plaintiff understands them. Plaintiff objects to each Interrogatory to the extent that it seeks personal information unrelated to this litigation.

**2.** **Limits:** These responses are made solely for the purpose of this action. Each Interrogatory is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privacy, privilege, and any and all other objections that would require exclusion of any statement contained herein if such Interrogatory were asked of a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial. Except for explicit facts admitted here, no incidental or implied admissions are intended. Plaintiff's responses or objections to any Interrogatory or part of an Interrogatory are not an admission of any facts set forth or assumed by that Interrogatory. In addition, each of Plaintiff's responses to an Interrogatory or part of an Interrogatory is not a waiver of part or all of any objection she might make to that Interrogatory, or an admission that such answer

or objection constitutes admissible evidence. All responses provided are based on Plaintiff's present information and belief.

**3.    Privilege and Attorney Work-Product**. Plaintiff will not disclose information protected from disclosure by the attorney-client privilege or the attorney-work product doctrine, or any other applicable privilege or protection provided by law. If Plaintiff does not assert a specific privilege or attorney work-product objection to any specific Interrogatory, it is because she does not understand that Interrogatory to seek privileged information or attorney work product. Any information disclosed in response to an Interrogatory or documents produced in lieu of a response to an Interrogatory by Plaintiff will be disclosed or produced without waiving—and, indeed, reserving and intending to reserve—each of these privileges, protections or immunities, and any accidental or unintentional disclosure of privileged or protected material is not intended to be a waiver of any applicable privilege or protection.

**4.    Possession, Custody or Control**. Plaintiff objects to the Interrogatories, Definitions, and Instructions to the extent that they seek or purport to call for information not in Plaintiff's possession, custody or control, but in the possession, custody or control.

**5.    Responses Based on Information Currently Known to Plaintiff and Without Waiver**. These responses are being made after reasonable inquiry into the relevant facts and are based only upon the information that is currently known to Plaintiff. Further investigation and discovery may result in the identification of additional information, and Plaintiff reserves the right to modify her responses and objections to, and to supplement her responses to, any Interrogatories. In providing these Interrogatory responses and objections, Plaintiff does not waive, and expressly preserves, all claims and defenses. In addition, Plaintiff provides these responses and objections without waiving or intending to waive (a) any objections as to the relevance, materiality, privileged status, or admissibility as evidence, for any purpose, of any information provided in response to the Interrogatory; (b) the right to object on any ground at any time to a demand for further responses to the Interrogatories;

and (c) the right to revise, amend, supplement, or clarify any of the responses and objections set forth herein.

## RESPONSES AND OBJECTIONS TO DEFINITIONS

Plaintiff incorporates each of the following objections to definitions into each response to the individually numbered Interrogatories where the objected to term is used, as if they were stated in each of those responses.

1.    Plaintiff objects to Defendants' definition of "advertisement" or "advertising" as overbroad, ambiguous, unduly burdensome and disproportionate to the needs of the case as alleged by Plaintiff, as these terms are defined to include "artistic, physical, television, film, radio, audio, video, web-based, or other medium identifying or describing the features, benefits, desirability, or availability of a product, or otherwise implicitly or explicitly promoting the purchase, use, or discussion of the product" and are beyond advertising, if any, provided to Plaintiff. Plaintiff further objects that this definition is well beyond the scope of the allegations of Indirect Purchaser Plaintiffs' Amended Consolidated Class Action Complaint (the "Complaint") (ECF No. 271).

2.    Plaintiff objects to Defendants' definition of "alleged class period" to the extent it can be interpreted as seeking discovery beyond the date of March 31, 2024 that was imposed by Defendants with regard to their own discovery responses. Plaintiff further objects to this definition on the grounds that most of Defendants' Interrogatories do not specify a time period, and, therefore, are vague and overbroad.

3.    Plaintiff objects to Defendants' definition of "concern" or "concerning" in so far as it includes terms such as reflecting, containing, pertaining, supporting, indicating, showing, evidencing, discussing, mentioning, bearing upon, comprising as overbroad, ambiguous, unduly burdensome to discern how to interpret this expanded definition and it is confusing and vague to the extent it ascribes meanings to these terms that are inconsistent with ordinary usage. Plaintiff is amenable to conferring to understand Defendants' additional terms and why the terms "concern" or "concerning" are insufficient.

4.    Plaintiff objects to Defendants' definition of "devices" as overbroad, ambiguous, unduly burdensome and disproportionate to the needs of the case as alleged, which is limited to closed-system e-cigarettes as defined and described in the Complaint.

5.    Plaintiff objects to Defendants' definition of "ENDS product" or "ENDS products" as overbroad, ambiguous, unduly burdensome, and disproportionate to the needs of the case as alleged, which is limited to closed-system e-cigarettes (electronic nicotine delivery systems) as defined and described in the Complaint and explicitly excludes open-end devices that use tanks.

6.    Plaintiff objects to Defendants' definition of "identify" or "identifying" as overbroad, and unduly burdensome as it seeks date of birth and telephone numbers and is otherwise disproportionate to the needs of this case.

7.    Plaintiff objects to Defendants' definition of "marketing" and "marketing practice" as overbroad, ambiguous, unduly burdensome, and disproportionate to the needs of the case as alleged in the Complaint, making it unintelligible. For example, promoting "procurement, use, or discussion of a product or service, whether to consumers or commercial entities" and that "such acts, practices, or strategies include but are not limited to product design, packaging design . . . branding . . . product distribution, soliciting or otherwise generating media exposure" including "hosting or sponsoring events" and "any other act, practice, strategy, or decision designed or intended to increase the effectiveness of any of the foregoing acts or practices." Plaintiff is amenable to conferring to better understand how and why Defendants believe this definition of "marketing" is applicable to Plaintiff's purchase of closed system e-cigarettes.

8.    Plaintiff objects to Defendants' definition of "pods" as overbroad, ambiguous, unduly burdensome, and disproportionate to the needs of the case as alleged by Plaintiff, which is limited to closed-system e-cigarettes (electronic nicotine delivery systems) as defined and described the Complaint and explicitly excludes open-end devices that use tanks.

HARROD SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

9. Plaintiff objects to Defendants' definition of "potential class member" as overbroad and unduly burdensome to the extent it seeks documents or information about any person or entity other than those identified in the Complaint. Plaintiff will not produce information or documents about any person or entity other than himself.

10. Plaintiff objects to Defendants' definition of "relate to" or "relating to" in so far as they include terms such as "evidence, regard, concern, discuss, reflect, summarize, constitute, study, assess, analyze, explain, show, embody, discuss, describe, or comment upon— directly or indirectly—the subject matter identified" as overbroad, ambiguous, and unduly burdensome to discern how to interpret Defendants' definition and it is confusing and vague to the extent it ascribes meanings to these terms that are inconsistent with ordinary usage. Plaintiff is amenable to conferring with Defendants to better understand these terms.

11. Plaintiff objects to Defendants' definition of "tobacco products" as overbroad and ambiguous, unduly burdensome, and disproportionate to the needs of the case as alleged, which is limited to closed-system e-cigarettes (electronic nicotine delivery systems) as defined and described the Complaint.

12. Plaintiff objects to Defendants' definition of "you" and "your" to include "all Indirect Purchaser Plaintiffs and all of their agents, including attorneys, experts, and other representatives acting or purporting to act on behalf of an Indirect Purchaser Plaintiff" as overbroad and unduly burdensome. Plaintiff will respond to these Interrogatories on behalf of himself, and not on behalf of all "Indirect Purchaser Plaintiffs and all of their agents, including attorneys, experts, and other representatives acting or purporting to act on behalf of an Indirect Purchaser Plaintiff." Plaintiff further objects to Defendants' definition to the extent it seeks documents protected by the attorney work product and attorney-client privilege, and/or the premature disclosure of the identity, information about, or documents from, Indirect Reseller Plaintiffs' experts and/or consultants.

**RESPONSES AND OBJECTIONS TO INSTRUCTIONS**

1. Plaintiff objects to Instruction Number 1 as overbroad and unduly burdensome

HARROD SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

to the extent it seeks to impose on Plaintiff an obligation to supplement its Interrogatory responses in a specific manner or otherwise beyond what is required by Federal Rules of Civil Procedure Rules 33(b) and 26(e) or the Local Rules. If necessary, Plaintiff will supplement her responses in a timely manner within the meaning of the Federal Rules of Civil Procedure.

2.    Plaintiff objects to Instruction No. 2 as overbroad, vague and ambiguous, and disproportionate to the needs of the case to the extent it impermissibly seeks "all knowledge and information possessed by any person, including but not limited to any employee, agent, attorney, expert witness, consultant, representative, or other advisor subject to the instruction, direction, or control of you."  Plaintiff further objects to this instruction to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine or any other applicable privilege, or information prepared for, or generated in anticipation of, litigation. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules, and to the extent it seeks the premature disclosure of expert information and/or documents. Plaintiff will only provide non-privileged information and/or documents in her possession, custody, or control.

3.    Plaintiff objects to Instruction No. 5 as overbroad, unduly burdensome and harassing, as it seeks to impose on Plaintiff an obligation to provide at least eight granular details about every single document produced ("type of document, its title, author, recipients, date, Bates-stamp numbers, location of the document, and the custodian of the document") in lieu of preparing a compilation  even though the standard of what is required of a responding party when the burden of deriving or ascertaining the answer is substantially the same for either party is clearly set forth in Federal Rules of Civil Procedure Rule 33(d). If Plaintiff chooses to object to an Interrogatory in whole or in part on Rule 33(d) grounds, she will identify by Bates-stamp numbers the documents when those documents are produced to Defendants, which complies with the requirement described in Rule 33(d)(1).

HARROD SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

4.      Plaintiff objects to Instruction No. 6 as unduly burdensome and harassing and beyond the scope and requirements of the Federal Rules of Civil Procedure Rule and the Local Rules, as it seeks to impose that Plaintiff provide "a detailed statement" of "why only a partial answer was given: and "to identify any documents or sources from which more complete information is obtainable." Plaintiff further objects to this instruction to the extent it seeks information protected by the attorney-client privilege, work-product doctrine or any other applicable privilege, or information prepared for, or generated in anticipation of, litigation and the premature disclosure of expert information and/or documents. Plaintiff will only provide non-privileged information and/or documents in her possession, custody, or control..

5.      Plaintiff objects to Instruction No. 7 as overbroad, unduly burdensome and harassing and disproportionate to the needs of the case, as it seeks to impose on Plaintiff even more criteria to disclose about "identifying" a person beyond Defendants' definition of "identify" or "identifying" above, such as the "full legal name of a person, the present or last known employer of a person, at the present or last known home and business address of a person" and is otherwise disproportionate to the needs of this case. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules.

6.      Plaintiff objects to Instruction No. 9 as overbroad, unduly burdensome and harassing, as it seeks to impose on Plaintiff an obligation to disclose information that is protected by the attorney-client privilege, work-product doctrine or any other applicable privilege, or information prepared for, or generated in anticipation of, litigation. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules, and to the extent it seeks the premature disclosure of expert information and/or documents.

7.      Plaintiff objects to Instruction No. 10 as unduly burdensome and harassing, as it seeks to impose on Plaintiff an obligation to speculate about the underlying meaning of ambiguous language chosen by the Defendants. Plaintiff further objects to this instruction to

the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules.

8.     Plaintiff objects to Instruction No. 11 as unintelligible, unduly burdensome and harassing, in so far as it seeks to impose on Plaintiff an obligation to prepare a privilege log for oral communications. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules. Plaintiff is amenable to conferring with Defendants to better understand this instruction.

9.     Plaintiff objects to Instruction No. 16 as unintelligible, unduly burdensome and harassing, as it seeks to impose on Plaintiff an obligation to respond in what is styled as "the present tense shall also include the past, future, and imperfect tenses" without providing a relevant time period for Defendants' Interrogatories. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules. Unless otherwise stated, Plaintiff will provide information consistent with the discovery period imposed by Defendants with regard to their own responses, i.e., January 1, 2017 through March 31, 2024.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

**Interrogatory No. 1:**

Identify every address where you have lived during the alleged class period, and specify the month(s) and year(s) that you were at that address.

**Response:**

Subject to the objections set forth herein, Plaintiff responds as follows:  During the time period between approximately 2017 to 2019, Plaintiff resided at ██████████ Florida ████.   From approximately 2019 to the present, Plaintiff lived at ██████ ████████ Florida, ████ .

**Interrogatory No. 2:**

Describe how you became a class representative in this case.

**Response:**

Plaintiff objects to this interrogatory as vague and premature as Plaintiff has not yet been appointed or approved by the Court to be a class representative in this case.

**Interrogatory No. 3:**

Describe your past use of tobacco products other than ENDS products, including the particular types and brands of products purchased, the time period in which each type and brand of product was purchased, and the frequency of these purchases.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as overbroad and unduly burdensome in that it requires Plaintiff to describe her past use of all tobacco products (other than ENDs products), including the types, brands, time period, and frequency of purchases. Plaintiff objects to Defendants' definitions and instructions as to the term ENDS products as set forth above. Plaintiff further objects to this Interrogatory as seeking information outside the relevant time period. Plaintiff will not provide a response to this Interrogatory.

**Interrogatory No. 4:**

Identify the factors you took into account when deciding which ENDS products (including JUUL products) to purchase. List the factors in order of their importance to you in making your decision. If the factors you considered changed during the alleged class period, such that certain factors were more important at some times than others, explain how.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period. Plaintiff objects to Defendants' definitions and instructions as to the terms ENDS products and identity/identify as set forth above. Plaintiff further objects to this Interrogatory to the extent it includes subparts and is, therefore, beyond the limits for the total number of

- 9 -                                      Case No. 3:20-cv-02345-WHO

interrogatories set by the Federal Rules.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff considered the following factors in the following order when deciding which Closed System E-Cigarette products to purchase: she switched to E-Cigarettes because she believed they were healthier than cigarettes, and she chose between products based on health, taste, and price.

**Interrogatory No. 5:**

Identify the factors that eliminated the ENDS products (including JUUL products) that you considered purchasing, but ultimately did not purchase, from your consideration. List the factors in order of their importance to you in making your decision. If the factors you considered changed during the alleged class period, such that certain factors were more important at some times than others, explain how.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period. Plaintiff objects to this Interrogatory to the extent it includes subparts and is therefore beyond the limits for the total number of interrogatories set by the Federal Rules. Plaintiff objects to Defendants' definitions and instructions as to the terms ENDS products and identity/identify as set forth above. Plaintiff further objects to this Interrogatory as duplicative of Interrogatory No. 4.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff refers to her response to Interrogatory No. 4.

**Interrogatory No. 6:**

Identify any loyalty programs, coupons, rebates, and any other discounts, bundling, or other engagement strategies, that you used to purchase ENDS products (including JUUL products) at discounted prices.

**Response:**

Plaintiff objects to this Interrogatory as seeking irrelevant information as this case

- 10 -    Case No. 3:20-cv-02345-WHO

only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period.  Plaintiff objects to this Interrogatory as vague and ambiguous with respect to the terms "bundling, or other engagement strategies." Plaintiff further objects to Defendants' definitions and instructions as to the terms ENDS products and identify as set forth above.

Subject to the objections set forth herein, Plaintiff does not recall using any coupons, rebates or loyalty programs.

**Interrogatory No. 7:**

Identify the particular ENDS products (including JUUL products) that you have purchased, including the particular types of ENDS products purchased, including flavor, the time period in which each type of product was purchased, the frequency of the purchases, the location(s) of the purchases, and the price paid for each purchase. To the extent your purchasing habits (e.g., frequency; brand; flavor; etc.) changed over time, explain how in your response. To the extent the price you paid for these items changed over time, explain how in your response.

**Response (Supplemented):**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period.  Plaintiff objects to this Interrogatory as overbroad and unduly burdensome in that it seeks detailed information concerning every ENDS product Plaintiff has ever purchased, including the flavor, time period, frequency and price.  Plaintiff further objects to Defendants' definitions and instructions as to the terms ENDS products and identify as set forth above.

Plaintiff began using JUUL in 2015 and stopped using it in late 2019 or early 2020. Her preferred flavors were mango and cucumber, but she also used mint, golden tobacco and rich tobacco flavors. She preferred cucumber and mango, and that is what she used at the beginning of her usage of the product.  She switched to the golden tobacco and rich tobacco

HARROD SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

after the other flavors were discontinued. Throughout her time using JUUL, she used approximately one cartridge every two days. She does not recall a change in price over time, but believes she generally paid $5 per cartridge or $20 for a pack of four cartridges. The only specific occasion on which she remembers paying a higher price was on a trip to Kentucky. She purchased JUUL both directly through JUUL through a subscription/auto pay program, and indirectly, primarily at a convenience store (the name of which she is unable to remember) located approximately 2 1/2 miles from her home in Florida. She also travelled broadly and made some purchases while on the road.

Plaintiff also used a produce called VUSE at the same time as she used JUUL. She believes she started use of this product either in 2017 or at around the time that JUUL stopped offering flavors (other than tobacco flavors). She does not recall what flavors, if any, of VUSE she used. She does not recall the price of VUSE, or whether it changed over time, but believes that it was cheaper than JUUL. She purchased VUSE at various convenience stores.

**Interrogatory No. 8:**

Identify every instance on which you sold ENDS products (including JUUL products) to another, including the date of the sale, the number of products sold, the identity of those products, the purchaser, the purchaser's age, and the sales price.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period. Plaintiff objects to this Interrogatory as overbroad and unduly burdensome in that it seeks Plaintiff to identify "every instance." Plaintiff further objects to Defendants' definitions and instructions as to the terms ENDS products and identity/identify as set forth above.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff has not sold Closed System E-Cigarette Products to others.

**Interrogatory No. 9:**

HARROD SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

Identify all instances in which you asked someone to purchase JUUL products on your behalf for repayment, or vice versa, including the date of the purchase(s), the date of the repayment(s), the number of JUUL products purchased, the identity of those products, the location of the purchase(s), the price paid for each purchase, and the method(s) by which you repaid them or were yourself repaid.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period.  Plaintiff objects to this Interrogatory as overbroad and unduly burdensome in that it seeks Plaintiff to identify "all instances."  Plaintiff further objects to Defendants' definitions and instructions as to the term identity/identify as set forth above.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff never asked someone to purchase JUUL products on her behalf.

**Interrogatory No. 10:**

Describe in detail any communications concerning ENDS products (including JUUL products), or the subject matter of this litigation more broadly, between you and any third parties, including without limitation, member of the press or media and any potential class member, including the date of the communications, and the identity of the person with whom you communicated.

**Response**

Plaintiff objects to this Interrogatory to the extent it purports to require Plaintiff to "describe any communications concerning ENDS products or the subject matter of this litigation more broadly" for an undefined time period and between Plaintiff "and any third parties" for an undefined time period as unduly burdensome, harassing, and disproportionate to the needs of the litigation, as the relevance of such information, including dates and identification of every person spoken to or communicated with, does not outweigh the

burden. Plaintiff objects to the extent that the Interrogatory it seeks information protected by the attorney client privilege. Plaintiff further objects to Defendants' definitions and instructions as to the terms ENDS products and identity/identify as set forth above. Plaintiff will not produce a response to this Interrogatory.

**Interrogatory No. 11:**

Identify (a) all parties holding contingency interests in the outcome of this case, (b) all parties who have already paid you any amount for your injuries alleged in this action, (c) all parties who have paid your attorneys any amount for their work related to this action, (d) all parties who have received through assignment any claims or damages assert [sic] in the complaint, and (e) any consideration (monetary or otherwise) associated with such an assignment. Include, without limitation, insurers, third-party finance companies, lenders of any kind, banks, and individuals.

**Response:**

Plaintiff objects to this Interrogatory as overbroad and unduly burdensome, as it seeks information about "parties" other than Plaintiff and is therefore outside Plaintiff's knowledge or that is irrelevant to Plaintiff's own role as a proposed class representative. Plaintiff further objects to this Interrogatory to the extent it includes subparts and is therefore beyond the limits for the total number of interrogatories set by the Federal Rules.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff has no agreement or expectation of receiving compensation for her role as a proposed class representation beyond what an absent class member may receive pursuant to a Court Order in connection with any future settlement or recovery at trial. She has not received any compensation, nor has she assigned any portion of her claim, nor has she received an assignment in connection with this litigation.

**Interrogatory No. 12:**

State the amount of damages (if any) you seek, and describe with specificity how this amount was calculated.

HARROD SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

**Response:**

Plaintiff objects to this Interrogatory to the extent that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiffs' experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff will not produce preliminary calculations, to the extent they exist, as such information is work product, covered by the attorney client privilege, and unnecessarily intrudes on the right of the Parties to develop their case in privacy, or to analyze their case for inadmissible purposes, such as settlement. Plaintiff will not provide a response to this Interrogatory.

**Interrogatory No. 13 (Supplemented):**

Identify any lawsuit that you have ever filed, or class action settlement in which you have submitted a claim, including without limitation any lawsuits or settlements involving Defendants Juul Labs Inc. and Altria, and the amount of money recovered (if any).

**Response:**

Plaintiff objects to this Interrogatory as overly broad in scope and unduly burdensome in that it requires Plaintiffs to "[i]dentify any lawsuit that you have ever filed, or class action settlement in which you have submitted a claim…." without regard to time period or subject matter. Plaintiff objects to this Interrogatory to the extent that it seeks information that is not relevant to the claims, defenses, and subject matter of the current action nor proportional to the needs of the case. Plaintiff further objects to the term "filed" as vague and ambiguous.

Subject to the objections set forth herein, Plaintiff responds as follows: With respect to actions in which Juul Labs Inc. and Altria are named as defendants, this is the only lawsuit that Plaintiff has been associated with as a named plaintiff. This is also the only lawsuit, more generally, in which Plaintiff is named as a plaintiff. To the best of Plaintiff's knowledge, she has not submitted a claim in connection with any class action settlement involving Juul Labs, Inc. or Altria.

**Interrogatory No. 14:**

Describe all factual bases that support your contention that the conduct alleged in the complaint injured all or a vast majority of the alleged class members in a measurable way,

explaining in detail the scope and nature of that injury and how the magnitude of that injury should be measured. (See IPP Compl. ¶ 179.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 15:**

Identify all factual bases that support your contention that "As a direct and proximate result of Defendants' anticompetitive conduct, Plaintiffs were overcharged and sustained injury to their business and property," through "the payment of supracompetitive prices for JUUL's Closed-System E-Cigarettes." (IPP Compl. ¶ 20.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions

HARROD SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 16:**

Identify each allegedly unlawful agreement that you contend Defendants Juul Labs Inc. and Altria entered that forms the basis of your complaint, including the date of each agreement, who made each agreement on behalf of Defendant Altria, who made each agreement on behalf of Defendant Juul Labs Inc., and the precise scope of each agreement.

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

HARROD SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

**Interrogatory No. 17:**

Identify "all revenues, earnings, profits, compensation, and benefits that may have been obtained by [Defendant Altria] as a result of" the conduct alleged in the complaint. (See IPP Compl. ¶ 262.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 18:**

Identify all factual bases that support your contention that "Before the shutdown of Nu Mark, JUUL and Altria relied on price promotions to drive sales of their respective e-cigarette products. In addition, each monitored the other's pricing in setting its own strategy. Altria's decision to withdraw its Closed-System E-Cigarettes from the market brought this price competition to an end." (IPP Compl. ¶ 160.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly

- 18 -                         Case No. 3:20-cv-02345-WHO

burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 19:**

Identify all factual bases that support your contention that "The Transaction was intended to, and did, increase JUUL's monopoly power." (IPP Compl. ¶ 157.)

**<u>Response:</u>**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the

details contained in the complaint itself. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 20:**

Identify all factual bases that support your contention that "The relevant product market for the purposes of this action is Closed-System E-Cigarettes." (IPP Compl. ¶ 126.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

Dated: September 30 , 2024

/s/ *Fred. T. Isquith, Sr.*
Fred T. Isquith, Sr. (*pro hac vice*)
**ISQUITH LAW PLLC**

- 20 -                    Case No. 3:20-cv-02345-WHO

103 84th St.
New York, NY 10028
Telephone: (718) 775-6478
Email: isquithlaw@gmail.com

Betsy C. Manifold (SBA 182450)
**WOLF HALDENSTEIN ADLER FREEMAN &
HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Email: manifold@whafh.com

Thomas H. Burt (*pro hac vice*)
Kate M. McGuire (*pro hac vice*)
**WOLF HALDENSTEIN ADLER FREEMAN &
HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Email: burt@whafh.com

*Counsel for Plaintiff Harrod and the Indirect
Purchaser Plaintiffs*

Robin F. Zwerling (*pro hac vice*)
Susan Salvetti (*pro hac vice*)
Justin M. Tarshis (*pro hac vice*)
**ZWERLING, SCHACHTER & ZWERLING, LLP**
41 Madison Avenue
New York, NY 10010
Telephone: (212) 223-3900
Email: rzwerling@zsz.com
        ssalvetti@zsz.com
        jtarshis@zsz.com

*Interim Lead Counsel for the Indirect Purchaser
Plaintiffs*

Merle C. Meyers (SBN 66849)
Michele Thompson (SBN 241676)
**MEYERS LAW GROUP, P.C.**
44 Montgomery St. Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Email: mmeyers@meyerslawgroup.com
        mthompson@meyerslawgroup.com

HARROD SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

*Counsel for Indirect Purchaser Plaintiffs*

Case No. 3:20-cv-02345-WHO

HARROD SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

I, Allison Harrod, have read Plaintiff Allison Harrod's Supplemental Responses and Objections to Defendants Altria Group, Inc. and Altria Enterprises LLC, First Set of Interrogatories, and state that they are true and correct to the best of my knowledge, information and belief.

September 30, 2024

*Allison Harrod*

Allison Harrod

Case No. 3:20-cv-02345-WHO

HARROD SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

Exhibit 3

Robin F. Zwerling (*pro hac vice*)
Susan Salvetti (*pro hac vice*)
Justin M. Tarshis (*pro hac vice*)
**ZWERLING, SCHACHTER & ZWERLING, LLP**
41 Madison Avenue
New York, NY 10010
Telephone: (212) 223-3900
Facsimile: (212) 371-5969
Email: rzwerling@zsz.com
          ssalvetti@zsz.com
          jtarshis@zsz.com

*Interim Lead Counsel for the Indirect Purchaser Plaintiffs*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JUUL LABS, INC. ANTITRUST LITIGATION | Master File No. 3:20-cv-02345-WHO |
| This Document Relates To: | **PLAINTIFF MICHAEL IMAI'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS ALTRIA GROUP, INC. AND ALTRIA ENTERPRISES LLC'S FIRST SET OF INTERROGATORIES TO INDIRECT PURCHASER PLAINTIFFS** |
| **All Indirect Purchaser Actions** | **CONFIDENTIAL** |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Indirect Purchaser Plaintiff Michael Imai ("Plaintiff"), by and through his attorneys of record, hereby responds and objects to Defendants Altria Group, Inc. and Altria Enterprises LLC, (together, "Altria" or "Defendants") First Set of Interrogatories dated March 14, 2024 ("Interrogatories") as follows:

### SCOPE LIMITATIONS ON PLAINTIFF'S RESPONSES

**1.**    **Scope:** Plaintiff provides these responses and objections to the following Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules, the Court's orders, and any other applicable order, agreement, or rule. Plaintiff responds and objects to the Interrogatories as he interprets and understands them, based upon Plaintiff's current knowledge and belief after reasonable inquiry and investigation. Plaintiff reserves his right to supplement, amend, clarify, correct, or modify these responses and objections as necessary, and to employ at trial or at any pre-trial proceeding, additional information and information subsequently obtained or discovered, including information the materiality of which is not presently ascertained, or information the Plaintiff does not regard as coming within the scope of each Interrogatory as Plaintiff understands them. Plaintiff objects to each Interrogatory to the extent that it seeks personal information unrelated to this litigation.

**2.**    **Limits:** These responses are made solely for the purpose of this action. Each Interrogatory is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privacy, privilege, and any and all other objections that would require exclusion of any statement contained herein if such Interrogatory were asked of a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial. Except for explicit facts admitted here, no incidental or implied admissions are intended. Plaintiff's responses or objections to any Interrogatory or part of an Interrogatory are not an admission of any facts set forth or assumed by that Interrogatory. In addition, each of Plaintiff's responses to an Interrogatory or part of an Interrogatory is not a waiver of part or all of any objection he might make to that Interrogatory, or an admission that such answer

or objection constitutes admissible evidence. All responses provided are based on Plaintiff's present information and belief.

**3.** **Privilege and Attorney Work-Product**. Plaintiff will not disclose information protected from disclosure by the attorney-client privilege or the attorney-work product doctrine, or any other applicable privilege or protection provided by law. If Plaintiff does not assert a specific privilege or attorney work-product objection to any specific Interrogatory, it is because he does not understand that Interrogatory to seek privileged information or attorney work product. Any information disclosed in response to an Interrogatory or documents produced in lieu of a response to an Interrogatory by Plaintiff will be disclosed or produced without waiving—and, indeed, reserving and intending to reserve—each of these privileges, protections or immunities, and any accidental or unintentional disclosure of privileged or protected material is not intended to be a waiver of any applicable privilege or protection.

**4.** **Possession, Custody or Control**. Plaintiff objects to the Interrogatories, Definitions, and Instructions to the extent that they seek or purport to call for information not in Plaintiff's possession, custody or control, but in the possession, custody or control of Plaintiff's counsel or other persons. Plaintiff construes each Interrogatory as seeking only information in Plaintiff's possession, custody or control.

**5.** **Responses Based on Information Currently Known to Plaintiff and Without Waiver**. These responses are being made after reasonable inquiry into the relevant facts and are based only upon the information that is currently known to Plaintiff. Further investigation and discovery may result in the identification of additional information, and Plaintiff reserves the right to modify his responses and objections to, and to supplement his responses to, any Interrogatories. In providing these Interrogatory responses and objections, Plaintiff does not waive, and expressly preserves, all claims and defenses. In addition, Plaintiff provides these responses and objections without waiving or intending to waive (a) any objections as to the relevance, materiality, privileged status, or admissibility as evidence,

IMAI SUPPL. RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

for any purpose, of any information provided in response to the Interrogatory; (b) the right to object on any ground at any time to a demand for further responses to the Interrogatories; and (c) the right to revise, amend, supplement, or clarify any of the responses and objections set forth herein.

## RESPONSES AND OBJECTIONS TO DEFINITIONS

Plaintiff incorporates each of the following objections to definitions into each response to the individually numbered Interrogatories where the objected to term is used, as if they were stated in each of those responses.

1.      Plaintiff objects to Defendants' definition of "advertisement" or "advertising" as overbroad, ambiguous, unduly burdensome and disproportionate to the needs of the case as alleged by Plaintiff, as these terms are defined to include "artistic, physical, television, film, radio, audio, video, web-based, or other medium identifying or describing the features, benefits, desirability, or availability of a product, or otherwise implicitly or explicitly promoting the purchase, use, or discussion of the product" and are beyond advertising, if any, provided to Plaintiff. Plaintiff further objects that this definition is well beyond the scope of the allegations of Indirect Purchaser Plaintiffs' Amended Consolidated Class Action Complaint (the "Complaint") (ECF No. 271).

2.      Plaintiff objects to Defendants' definition of "alleged class period" to the extent it can be interpreted as seeking discovery beyond the date of March 31, 2024 that was imposed by Defendants with regard to their own discovery responses. Plaintiff further objects to this definition on the grounds that most of Defendants' Interrogatories do not specify a time period, and, therefore, are vague and overbroad.

3.      Plaintiff objects to Defendants' definition of "concern" or "concerning" in so far as it includes terms such as reflecting, containing, pertaining, supporting, indicating, showing, evidencing, discussing, mentioning, bearing upon, comprising as overbroad, ambiguous, unduly burdensome to discern how to interpret this expanded definition and it is confusing and vague to the extent it ascribes meanings to these terms that are inconsistent

IMAI SUPPL. RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

with ordinary usage. Plaintiff is amenable to conferring to understand Defendants' additional terms and why the terms "concern" or "concerning" are insufficient.

4. Plaintiff objects to Defendants' definition of "devices" as overbroad, ambiguous, unduly burdensome and disproportionate to the needs of the case as alleged, which is limited to closed-system e-cigarettes as defined and described in the Complaint.

5. Plaintiff objects to Defendants' definition of "ENDS product" or "ENDS products" as overbroad, ambiguous, unduly burdensome, and disproportionate to the needs of the case as alleged, which is limited to closed-system e-cigarettes (electronic nicotine delivery systems) as defined and described in the Complaint and explicitly excludes open-end devices that use tanks.

6. Plaintiff objects to Defendants' definition of "identify" or "identifying" as overbroad, and unduly burdensome as it seeks date of birth and telephone numbers and is otherwise disproportionate to the needs of this case.

7. Plaintiff objects to Defendants' definition of "marketing" and "marketing practice" as overbroad, ambiguous, unduly burdensome, and disproportionate to the needs of the case as alleged in the Complaint, making it unintelligible. For example, promoting "procurement, use, or discussion of a product or service, whether to consumers or commercial entities" and that "such acts, practices, or strategies include but are not limited to product design, packaging design . . . branding . . . product distribution, soliciting or otherwise generating media exposure" including "hosting or sponsoring events" and "any other act, practice, strategy, or decision designed or intended to increase the effectiveness of any of the foregoing acts or practices." Plaintiff is amenable to conferring to better understand how and why Defendants believe this definition of "marketing" is applicable to Plaintiff's purchase of closed system e-cigarettes.

8. Plaintiff objects to Defendants' definition of "pods" as overbroad, ambiguous, unduly burdensome, and disproportionate to the needs of the case as alleged by Plaintiff,

IMAI SUPPL. RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

which is limited to closed-system e-cigarettes (electronic nicotine delivery systems) as defined and described the Complaint and explicitly excludes open-end devices that use tanks.

9.     Plaintiff objects to Defendants' definition of "potential class member" as overbroad and unduly burdensome to the extent it seeks documents or information about any person or entity other than those identified in the Complaint. Plaintiff will not produce information or documents about any person or entity other than himself.

10.     Plaintiff objects to Defendants' definition of "relate to" or "relating to" in so far as they include terms such as "evidence, regard, concern, discuss, reflect, summarize, constitute, study, assess, analyze, explain, show, embody, discuss, describe, or comment upon— directly or indirectly—the subject matter identified" as overbroad, ambiguous, and unduly burdensome to discern how to interpret Defendants' definition and it is confusing and vague to the extent it ascribes meanings to these terms that are inconsistent with ordinary usage. Plaintiff is amenable to conferring with Defendants to better understand these terms.

11.     Plaintiff objects to Defendants' definition of "tobacco products" as overbroad and ambiguous, unduly burdensome, and disproportionate to the needs of the case as alleged, which is limited to closed-system e-cigarettes (electronic nicotine delivery systems) as defined and described the Complaint.

12.     Plaintiff objects to Defendants' definition of "you" and "your" to include "all Indirect Purchaser Plaintiffs and all of their agents, including attorneys, experts, and other representatives acting or purporting to act on behalf of an Indirect Purchaser Plaintiff" as overbroad and unduly burdensome. Plaintiff will respond to these Interrogatories on behalf of himself, and not on behalf of all "Indirect Purchaser Plaintiffs and all of their agents, including attorneys, experts, and other representatives acting or purporting to act on behalf of an Indirect Purchaser Plaintiff." Plaintiff further objects to Defendants' definition to the extent it seeks documents protected by the attorney work product and attorney-client

IMAI SUPPL. RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

privilege, and/or the premature disclosure of the identity, information about, or documents from, Indirect Reseller Plaintiffs' experts and/or consultants.

## **RESPONSES AND OBJECTIONS TO INSTRUCTIONS**

1.     Plaintiff objects to Instruction Number 1 as overbroad and unduly burdensome to the extent it seeks to impose on Plaintiff an obligation to supplement its Interrogatory responses in a specific manner or otherwise beyond what is required by Federal Rules of Civil Procedure Rules 33(b) and 26(e) or the Local Rules. If necessary, Plaintiff will supplement his responses in a timely manner within the meaning of the Federal Rules of Civil Procedure.

2.     Plaintiff objects to Instruction No. 2 as overbroad, vague and ambiguous, and disproportionate to the needs of the case to the extent it impermissibly seeks "all knowledge and information possessed by any person, including but not limited to any employee, agent, attorney, expert witness, consultant, representative, or other advisor subject to the instruction, direction, or control of you."  Plaintiff further objects to this instruction to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine or any other applicable privilege, or information prepared for, or generated in anticipation of, litigation. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules, and to the extent it seeks the premature disclosure of expert information and/or documents. Plaintiff will only provide non-privileged information and/or documents in his possession, custody, or control.

3.     Plaintiff objects to Instruction No. 5 as overbroad, unduly burdensome and harassing, as it seeks to impose on Plaintiff an obligation to provide at least eight granular details about every single document produced ("type of document, its title, author, recipients, date, Bates-stamp numbers, location of the document, and the custodian of the document") in lieu of preparing a compilation  even though the standard of what is required of a responding party when the burden of deriving or ascertaining the answer is substantially the

same for either party is clearly set forth in Federal Rules of Civil Procedure Rule 33(d). If Plaintiff chooses to object to an Interrogatory in whole or in part on Rule 33(d) grounds, he will identify by Bates-stamp numbers the documents when those documents are produced to Defendants, which complies with the requirement described in Rule 33(d)(1).

4.    Plaintiff objects to Instruction No. 6 as unduly burdensome and harassing and beyond the scope and requirements of the Federal Rules of Civil Procedure Rule and the Local Rules, as it seeks to impose that Plaintiff provide "a detailed statement" of "why only a partial answer was given: and "to identify any documents or sources from which more complete information is obtainable." Plaintiff further objects to this instruction to the extent it seeks information protected by the attorney-client privilege, work-product doctrine or any other applicable privilege, or information prepared for, or generated in anticipation of, litigation and the premature disclosure of expert information and/or documents. Plaintiff will only provide non-privileged information and/or documents in his possession, custody, or control.

5.    Plaintiff objects to Instruction No. 7 as overbroad, unduly burdensome and harassing and disproportionate to the needs of the case, as it seeks to impose on Plaintiff even more criteria to disclose about "identifying" a person beyond Defendants' definition of "identify" or "identifying" above, such as the "full legal name of a person, the present or last known employer of a person, at the present or last known home and business address of a person" and is otherwise disproportionate to the needs of this case. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules.

6.    Plaintiff objects to Instruction No. 9 as overbroad, unduly burdensome and harassing, as it seeks to impose on Plaintiff an obligation to disclose information that is protected by the attorney-client privilege, work-product doctrine or any other applicable privilege, or information prepared for, or generated in anticipation of, litigation. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden

IMAI SUPPL. RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

not required by the Federal Rules of Civil Procedure or the Local Rules, and to the extent it seeks the premature disclosure of expert information and/or documents.

7.      Plaintiff objects to Instruction No. 10 as unduly burdensome and harassing, as it seeks to impose on Plaintiff an obligation to speculate about the underlying meaning of ambiguous language chosen by the Defendants. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules.

8.      Plaintiff objects to Instruction No. 11 as unintelligible, unduly burdensome and harassing, in so far as it seeks to impose on Plaintiff an obligation to prepare a privilege log for oral communications. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules. Plaintiff is amenable to conferring with Defendants to better understand this instruction.

9.      Plaintiff objects to Instruction No. 16 as unintelligible, unduly burdensome and harassing, as it seeks to impose on Plaintiff an obligation to respond in what is styled as "the present tense shall also include the past, future, and imperfect tenses" without providing a relevant time period for Defendants' Interrogatories. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules. Unless otherwise stated, Plaintiff will provide information consistent with the discovery period imposed by Defendants with regard to their own responses, i.e., January 1, 2017 through March 31, 2024.

**SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES**

**Interrogatory No. 1:**

Identify every address where you have lived during the alleged class period, and specify the month(s) and year(s) that you were at that address.

**Response:**

Subject to the objections set forth herein, Plaintiff responds as follows:  During the

- 8 -                                    Case No. 3:20-cv-02345-WHO

time period between 2015 and 2022, Plaintiff lived at ████████████████ HI ████. From 2022 through March 31, 2024, Plaintiff lived at ████████████ HI ████.

**Interrogatory No. 2:**

Describe how you became a class representative in this case.

**Response:**

Plaintiff objects to this interrogatory as vague and premature as Plaintiff has not yet been appointed or approved by the Court to be a class representative in this case.

**Interrogatory No. 3:**

Describe your past use of tobacco products other than ENDS products, including the particular types and brands of products purchased, the time period in which each type and brand of product was purchased, and the frequency of these purchases.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as overbroad and unduly burdensome in that it requires Plaintiff to describe his past use of all tobacco products (other than ENDs products), including the types, brands, time period, and frequency of purchases. Plaintiff objects to Defendants' definitions and instructions as to the term ENDS products as set forth above. Plaintiff further objects to this Interrogatory as seeking information outside the relevant time period. Plaintiff will not provide a response to this Interrogatory.

**Interrogatory No. 4:**

Identify the factors you took into account when deciding which ENDS products (including JUUL products) to purchase. List the factors in order of their importance to you in making your decision. If the factors you considered changed during the alleged class period, such that certain factors were more important at some times than others, explain how.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim

- 9 -                                    Case No. 3:20-cv-02345-WHO

or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period.  Plaintiff objects to Defendants' definitions and instructions as to the terms ENDS products and identity/identify as set forth above.  Plaintiff further objects to this Interrogatory to the extent it includes subparts and is, therefore, beyond the limits for the total number of interrogatories set by the Federal Rules.

Subject to the objections set forth herein, Plaintiff responds as follows:  Initially, Plaintiff considered the following factors in the following order when deciding which Closed System E-Cigarette products to purchase: strength, how long the product would last and price. Subsequently, Plaintiff considered the following factors in the following order when deciding which Closed System E-Cigarette products to purchase: price and lower nicotine percentage. The factors changed as Plaintiff later wanted products with lower nicotine concentrations and wanted to buy products at a lower price.

**Interrogatory No. 5:**

Identify the factors that eliminated the ENDS products (including JUUL products) that you considered purchasing, but ultimately did not purchase, from your consideration. List the factors in order of their importance to you in making your decision. If the factors you considered changed during the alleged class period, such that certain factors were more important at some times than others, explain how.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period.  Plaintiff objects to this Interrogatory to the extent it includes subparts and is therefore beyond the limits for the total number of interrogatories set by the Federal Rules.  Plaintiff objects to Defendants' definitions and instructions as to the terms ENDS products and identity/identify as set forth above.  Plaintiff further objects to this Interrogatory as duplicative of

IMAI SUPPL. RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

Interrogatory No. 4.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff refers to his response to Interrogatory No. 4.

**Interrogatory No. 6:**

Identify any loyalty programs, coupons, rebates, and any other discounts, bundling, or other engagement strategies, that you used to purchase ENDS products (including JUUL products) at discounted prices.

**Response:**

Plaintiff objects to this Interrogatory as seeking irrelevant information as this case only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period.  Plaintiff objects to this Interrogatory as vague and ambiguous with respect to the terms "bundling, or other engagement strategies." Plaintiff further objects to Defendants' definitions and instructions as to the terms ENDS products and identify as set forth above.

Subject to the objections set forth herein, Plaintiff responds as follows:  One of the stores where Plaintiff purchased Closed System E-Cigarette products, Volcano Vape Shop, had a loyalty program that would provide discounts as Plaintiff made more purchases over time.

**Interrogatory No. 7:**

Identify the particular ENDS products (including JUUL products) that you have purchased, including the particular types of ENDS products purchased, including flavor, the time period in which each type of product was purchased, the frequency of the purchases, the location(s) of the purchases, and the price paid for each purchase. To the extent your purchasing habits (e.g., frequency; brand; flavor; etc.) changed over time, explain how in your response. To the extent the price you paid for these items changed over time, explain how in your response.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim

- 11 -                                      Case No. 3:20-cv-02345-WHO

or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period. Plaintiff objects to this Interrogatory as overbroad and unduly burdensome in that it seeks detailed information concerning every ENDS product Plaintiff has ever purchased, including the flavor, time period, frequency and price. Plaintiff further objects to Defendants' definitions and instructions as to the terms ENDS products and identify as set forth above. Plaintiff refers to the documents produced at IMAI000001-7 for details regarding his purchases.

Subject to the objections set forth herein, Plaintiff responds as follows:

Open System Products

Plaintiff tried open-system ENDS products in 2019 a few times while travelling internationally where closed-system ENDS products were not available. He has never purchased such system in the United States.

JUUL

Plaintiff believes that he started purchasing JUUL products beginning sometime in 2018. He used them almost exclusively through 2019, when he stopped vaping for a period of time. He used JUUL almost every day during this period and typically would average around one pod per day. He would typically purchase JUUL at gas stations and 7-11, and occasionally from vape shops. He generally purchased mint, cucumber and mango flavors. He does not recall any pricing changes. In and around 2020, he quit vaping altogether. When he resumed vaping in the 2020/2021 period, he switched to the other brands identified below, but would, on occasion, purchase a JUUL product.

Puff Bar

Plaintiff purchased Puff Bar after he resumed vaping again following his brief cessation. He used Puff Bar for several months at the same general frequency as JUUL. He would purchase this product from vape shops and believes he tried all of the flavors. He does not recall the specific prices paid or price changes.

Geek Bar

- 12 -    Case No. 3:20-cv-02345-WHO

Plaintiff believes he purchased Geek Bar for several months in and around 2021. He generally purchased the orange and grape soda flavors. It eventually became too strong, so Plaintiff switched back to different brands. He would purchase this product from vape shops. He does not recall the specific prices paid or price changes.

Vuse

Vuse was one of the last products that Plaintiff purchased with any regularity. He used the product for about 6 months in the 2022/2023 period. He would typically purchase Vuse from gas stations or vape shops. He would typically purchase menthol flavor. He believes the product was cheaper than other brands.

Other Brands Tried Intermittently

From 2020-2022, Plaintiff mixed and matched other brands intermittently in addition to the ones set forth above. These brands included: Swift Bar (grape flavor); Elf Bar (does not recall flavors); Kado Bar (does not recall flavors); and Flum (does not recall flavors). He would typically purchase these brands from vape shops. He does not recall the specific prices paid or pricing changes. He did not purchase these brands with any regularity; he only tried them occasionally.

**Interrogatory No. 8:**

Identify every instance on which you sold ENDS products (including JUUL products) to another, including the date of the sale, the number of products sold, the identity of those products, the purchaser, the purchaser's age, and the sales price.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period. Plaintiff objects to this Interrogatory as overbroad and unduly burdensome in that it seeks Plaintiff to identify "every instance." Plaintiff further objects to Defendants' definitions and instructions as to the terms ENDS products and identity/identify as set forth above.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff has not sold Closed System E-Cigarette Products to others.

**Interrogatory No. 9:**

Identify all instances in which you asked someone to purchase JUUL products on your behalf for repayment, or vice versa, including the date of the purchase(s), the date of the repayment(s), the number of JUUL products purchased, the identity of those products, the location of the purchase(s), the price paid for each purchase, and the method(s) by which you repaid them or were yourself repaid.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period.  Plaintiff objects to this Interrogatory as overbroad and unduly burdensome in that it seeks Plaintiff to identify "all instances."  Plaintiff further objects to Defendants' definitions and instructions as to the term identity/identify as set forth above.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff never asked someone to purchase JUUL products on his behalf.

**Interrogatory No. 10:**

Describe in detail any communications concerning ENDS products (including JUUL products), or the subject matter of this litigation more broadly, between you and any third parties, including without limitation, member of the press or media and any potential class member, including the date of the communications, and the identity of the person with whom you communicated.

**Response**

Plaintiff objects to this Interrogatory to the extent it purports to require Plaintiff to "describe any communications concerning ENDS products or the subject matter of this litigation more broadly" for an undefined time period and between Plaintiff "and any third

- 14 -                                    Case No. 3:20-cv-02345-WHO

parties" for an undefined time period as unduly burdensome, harassing, and disproportionate to the needs of the litigation, as the relevance of such information, including dates and identification of every person spoken to or communicated with, does not outweigh the burden. Plaintiff objects to the extent that the Interrogatory it seeks information protected by the attorney client privilege. Plaintiff further objects to Defendants' definitions and instructions as to the terms ENDS products and identity/identify as set forth above. Plaintiff will not produce a response to this Interrogatory.

**Interrogatory No. 11:**

Identify (a) all parties holding contingency interests in the outcome of this case, (b) all parties who have already paid you any amount for your injuries alleged in this action, (c) all parties who have paid your attorneys any amount for their work related to this action, (d) all parties who have received through assignment any claims or damages assert [sic] in the complaint, and (e) any consideration (monetary or otherwise) associated with such an assignment. Include, without limitation, insurers, third-party finance companies, lenders of any kind, banks, and individuals.

**Response:**

Plaintiff objects to this Interrogatory as overbroad and unduly burdensome, as it seeks information about "parties" other than Plaintiff and is therefore outside Plaintiff's knowledge or that is irrelevant to Plaintiff's own role as a proposed class representative. Plaintiff further objects to this Interrogatory to the extent it includes subparts and is therefore beyond the limits for the total number of interrogatories set by the Federal Rules.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff has no agreement or expectation of receiving compensation for his role as a proposed class representation beyond what an absent class member may receive pursuant to a Court Order in connection with any future settlement or recovery at trial. He has not received any compensation, nor has he assigned any portion of his claim, nor has he received an assignment in connection with this litigation.

IMAI SUPPL. RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

**Interrogatory No. 12:**

State the amount of damages (if any) you seek, and describe with specificity how this amount was calculated.

**Response:**

Plaintiff objects to this Interrogatory to the extent that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiffs' experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff will not produce preliminary calculations, to the extent they exist, as such information is work product, covered by the attorney client privilege, and unnecessarily intrudes on the right of the Parties to develop their case in privacy, or to analyze their case for inadmissible purposes, such as settlement. Plaintiff will not provide a response to this Interrogatory

**Interrogatory No. 13:**

Identify any lawsuit that you have ever filed, or class action settlement in which you have submitted a claim, including without limitation any lawsuits or settlements involving Defendants Juul Labs Inc. and Altria, and the amount of money recovered (if any).

**Response:**

Plaintiff objects to this Interrogatory as overly broad in scope and unduly burdensome in that it requires Plaintiffs to "[i]dentify any lawsuit that you have ever filed, or class action settlement in which you have submitted a claim…." without regard to time period or subject matter. Plaintiff objects to this Interrogatory to the extent that it seeks information that is not relevant to the claims, defenses, and subject matter of the current action nor proportional to the needs of the case. Plaintiff further objects to the term "filed" as vague and ambiguous.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff has never been a named plaintiff in any other class action or civil action. To the best of Plaintiff's knowledge, he has not submitted a claim in connection with any class action settlement involving Juul Labs, Inc. or Altria.

**Interrogatory No. 14:**

Describe all factual bases that support your contention that the conduct alleged in the

complaint injured all or a vast majority of the alleged class members in a measurable way, explaining in detail the scope and nature of that injury and how the magnitude of that injury should be measured. (See IPP Compl. ¶ 179.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself, and the information available to Defendants from the parallel FTC proceeding to which they were parties. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 15:**

Identify all factual bases that support your contention that "As a direct and proximate result of Defendants' anticompetitive conduct, Plaintiffs were overcharged and sustained injury to their business and property," through "the payment of supracompetitive prices for JUUL's Closed-System E-Cigarettes." (IPP Compl. ¶ 20.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because

IMAI SUPPL. RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself, and the information available to Defendants from the parallel FTC proceeding to which they were parties. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 16:**

Identify each allegedly unlawful agreement that you contend Defendants Juul Labs Inc. and Altria entered that forms the basis of your complaint, including the date of each agreement, who made each agreement on behalf of Defendant Altria, who made each agreement on behalf of Defendant Juul Labs Inc., and the precise scope of each agreement.

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself,

IMAI SUPPL. RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

and the information available to Defendants from the parallel FTC proceeding to which they were parties. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 17:**

Identify "all revenues, earnings, profits, compensation, and benefits that may have been obtained by [Defendant Altria] as a result of" the conduct alleged in the complaint. (See IPP Compl. ¶ 262.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself, and the information available to Defendants from the parallel FTC proceeding to which they were parties. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 18:**

Identify all factual bases that support your contention that "Before the shutdown of

IMAI SUPPL. RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

Nu Mark, JUUL and Altria relied on price promotions to drive sales of their respective e-cigarette products. In addition, each monitored the other's pricing in setting its own strategy. Altria's decision to withdraw its Closed-System E-Cigarettes from the market brought this price competition to an end." (IPP Compl. ¶ 160.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself, and the information available to Defendants from the parallel FTC proceeding to which they were parties. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 19:**

Identify all factual bases that support your contention that "The Transaction was intended to, and did, increase JUUL's monopoly power." (IPP Compl. ¶ 157.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less

IMAI SUPPL. RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself, and the information available to Defendants from the parallel FTC proceeding to which they were parties. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 20:**

Identify all factual bases that support your contention that "The relevant product market for the purposes of this action is Closed-System E-Cigarettes." (IPP Compl. ¶ 126.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself, and the information available to Defendants from

the parallel FTC proceeding to which they were parties. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

Dated: September 3, 2024

/s/ Robin F. Zwerling
Robin F. Zwerling (*pro hac vice*)
Susan Salvetti (*pro hac vice*)
Justin M. Tarshis (*pro hac vice*)
**ZWERLING, SCHACHTER & ZWERLING, LLP**
41 Madison Avenue
New York, NY 10010
Telephone: (212) 223-3900
Email: rzwerling@zsz.com
ssalvetti@zsz.com
jtarshis@zsz.com

*Interim Lead Counsel for the Indirect Purchaser Plaintiffs*

Betsy C. Manifold (SBA 182450)
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Email: manifold@whafh.com

Thomas H. Burt (*pro hac vice*)
Kate M. McGuire (*pro hac vice*)
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Email: burt@whafh.com

Fred T. Isquith, Sr. (*pro hac vice*)
**ISQUITH LAW PLLC**
103 84th St.
New York, NY 10028
Telephone: (718) 775-6478
Email: isquithlaw@gmail.com

IMAI SUPPL. RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

Merle C. Meyers (SBN 66849)
Michele Thompson (SBN 241676)
**MEYERS LAW GROUP, P.C.**
44 Montgomery St. Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Email: mmeyers@meyerslawgroup.com
         mthompson@meyerslawgroup.com

*Counsel for Indirect Purchaser Plaintiffs*

IMAI SUPPL. RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

I, Michael Imai, have read Plaintiff Michael Imai's Supplemental Responses and Objections to Defendants Altria Group, Inc. and Altria Enterprises LLC's First Set of Interrogatories to Indirect Purchaser Plaintiffs, and state that they are true and correct to the best of my knowledge, information, and belief.

_____
Michael Imai

# Exhibit 4

Robin F. Zwerling (*pro hac vice*)
Susan Salvetti (*pro hac vice*)
Justin M. Tarshis (*pro hac vice*)
**ZWERLING, SCHACHTER & ZWERLING,** LLP
41 Madison Avenue
New York, NY 10010
Telephone: (212) 223-3900
Facsimile: (212) 371-5969
Email: rzwerling@zsz.com
        ssalvetti@zsz.com
        jtarshis@zsz.com

*Interim Lead Counsel for the Indirect Purchaser Plaintiffs*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JUUL LABS, INC. ANTITRUST LITIGATION <br><br> This Document Relates To: <br><br> **All Indirect Purchaser Actions** | Master File No. 3:20-cv-02345-WHO <br><br> **PLAINTIFF DARAKA LARIMORE'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS ALTRIA GROUP, INC. AND ALTRIA ENTERPRISES LLC, FIRST SET OF INTERROGATORIES** |

Case No. 3:20-cv-02345-WHO

LARIMORE SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

Pursuant to Federal Rules of Civil Procedure 26 and 33, Indirect Purchaser Plaintiff Daraka Larimore ("Plaintiff"), by and through his attorneys of record, hereby provides the following supplemented responses and objections to Defendants Altria Group, Inc. and Altria Enterprises LLC, (together, "Altria" or "Defendants") First Set of Interrogatories dated March 14, 2024 ("Interrogatories"). This supplementation of the responses and objections is made pursuant to agreements reached during the parties' meet and confer process.

### SCOPE LIMITATIONS ON PLAINTIFF'S RESPONSES

**1.     Scope:** Plaintiff provides these responses and objections to the following Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules, the Court's orders, and any other applicable order, agreement, or rule. Plaintiff responds and objects to the Interrogatories as he interprets and understands them, based upon Plaintiff's current knowledge and belief after reasonable inquiry and investigation. Plaintiff reserves his right to supplement, amend, clarify, correct, or modify these responses and objections as necessary, and to employ at trial or at any pre-trial proceeding, additional information and information subsequently obtained or discovered, including information the materiality of which is not presently ascertained, or information the Plaintiff does not regard as coming within the scope of each Interrogatory as Plaintiff understands them. Plaintiff objects to each Interrogatory to the extent that it seeks personal information unrelated to this litigation.

**2.     Limits:** These responses are made solely for the purpose of this action. Each Interrogatory is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privacy, privilege, and any and all other objections that would require exclusion of any statement contained herein if such Interrogatory were asked of a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial. Except for explicit facts admitted here, no incidental or implied admissions are intended. Plaintiff's responses or objections to any Interrogatory or part of an Interrogatory are not an admission of any facts set forth or assumed by that Interrogatory. In addition, each of Plaintiff's responses to an Interrogatory or part of an Interrogatory is not a waiver of part

- 1 -                      Case No. 3:20-cv-02345-WHO
LARIMORE SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

or all of any objection he might make to that Interrogatory, or an admission that such answer or objection constitutes admissible evidence. All responses provided are based on Plaintiff's present information and belief.

**3.    Privilege and Attorney Work-Product.** Plaintiff will not disclose information protected from disclosure by the attorney-client privilege or the attorney-work product doctrine, or any other applicable privilege or protection provided by law. If Plaintiff does not assert a specific privilege or attorney work-product objection to any specific Interrogatory, it is because he does not understand that Interrogatory to seek privileged information or attorney work product. Any information disclosed in response to an Interrogatory or documents produced in lieu of a response to an Interrogatory by Plaintiff will be disclosed or produced without waiving—and, indeed, reserving and intending to reserve—each of these privileges, protections or immunities, and any accidental or unintentional disclosure of privileged or protected material is not intended to be a waiver of any applicable privilege or protection.

**4.    Possession, Custody or Control.** Plaintiff objects to the Interrogatories, Definitions, and Instructions to the extent that they seek or purport to call for information not in Plaintiff's possession, custody or control, but in the possession, custody or control of Plaintiff's counsel or other persons. Plaintiff construes each Interrogatory as seeking only information in Plaintiff's possession, custody or control.

**5.    Responses Based on Information Currently Known to Plaintiff and Without Waiver.** These responses are being made after reasonable inquiry into the relevant facts and are based only upon the information that is currently known to Plaintiff. Further investigation and discovery may result in the identification of additional information, and Plaintiff reserves the right to modify his responses and objections to, and to supplement his responses to, any Interrogatories. In providing these Interrogatory responses and objections, Plaintiff does not waive, and expressly preserves, all claims and defenses. In addition, Plaintiff provides these responses and objections without waiving or intending to waive (a)

LARIMORE SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

any objections as to the relevance, materiality, privileged status, or admissibility as evidence, for any purpose, of any information provided in response to the Interrogatory; (b) the right to object on any ground at any time to a demand for further responses to the Interrogatories; and (c) the right to revise, amend, supplement, or clarify any of the responses and objections set forth herein.

## RESPONSES AND OBJECTIONS TO DEFINITIONS

Plaintiff incorporates each of the following objections to definitions into each response to the individually numbered Interrogatories where the objected to term is used, as if they were stated in each of those responses.

1.     Plaintiff objects to Defendants' definition of "advertisement" or "advertising" as overbroad, ambiguous, unduly burdensome and disproportionate to the needs of the case as alleged by Plaintiff, as these terms are defined to include "artistic, physical, television, film, radio, audio, video, web-based, or other medium identifying or describing the features, benefits, desirability, or availability of a product, or otherwise implicitly or explicitly promoting the purchase, use, or discussion of the product" and are beyond advertising, if any, provided to Plaintiff. Plaintiff further objects that this definition is well beyond the scope of the allegations of Indirect Purchaser Plaintiffs' Amended Consolidated Class Action Complaint (the "Complaint") (ECF No. 271).

2.     Plaintiff objects to Defendants' definition of "alleged class period" to the extent it can be interpreted as seeking discovery beyond the date of March 31, 2024 that was imposed by Defendants with regard to their own discovery responses. Plaintiff further objects to this definition on the grounds that most of Defendants' Interrogatories do not specify a time period, and, therefore, are vague and overbroad.

3.     Plaintiff objects to Defendants' definition of "concern" or "concerning" in so far as it includes terms such as reflecting, containing, pertaining, supporting, indicating, showing, evidencing, discussing, mentioning, bearing upon, comprising as overbroad, ambiguous, unduly burdensome to discern how to interpret this expanded definition and it is

LARIMORE SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

confusing and vague to the extent it ascribes meanings to these terms that are inconsistent with ordinary usage. Plaintiff is amenable to conferring to understand Defendants' additional terms and why the terms "concern" or "concerning" are insufficient.

4. Plaintiff objects to Defendants' definition of "devices" as overbroad, ambiguous, unduly burdensome and disproportionate to the needs of the case as alleged, which is limited to closed-system e-cigarettes as defined and described in the Complaint.

5. Plaintiff objects to Defendants' definition of "ENDS product" or "ENDS products" as overbroad, ambiguous, unduly burdensome, and disproportionate to the needs of the case as alleged, which is limited to closed-system e-cigarettes (electronic nicotine delivery systems) as defined and described in the Complaint and explicitly excludes open-end devices that use tanks.

6. Plaintiff objects to Defendants' definition of "identify" or "identifying" as overbroad, and unduly burdensome as it seeks date of birth and telephone numbers and is otherwise disproportionate to the needs of this case.

7. Plaintiff objects to Defendants' definition of "marketing" and "marketing practice" as overbroad, ambiguous, unduly burdensome, and disproportionate to the needs of the case as alleged in the Complaint, making it unintelligible. For example, promoting "procurement, use, or discussion of a product or service, whether to consumers or commercial entities" and that "such acts, practices, or strategies include but are not limited to product design, packaging design . . . branding . . . product distribution, soliciting or otherwise generating media exposure" including "hosting or sponsoring events" and "any other act, practice, strategy, or decision designed or intended to increase the effectiveness of any of the foregoing acts or practices." Plaintiff is amenable to conferring to better understand how and why Defendants believe this definition of "marketing" is applicable to Plaintiff's purchase of closed system e-cigarettes.

8. Plaintiff objects to Defendants' definition of "pods" as overbroad, ambiguous, unduly burdensome, and disproportionate to the needs of the case as alleged by Plaintiff,

LARIMORE SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

which is limited to closed-system e-cigarettes (electronic nicotine delivery systems) as defined and described the Complaint and explicitly excludes open-end devices that use tanks.

9.    Plaintiff objects to Defendants' definition of "potential class member" as overbroad and unduly burdensome to the extent it seeks documents or information about any person or entity other than those identified in the Complaint. Plaintiff will not produce information or documents about any person or entity other than himself.

10.    Plaintiff objects to Defendants' definition of "relate to" or "relating to" in so far as they include terms such as "evidence, regard, concern, discuss, reflect, summarize, constitute, study, assess, analyze, explain, show, embody, discuss, describe, or comment upon— directly or indirectly—the subject matter identified" as overbroad, ambiguous, and unduly burdensome to discern how to interpret Defendants' definition and it is confusing and vague to the extent it ascribes meanings to these terms that are inconsistent with ordinary usage. Plaintiff is amenable to conferring with Defendants to better understand these terms.

11.    Plaintiff objects to Defendants' definition of "tobacco products" as overbroad and ambiguous, unduly burdensome, and disproportionate to the needs of the case as alleged, which is limited to closed-system e-cigarettes (electronic nicotine delivery systems) as defined and described the Complaint.

12.    Plaintiff objects to Defendants' definition of "you" and "your" to include "all Indirect Purchaser Plaintiffs and all of their agents, including attorneys, experts, and other representatives acting or purporting to act on behalf of an Indirect Purchaser Plaintiff" as overbroad and unduly burdensome. Plaintiff will respond to these Interrogatories on behalf of himself, and not on behalf of all "Indirect Purchaser Plaintiffs and all of their agents, including attorneys, experts, and other representatives acting or purporting to act on behalf of an Indirect Purchaser Plaintiff." Plaintiff further objects to Defendants' definition to the extent it seeks documents protected by the attorney work product and attorney-client

LARIMORE SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

privilege, and/or the premature disclosure of the identity, information about, or documents from, Indirect Reseller Plaintiffs' experts and/or consultants.

### RESPONSES AND OBJECTIONS TO INSTRUCTIONS

1.      Plaintiff objects to Instruction Number 1 as overbroad and unduly burdensome to the extent it seeks to impose on Plaintiff an obligation to supplement its Interrogatory responses in a specific manner or otherwise beyond what is required by Federal Rules of Civil Procedure Rules 33(b) and 26(e) or the Local Rules. If necessary, Plaintiff will supplement his responses in a timely manner within the meaning of the Federal Rules of Civil Procedure.

2.      Plaintiff objects to Instruction No. 2 as overbroad, vague and ambiguous, and disproportionate to the needs of the case to the extent it impermissibly seeks "all knowledge and information possessed by any person, including but not limited to any employee, agent, attorney, expert witness, consultant, representative, or other advisor subject to the instruction, direction, or control of you."  Plaintiff further objects to this instruction to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine or any other applicable privilege, or information prepared for, or generated in anticipation of, litigation. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules, and to the extent it seeks the premature disclosure of expert information and/or documents. Plaintiff will only provide non-privileged information and/or documents in his possession, custody, or control.

3.      Plaintiff objects to Instruction No. 5 as overbroad, unduly burdensome and harassing, as it seeks to impose on Plaintiff an obligation to provide at least eight granular details about every single document produced ("type of document, its title, author, recipients, date, Bates-stamp numbers, location of the document, and the custodian of the document") in lieu of preparing a compilation  even though the standard of what is required of a responding party when the burden of deriving or ascertaining the answer is substantially the

LARIMORE SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

same for either party is clearly set forth in Federal Rules of Civil Procedure Rule 33(d). If Plaintiff chooses to object to an Interrogatory in whole or in part on Rule 33(d) grounds, he will identify by Bates-stamp numbers the documents when those documents are produced to Defendants, which complies with the requirement described in Rule 33(d)(1).

4.      Plaintiff objects to Instruction No. 6 as unduly burdensome and harassing and beyond the scope and requirements of the Federal Rules of Civil Procedure Rule and the Local Rules, as it seeks to impose that Plaintiff provide "a detailed statement" of "why only a partial answer was given: and "to identify any documents or sources from which more complete information is obtainable." Plaintiff further objects to this instruction to the extent it seeks information protected by the attorney-client privilege, work-product doctrine or any other applicable privilege, or information prepared for, or generated in anticipation of, litigation and the premature disclosure of expert information and/or documents. Plaintiff will only provide non-privileged information and/or documents in his possession, custody, or control..

5.      Plaintiff objects to Instruction No. 7 as overbroad, unduly burdensome and harassing and disproportionate to the needs of the case, as it seeks to impose on Plaintiff even more criteria to disclose about "identifying" a person beyond Defendants' definition of "identify" or "identifying" above, such as the "full legal name of a person, the present or last known employer of a person, at the present or last known home and business address of a person" and is otherwise disproportionate to the needs of this case. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules.

6.      Plaintiff objects to Instruction No. 9 as overbroad, unduly burdensome and harassing, as it seeks to impose on Plaintiff an obligation to disclose information that is protected by the attorney-client privilege, work-product doctrine or any other applicable privilege, or information prepared for, or generated in anticipation of, litigation. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden

LARIMORE SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

not required by the Federal Rules of Civil Procedure or the Local Rules, and to the extent it seeks the premature disclosure of expert information and/or documents.

7.      Plaintiff objects to Instruction No. 10 as unduly burdensome and harassing, as it seeks to impose on Plaintiff an obligation to speculate about the underlying meaning of ambiguous language chosen by the Defendants. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules.

8.      Plaintiff objects to Instruction No. 11 as unintelligible, unduly burdensome and harassing, in so far as it seeks to impose on Plaintiff an obligation to prepare a privilege log for oral communications. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules. Plaintiff is amenable to conferring with Defendants to better understand this instruction.

9.      Plaintiff objects to Instruction No. 16 as unintelligible, unduly burdensome and harassing, as it seeks to impose on Plaintiff an obligation to respond in what is styled as "the present tense shall also include the past, future, and imperfect tenses" without providing a relevant time period for Defendants' Interrogatories. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules. Unless otherwise stated, Plaintiff will provide information consistent with the discovery period imposed by Defendants with regard to their own responses, i.e., January 1, 2017 through March 31, 2024.

**SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES**

**Interrogatory No. 1:**

Identify every address where you have lived during the alleged class period, and specify the month(s) and year(s) that you were at that address.

**Response:**

Subject to the objections set forth herein, Plaintiff responds as follows:  During the

time period between 2012 and 2015, Plaintiff lived at ███████████████ Santa Barbara, ████. From 2015 through the date of this response, Plaintiff lived at ████████ ███████████ Santa Barbara ████.

**Interrogatory No. 2:**

Describe how you became a class representative in this case.

**Response:**

Plaintiff objects to this interrogatory as vague and premature as Plaintiff has not yet been appointed or approved by the Court to be a class representative in this case.

**Interrogatory No. 3:**

Describe your past use of tobacco products other than ENDS products, including the particular types and brands of products purchased, the time period in which each type and brand of product was purchased, and the frequency of these purchases.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as overbroad and unduly burdensome in that it requires Plaintiff to describe his past use of all tobacco products (other than ENDs products), including the types, brands, time period, and frequency of purchases. Plaintiff objects to Defendants' definitions and instructions as to the term ENDS products as set forth above. Plaintiff further objects to this Interrogatory as seeking information outside the relevant time period. Plaintiff will not provide a response to this Interrogatory.

**Interrogatory No. 4:**

Identify the factors you took into account when deciding which ENDS products (including JUUL products) to purchase. List the factors in order of their importance to you in making your decision. If the factors you considered changed during the alleged class period, such that certain factors were more important at some times than others, explain how.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim

LARIMORE SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period. Plaintiff objects to Defendants' definitions and instructions as to the terms ENDS products and identity/identify as set forth above. Plaintiff further objects to this Interrogatory to the extent it includes subparts and is, therefore, beyond the limits for the total number of interrogatories set by the Federal Rules.

Subject to the objections set forth herein, Plaintiff responds as follows: Initially, Plaintiff considered the following factors in the following order when deciding which Closed System E-Cigarette products to purchase: strength and price. Subsequently, Plaintiff considered the following factors in the following order when deciding which Closed System E-Cigarette products to purchase: strength, price and flavor. Plaintiff experimented with some flavors, but taste never eclipsed price and strength as deciding factors.

**Interrogatory No. 5:**

Identify the factors that eliminated the ENDS products (including JUUL products) that you considered purchasing, but ultimately did not purchase, from your consideration. List the factors in order of their importance to you in making your decision. If the factors you considered changed during the alleged class period, such that certain factors were more important at some times than others, explain how.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period. Plaintiff objects to this Interrogatory to the extent it includes subparts and is therefore beyond the limits for the total number of interrogatories set by the Federal Rules. Plaintiff objects to Defendants' definitions and instructions as to the terms ENDS products and identity/identify as set forth above. Plaintiff further objects to this Interrogatory as duplicative of Interrogatory No. 4.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff refers

- 10 -

to his response to Interrogatory No. 4.

**Interrogatory No. 6:**

Identify any loyalty programs, coupons, rebates, and any other discounts, bundling, or other engagement strategies, that you used to purchase ENDS products (including JUUL products) at discounted prices.

**Response:**

Plaintiff objects to this Interrogatory as seeking irrelevant information as this case only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period. Plaintiff objects to this Interrogatory as vague and ambiguous with respect to the terms "bundling, or other engagement strategies." Plaintiff further objects to Defendants' definitions and instructions as to the terms ENDS products and identify as set forth above.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff has no recollection of participating in any recurring loyalty programs, rebates, or bundle discount, but did periodically make use of coupons.

**Interrogatory No. 7:**

Identify the particular ENDS products (including JUUL products) that you have purchased, including the particular types of ENDS products purchased, including flavor, the time period in which each type of product was purchased, the frequency of the purchases, the location(s) of the purchases, and the price paid for each purchase. To the extent your purchasing habits (e.g., frequency; brand; flavor; etc.) changed over time, explain how in your response. To the extent the price you paid for these items changed over time, explain how in your response.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period. Plaintiff

LARIMORE SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

objects to this Interrogatory as overbroad and unduly burdensome in that it seeks detailed information concerning every ENDS product Plaintiff has ever purchased, including the flavor, time period, frequency and price. Plaintiff further objects to Defendants' definitions and instructions as to the terms ENDS products and identify as set forth above.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff believes that during the period January 1, 2017 through March 31, 2024 the only ENDS products that he purchased or used were JUUL products. Plaintiff began using JUUL in 2016, and largely stopped in 2020, although he believes it is likely that he may have used JUUL on limited occasions in 2021, as he had a leftover device and some flavor cartridges. His use increased after he started using the product in 2016, then waxed and waned over time until he stopped. Plaintiff Larimore does not recall specific prices that he paid, but he does recall that, during the latter part of the period, the larger packages of JUUL became more difficult to find, and that the smaller packages were more expensive by volume than the large packets. He purchased JUUL at brick-and-convenience stores in Santa Barbara, including 7-11 stores, Presidio Market Liquor and Santa Barbara Liquors. As to JUUL, he primarily used the crème brulee flavor, as well as tobacco and mint/menthol flavors. He believes he may also have tried the blueberry flavor. Plaintiff never used an open system/tank product.

While Plaintiffs maintain their general objection to producing information for the period prior to January 1, 2017, Plaintiff Larimore states that prior to that date, he purchased the following products from various convenience stores in California at various times and for various durations: NJOY disposables and a product called "Blu" or "myBlu."

**Interrogatory No. 8:**

Identify every instance on which you sold ENDS products (including JUUL products) to another, including the date of the sale, the number of products sold, the identity of those products, the purchaser, the purchaser's age, and the sales price.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim

or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period.  Plaintiff objects to this Interrogatory as overbroad and unduly burdensome in that it seeks Plaintiff to identify "every instance."  Plaintiff further objects to Defendants' definitions and instructions as to the terms ENDS products and identity/identify as set forth above.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff has not sold Closed System E-Cigarette Products to others.

**Interrogatory No. 9:**

Identify all instances in which you asked someone to purchase JUUL products on your behalf for repayment, or vice versa, including the date of the purchase(s), the date of the repayment(s), the number of JUUL products purchased, the identity of those products, the location of the purchase(s), the price paid for each purchase, and the method(s) by which you repaid them or were yourself repaid.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period.  Plaintiff objects to this Interrogatory as overbroad and unduly burdensome in that it seeks Plaintiff to identify "all instances."  Plaintiff further objects to Defendants' definitions and instructions as to the term identity/identify as set forth above.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff never asked someone to purchase JUUL products on his behalf, with the exception that he may have asked his significant other or a friend to buy a pack for him as a part of their shopping.  If this occurred, it occurred very few (less than five times).

**Interrogatory No. 10:**

Describe in detail any communications concerning ENDS products (including JUUL products), or the subject matter of this litigation more broadly, between you and any third

- 13 -    Case No. 3:20-cv-02345-WHO

parties, including without limitation, member of the press or media and any potential class member, including the date of the communications, and the identity of the person with whom you communicated.

**Response**

Plaintiff objects to this Interrogatory to the extent it purports to require Plaintiff to "describe any communications concerning ENDS products or the subject matter of this litigation more broadly" for an undefined time period and between Plaintiff "and any third parties" for an undefined time period as unduly burdensome, harassing, and disproportionate to the needs of the litigation, as the relevance of such information, including dates and identification of every person spoken to or communicated with, does not outweigh the burden. Plaintiff objects to the extent that the Interrogatory it seeks information protected by the attorney client privilege. Plaintiff further objects to Defendants' definitions and instructions as to the terms ENDS products and identity/identify as set forth above. Plaintiff will not produce a response to this Interrogatory.

**Interrogatory No. 11:**

Identify (a) all parties holding contingency interests in the outcome of this case, (b) all parties who have already paid you any amount for your injuries alleged in this action, (c) all parties who have paid your attorneys any amount for their work related to this action, (d) all parties who have received through assignment any claims or damages assert [sic] in the complaint, and (e) any consideration (monetary or otherwise) associated with such an assignment. Include, without limitation, insurers, third-party finance companies, lenders of any kind, banks, and individuals.

**Response:**

Plaintiff objects to this Interrogatory as overbroad and unduly burdensome, as it seeks information about "parties" other than Plaintiff and is therefore outside Plaintiff's knowledge or that is irrelevant to Plaintiff's own role as a proposed class representative. Plaintiff further objects to this Interrogatory to the extent it includes subparts and is

LARIMORE SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

therefore beyond the limits for the total number of interrogatories set by the Federal Rules.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff has no agreement or expectation of receiving compensation for his role as a proposed class representation beyond what an absent class member may receive pursuant to a Court Order in connection with any future settlement or recovery at trial. He has not received any compensation, nor has he assigned any portion of his claim, nor has he received an assignment in connection with this litigation.

**Interrogatory No. 12:**

State the amount of damages (if any) you seek, and describe with specificity how this amount was calculated.

**Response:**

Plaintiff objects to this Interrogatory to the extent that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiffs' experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff will not produce preliminary calculations, to the extent they exist, as such information is work product, covered by the attorney client privilege, and unnecessarily intrudes on the right of the Parties to develop their case in privacy, or to analyze their case for inadmissible purposes, such as settlement. Plaintiff will not provide a response to this Interrogatory

**Interrogatory No. 13:**

Identify any lawsuit that you have ever filed, or class action settlement in which you have submitted a claim, including without limitation any lawsuits or settlements involving Defendants Juul Labs Inc. and Altria, and the amount of money recovered (if any).

**Response:**

Plaintiff objects to this Interrogatory as overly broad in scope and unduly burdensome in that it requires Plaintiffs to "[i]dentify any lawsuit that you have ever filed, or class action settlement in which you have submitted a claim…." without regard to time period or subject matter. Plaintiff objects to this Interrogatory to the extent that it seeks information that is not relevant to the claims, defenses, and subject matter of the current action nor proportional to

LARIMORE SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

the needs of the case.  Plaintiff further objects to the term "filed" as vague and ambiguous.

Subject to the objections set forth herein, Plaintiff responds as follows:  With respect to actions in which Juul Labs Inc. and Altria are named as defendants, this is the only lawsuit that Plaintiff has been associated with as a named plaintiff.  It is also the only legal action against any person or entity that Plaintiff Larimore instigated that does not fall under Plaintiffs' objection, set forth during the meet and confer process, to producing information about individual personal litigation.  To the best of Plaintiff's knowledge, he has not submitted a claim in connection with any class action settlement involving Juul Labs, Inc. or Altria.

**Interrogatory No. 14:**

Describe all factual bases that support your contention that the conduct alleged in the complaint injured all or a vast majority of the alleged class members in a measurable way, explaining in detail the scope and nature of that injury and how the magnitude of that injury should be measured. (See IPP Compl. ¶ 179.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself, and the information available to Defendants from the parallel FTC proceeding to which they were parties. In the context of this case, contention

LARIMORE SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 15:**

Identify all factual bases that support your contention that "As a direct and proximate result of Defendants' anticompetitive conduct, Plaintiffs were overcharged and sustained injury to their business and property," through "the payment of supracompetitive prices for JUUL's Closed-System E-Cigarettes." (IPP Compl. ¶ 20.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself, and the information available to Defendants from the parallel FTC proceeding to which they were parties. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 16:**

Identify each allegedly unlawful agreement that you contend Defendants Juul Labs Inc. and Altria entered that forms the basis of your complaint, including the date of each

agreement, who made each agreement on behalf of Defendant Altria, who made each agreement on behalf of Defendant Juul Labs Inc., and the precise scope of each agreement.

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself, and the information available to Defendants from the parallel FTC proceeding to which they were parties. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 17:**

Identify "all revenues, earnings, profits, compensation, and benefits that may have been obtained by [Defendant Altria] as a result of" the conduct alleged in the complaint. (See IPP Compl. ¶ 262.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts

Case No. 3:20-cv-02345-WHO
LARIMORE SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself, and the information available to Defendants from the parallel FTC proceeding to which they were parties. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 18:**

Identify all factual bases that support your contention that "Before the shutdown of Nu Mark, JUUL and Altria relied on price promotions to drive sales of their respective e-cigarette products. In addition, each monitored the other's pricing in setting its own strategy. Altria's decision to withdraw its Closed-System E-Cigarettes from the market brought this price competition to an end." (IPP Compl. ¶ 160.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself, and the information available to Defendants from

LARIMORE SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

the parallel FTC proceeding to which they were parties. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 19:**

Identify all factual bases that support your contention that "The Transaction was intended to, and did, increase JUUL's monopoly power." (IPP Compl. ¶ 157.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself, and the information available to Defendants from the parallel FTC proceeding to which they were parties. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 20:**

Identify all factual bases that support your contention that "The relevant product market for the purposes of this action is Closed-System E-Cigarettes." (IPP Compl. ¶ 126.)

**Response:**

LARIMORE SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself, and the information available to Defendants from the parallel FTC proceeding to which they were parties. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

Dated: October 14, 2024

/s/   Kate McGuire

Betsy C. Manifold (SBA 182450)
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Email: manifold@whafh.com

Thomas H. Burt (*pro hac vice*)
Kate M. McGuire (*pro hac vice*)
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600

- 21 -                              Case No. 3:20-cv-02345-WHO
LARIMORE SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

Email: burt@whafh.com
    mcguire@whafh.com

Fred T. Isquith, Sr. (*pro hac vice*)
**ISQUITH LAW PLLC**
103 84th St.
New York, NY 10028
Telephone: (718) 775-6478
Email: isquithlaw@gmail.com

Merle C. Meyers (SBN 66849)
Michele Thompson (SBN 241676)
**MEYERS LAW GROUP, P.C.**
44 Montgomery St. Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Email: mmeyers@meyerslawgroup.com
    mthompson@meyerslawgroup.com

*Counsel for Indirect Purchaser Plaintiffs*

Robin F. Zwerling (*pro hac vice*)
Susan Salvetti (*pro hac vice*)
Justin M. Tarshis (*pro hac vice*)
**ZWERLING, SCHACHTER & ZWERLING, LLP**
41 Madison Avenue
New York, NY 10010
Telephone: (212) 223-3900
Email: rzwerling@zsz.com
    ssalvetti@zsz.com
    jtarshis@zsz.com

*Interim Lead Counsel for the Indirect Purchaser Plaintiffs*

LARIMORE SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

I, Daraka Larimore, have read Plaintiff Daraka Larimore's Supplemental Responses and Objections to Defendants Altria Group, Inc. and Altria Enterprises LLC, First Set of Interrogatories, and state that they are true and correct to the best of my knowledge, information and belief.

October __, 2024

_____
Daraka Larimore

LARIMORE SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

# Exhibit 5

Robin F. Zwerling (*pro hac vice*)
Susan Salvetti (*pro hac vice*)
Justin M. Tarshis (*pro hac vice*)
**ZWERLING, SCHACHTER & ZWERLING, LLP**
41 Madison Avenue
New York, NY 10010
Telephone: (212) 223-3900
Facsimile: (212) 371-5969
Email: rzwerling@zsz.com
       ssalvetti@zsz.com
       jtarshis@zsz.com

*Interim Lead Counsel for the Indirect Purchaser Plaintiffs*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JUUL LABS, INC. ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>**All Indirect Purchaser Actions** | Master File No. 3:20-cv-02345-WHO<br><br>**PLAINTIFF ADAM MATSCHULLAT'S RESPONSES AND OBJECTIONS TO DEFENDANTS ALTRIA GROUP, INC. AND ALTRIA ENTERPRISES LLC, FIRST SET OF INTERROGATORIES** |

Case No. 3:20-cv-02345-WHO

Pursuant to Federal Rules of Civil Procedure 26 and 33, Indirect Purchaser Plaintiff Adam Matschullat ("Plaintiff"), by and through his attorneys of record, hereby provides the following supplemented responses and objections to Defendants Altria Group, Inc. and Altria Enterprises LLC, (together, "Altria" or "Defendants") First Set of Interrogatories dated March 14, 2024 ("Interrogatories") as follows. This supplementation of the responses and objections is made pursuant to agreements reached during the parties' meet and confer process.

## SCOPE LIMITATIONS ON PLAINTIFF'S RESPONSES

**1.** **Scope:** Plaintiff provides these responses and objections to the following Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules, the Court's orders, and any other applicable order, agreement, or rule. Plaintiff responds and objects to the Interrogatories as he interprets and understands them, based upon Plaintiff's current knowledge and belief after reasonable inquiry and investigation. Plaintiff reserves his right to supplement, amend, clarify, correct, or modify these responses and objections as necessary, and to employ at trial or at any pre-trial proceeding, additional information and information subsequently obtained or discovered, including information the materiality of which is not presently ascertained, or information the Plaintiff does not regard as coming within the scope of each Interrogatory as Plaintiff understands them. Plaintiff objects to each Interrogatory to the extent that it seeks personal information unrelated to this litigation.

**2.** **Limits:** These responses are made solely for the purpose of this action. Each Interrogatory is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privacy, privilege, and any and all other objections that would require exclusion of any statement contained herein if such Interrogatory were asked of a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial. Except for explicit facts admitted here, no incidental or implied admissions are intended. Plaintiff's responses or objections to any Interrogatory or part of an Interrogatory are not an admission of any facts set forth or assumed by that Interrogatory. In addition, each of Plaintiff's responses to an Interrogatory or part of an Interrogatory is not a waiver of part

or all of any objection he might make to that Interrogatory, or an admission that such answer or objection constitutes admissible evidence. All responses provided are based on Plaintiff's present information and belief.

**3.    Privilege and Attorney Work-Product**. Plaintiff will not disclose information protected from disclosure by the attorney-client privilege or the attorney-work product doctrine, or any other applicable privilege or protection provided by law. If Plaintiff does not assert a specific privilege or attorney work-product objection to any specific Interrogatory, it is because he does not understand that Interrogatory to seek privileged information or attorney work product. Any information disclosed in response to an Interrogatory or documents produced in lieu of a response to an Interrogatory by Plaintiff will be disclosed or produced without waiving—and, indeed, reserving and intending to reserve—each of these privileges, protections or immunities, and any accidental or unintentional disclosure of privileged or protected material is not intended to be a waiver of any applicable privilege or protection.

**4.    Possession, Custody or Control**. Plaintiff objects to the Interrogatories, Definitions, and Instructions to the extent that they seek or purport to call for information not in Plaintiff's possession, custody or control, but in the possession, custody or control of Plaintiff's counsel or other persons. Plaintiff construes each Interrogatory as seeking only information in Plaintiff's possession, custody or control.

**5.    Responses Based on Information Currently Known to Plaintiff and Without Waiver**. These responses are being made after reasonable inquiry into the relevant facts and are based only upon the information that is currently known to Plaintiff. Further investigation and discovery may result in the identification of additional information, and Plaintiff reserves the right to modify his responses and objections to, and to supplement his responses to, any Interrogatories. In providing these Interrogatory responses and objections, Plaintiff does not waive, and expressly preserves, all claims and defenses. In addition, Plaintiff provides these responses and objections without waiving or intending to waive (a)

- 2 -                    Case No. 3:20-cv-02345-WHO

Docusign Envelope ID: 0C07E117-302E-48C4-9159-69E8D0F4BA5B

any objections as to the relevance, materiality, privileged status, or admissibility as evidence, for any purpose, of any information provided in response to the Interrogatory; (b) the right to object on any ground at any time to a demand for further responses to the Interrogatories; and (c) the right to revise, amend, supplement, or clarify any of the responses and objections set forth herein.

## RESPONSES AND OBJECTIONS TO DEFINITIONS

Plaintiff incorporates each of the following objections to definitions into each response to the individually numbered Interrogatories where the objected to term is used, as if they were stated in each of those responses.

1. Plaintiff objects to Defendants' definition of "advertisement" or "advertising" as overbroad, ambiguous, unduly burdensome and disproportionate to the needs of the case as alleged by Plaintiff, as these terms are defined to include "artistic, physical, television, film, radio, audio, video, web-based, or other medium identifying or describing the features, benefits, desirability, or availability of a product, or otherwise implicitly or explicitly promoting the purchase, use, or discussion of the product" and are beyond advertising, if any, provided to Plaintiff. Plaintiff further objects that this definition is well beyond the scope of the allegations of Indirect Purchaser Plaintiffs' Amended Consolidated Class Action Complaint (the "Complaint") (ECF No. 271).

2. Plaintiff objects to Defendants' definition of "alleged class period" to the extent it can be interpreted as seeking discovery beyond the date of March 31, 2024 that was imposed by Defendants with regard to their own discovery responses. Plaintiff further objects to this definition on the grounds that most of Defendants' Interrogatories do not specify a time period, and, therefore, are vague and overbroad.

3. Plaintiff objects to Defendants' definition of "concern" or "concerning" in so far as it includes terms such as reflecting, containing, pertaining, supporting, indicating, showing, evidencing, discussing, mentioning, bearing upon, comprising as overbroad, ambiguous, unduly burdensome to discern how to interpret this expanded definition and it is

confusing and vague to the extent it ascribes meanings to these terms that are inconsistent with ordinary usage. Plaintiff is amenable to conferring to understand Defendants' additional terms and why the terms "concern" or "concerning" are insufficient.

4. Plaintiff objects to Defendants' definition of "devices" as overbroad, ambiguous, unduly burdensome and disproportionate to the needs of the case as alleged, which is limited to closed-system e-cigarettes as defined and described in the Complaint.

5. Plaintiff objects to Defendants' definition of "ENDS product" or "ENDS products" as overbroad, ambiguous, unduly burdensome, and disproportionate to the needs of the case as alleged, which is limited to closed-system e-cigarettes (electronic nicotine delivery systems) as defined and described in the Complaint and explicitly excludes open-end devices that use tanks.

6. Plaintiff objects to Defendants' definition of "identify" or "identifying" as overbroad, and unduly burdensome as it seeks date of birth and telephone numbers and is otherwise disproportionate to the needs of this case.

7. Plaintiff objects to Defendants' definition of "marketing" and "marketing practice" as overbroad, ambiguous, unduly burdensome, and disproportionate to the needs of the case as alleged in the Complaint, making it unintelligible. For example, promoting "procurement, use, or discussion of a product or service, whether to consumers or commercial entities" and that "such acts, practices, or strategies include but are not limited to product design, packaging design . . . branding . . . product distribution, soliciting or otherwise generating media exposure" including "hosting or sponsoring events" and "any other act, practice, strategy, or decision designed or intended to increase the effectiveness of any of the foregoing acts or practices." Plaintiff is amenable to conferring to better understand how and why Defendants believe this definition of "marketing" is applicable to Plaintiff's purchase of closed system e-cigarettes.

8. Plaintiff objects to Defendants' definition of "pods" as overbroad, ambiguous, unduly burdensome, and disproportionate to the needs of the case as alleged by Plaintiff,

MATSCHULLAT RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

which is limited to closed-system e-cigarettes (electronic nicotine delivery systems) as defined and described the Complaint and explicitly excludes open-end devices that use tanks.

9. Plaintiff objects to Defendants' definition of "potential class member" as overbroad and unduly burdensome to the extent it seeks documents or information about any person or entity other than those identified in the Complaint. Plaintiff will not produce information or documents about any person or entity other than himself.

10. Plaintiff objects to Defendants' definition of "relate to" or "relating to" in so far as they include terms such as "evidence, regard, concern, discuss, reflect, summarize, constitute, study, assess, analyze, explain, show, embody, discuss, describe, or comment upon— directly or indirectly—the subject matter identified" as overbroad, ambiguous, and unduly burdensome to discern how to interpret Defendants' definition and it is confusing and vague to the extent it ascribes meanings to these terms that are inconsistent with ordinary usage. Plaintiff is amenable to conferring with Defendants to better understand these terms.

11. Plaintiff objects to Defendants' definition of "tobacco products" as overbroad and ambiguous, unduly burdensome, and disproportionate to the needs of the case as alleged, which is limited to closed-system e-cigarettes (electronic nicotine delivery systems) as defined and described the Complaint.

12. Plaintiff objects to Defendants' definition of "you" and "your" to include "all Indirect Purchaser Plaintiffs and all of their agents, including attorneys, experts, and other representatives acting or purporting to act on behalf of an Indirect Purchaser Plaintiff" as overbroad and unduly burdensome. Plaintiff will respond to these Interrogatories on behalf of himself, and not on behalf of all "Indirect Purchaser Plaintiffs and all of their agents, including attorneys, experts, and other representatives acting or purporting to act on behalf of an Indirect Purchaser Plaintiff." Plaintiff further objects to Defendants' definition to the extent it seeks documents protected by the attorney work product and attorney-client

privilege, and/or the premature disclosure of the identity, information about, or documents from, Indirect Reseller Plaintiffs' experts and/or consultants.

## **RESPONSES AND OBJECTIONS TO INSTRUCTIONS**

1.      Plaintiff objects to Instruction Number 1 as overbroad and unduly burdensome to the extent it seeks to impose on Plaintiff an obligation to supplement its Interrogatory responses in a specific manner or otherwise beyond what is required by Federal Rules of Civil Procedure Rules 33(b) and 26(e) or the Local Rules. If necessary, Plaintiff will supplement his responses in a timely manner within the meaning of the Federal Rules of Civil Procedure.

2.      Plaintiff objects to Instruction No. 2 as overbroad, vague and ambiguous, and disproportionate to the needs of the case to the extent it impermissibly seeks "all knowledge and information possessed by any person, including but not limited to any employee, agent, attorney, expert witness, consultant, representative, or other advisor subject to the instruction, direction, or control of you." Plaintiff further objects to this instruction to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine or any other applicable privilege, or information prepared for, or generated in anticipation of, litigation. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules, and to the extent it seeks the premature disclosure of expert information and/or documents. Plaintiff will only provide non-privileged information and/or documents in his possession, custody, or control.

3.      Plaintiff objects to Instruction No. 5 as overbroad, unduly burdensome and harassing, as it seeks to impose on Plaintiff an obligation to provide at least eight granular details about every single document produced ("type of document, its title, author, recipients, date, Bates-stamp numbers, location of the document, and the custodian of the document") in lieu of preparing a compilation  even though the standard of what is required of a responding party when the burden of deriving or ascertaining the answer is substantially the

same for either party is clearly set forth in Federal Rules of Civil Procedure Rule 33(d). If Plaintiff chooses to object to an Interrogatory in whole or in part on Rule 33(d) grounds, he will identify by Bates-stamp numbers the documents when those documents are produced to Defendants, which complies with the requirement described in Rule 33(d)(1).

4.     Plaintiff objects to Instruction No. 6 as unduly burdensome and harassing and beyond the scope and requirements of the Federal Rules of Civil Procedure Rule and the Local Rules, as it seeks to impose that Plaintiff provide "a detailed statement" of "why only a partial answer was given: and "to identify any documents or sources from which more complete information is obtainable." Plaintiff further objects to this instruction to the extent it seeks information protected by the attorney-client privilege, work-product doctrine or any other applicable privilege, or information prepared for, or generated in anticipation of, litigation and the premature disclosure of expert information and/or documents. Plaintiff will only provide non-privileged information and/or documents in his possession, custody, or control..

5.     Plaintiff objects to Instruction No. 7 as overbroad, unduly burdensome and harassing and disproportionate to the needs of the case, as it seeks to impose on Plaintiff even more criteria to disclose about "identifying" a person beyond Defendants' definition of "identify" or "identifying" above, such as the "full legal name of a person, the present or last known employer of a person, at the present or last known home and business address of a person" and is otherwise disproportionate to the needs of this case. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules.

6.     Plaintiff objects to Instruction No. 9 as overbroad, unduly burdensome and harassing, as it seeks to impose on Plaintiff an obligation to disclose information that is protected by the attorney-client privilege, work-product doctrine or any other applicable privilege, or information prepared for, or generated in anticipation of, litigation. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden

not required by the Federal Rules of Civil Procedure or the Local Rules, and to the extent it seeks the premature disclosure of expert information and/or documents.

7.    Plaintiff objects to Instruction No. 10 as unduly burdensome and harassing, as it seeks to impose on Plaintiff an obligation to speculate about the underlying meaning of ambiguous language chosen by the Defendants. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules.

8.    Plaintiff objects to Instruction No. 11 as unintelligible, unduly burdensome and harassing, in so far as it seeks to impose on Plaintiff an obligation to prepare a privilege log for oral communications. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules. Plaintiff is amenable to conferring with Defendants to better understand this instruction.

9.    Plaintiff objects to Instruction No. 16 as unintelligible, unduly burdensome and harassing, as it seeks to impose on Plaintiff an obligation to respond in what is styled as "the present tense shall also include the past, future, and imperfect tenses" without providing a relevant time period for Defendants' Interrogatories. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules. Unless otherwise stated, Plaintiff will provide information consistent with the discovery period imposed by Defendants with regard to their own responses, i.e., January 1, 2017 through March 31, 2024.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

**Interrogatory No. 1:**

Identify every address where you have lived during the alleged class period, and specify the month(s) and year(s) that you were at that address.

**Response:**

Subject to the objections set forth herein, Plaintiff responds as follows:  During the

class period, Plaintiff has lived at ███████████████████████████ California, ████.

**Interrogatory No. 2:**

Describe how you became a class representative in this case.

**Response:**

Plaintiff objects to this interrogatory as vague and premature as Plaintiff has not yet been appointed or approved by the Court to be a class representative in this case.

**Interrogatory No. 3:**

Describe your past use of tobacco products other than ENDS products, including the particular types and brands of products purchased, the time period in which each type and brand of product was purchased, and the frequency of these purchases.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as overbroad and unduly burdensome in that it requires Plaintiff to describe his past use of all tobacco products (other than ENDs products), including the types, brands, time period, and frequency of purchases. Plaintiff objects to Defendants' definitions and instructions as to the term ENDS products as set forth above. Plaintiff further objects to this Interrogatory as seeking information outside the relevant time period. Plaintiff will not provide a response to this Interrogatory.

**Interrogatory No. 4:**

Identify the factors you took into account when deciding which ENDS products (including JUUL products) to purchase. List the factors in order of their importance to you in making your decision. If the factors you considered changed during the alleged class period, such that certain factors were more important at some times than others, explain how.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff

objects to this Interrogatory as seeking information outside the relevant time period. Plaintiff objects to Defendants' definitions and instructions as to the terms ENDS products and identity/identify as set forth above. Plaintiff further objects to this Interrogatory to the extent it includes subparts and is, therefore, beyond the limits for the total number of interrogatories set by the Federal Rules.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff initially chose Juul products over other ENDS because he found the product to be most similar to cigarettes and because stores nearest his house carried Juul products. The former reason was more important to Plaintiff than the latter.

**Interrogatory No. 5:**

Identify the factors that eliminated the ENDS products (including JUUL products) that you considered purchasing, but ultimately did not purchase, from your consideration. List the factors in order of their importance to you in making your decision. If the factors you considered changed during the alleged class period, such that certain factors were more important at some times than others, explain how.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period. Plaintiff objects to this Interrogatory to the extent it includes subparts and is therefore beyond the limits for the total number of interrogatories set by the Federal Rules. Plaintiff objects to Defendants' definitions and instructions as to the terms ENDS products and identity/identify as set forth above. Plaintiff further objects to this Interrogatory as duplicative of Interrogatory No. 4.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff refers to his response to Interrogatory No. 4.

**Interrogatory No. 6:**

Identify any loyalty programs, coupons, rebates, and any other discounts, bundling,

- 10 -                    Case No. 3:20-cv-02345-WHO

or other engagement strategies, that you used to purchase ENDS products (including JUUL products) at discounted prices.

**Response:**

Plaintiff objects to this Interrogatory as seeking irrelevant information as this case only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period.  Plaintiff objects to this Interrogatory as vague and ambiguous with respect to the terms "bundling, or other engagement strategies." Plaintiff further objects to Defendants' definitions and instructions as to the terms ENDS products and identify as set forth above.

Subject to the objections set forth herein, Plaintiff responds as follows:  Plaintiff has no recollection of participating in any recurring loyalty programs, rebates, or bundle discount, but did periodically make use of coupons.

**Interrogatory No. 7:**

Identify the particular ENDS products (including JUUL products) that you have purchased, including the particular types of ENDS products purchased, including flavor, the time period in which each type of product was purchased, the frequency of the purchases, the location(s) of the purchases, and the price paid for each purchase. To the extent your purchasing habits (e.g., frequency; brand; flavor; etc.) changed over time, explain how in your response. To the extent the price you paid for these items changed over time, explain how in your response.

**Response (Supplemented):**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period.  Plaintiff objects to this Interrogatory as overbroad and unduly burdensome in that it seeks detailed information concerning every ENDS product Plaintiff has ever purchased, including the flavor, time period, frequency and price.  Plaintiff further objects to Defendants' definitions

MATSCHULLAT RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

and instructions as to the terms ENDS products and identify as set forth above.

Subject to the objections set forth herein, Plaintiff responds as follows:  Plaintiff used JUUL for approximately four to six months in 2019. He used the regular tobacco flavor and has no recollection of using any other flavor.  The frequency of his usage of the product slowly decreased over his four-to-six-month period until he stopped using it.  Plaintiff does not specifically recall purchasing any ENDS products (other than JUUL) during the period January 1, 2017 through March 31, 2024.

**Interrogatory No. 8:**

Identify every instance on which you sold ENDS products (including JUUL products) to another, including the date of the sale, the number of products sold, the identity of those products, the purchaser, the purchaser's age, and the sales price.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period.  Plaintiff objects to this Interrogatory as overbroad and unduly burdensome in that it seeks Plaintiff to identify "every instance."  Plaintiff further objects to Defendants' definitions and instructions as to the terms ENDS products and identity/identify as set forth above.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff has not sold Closed System E-Cigarette Products to others.

**Interrogatory No. 9:**

Identify all instances in which you asked someone to purchase JUUL products on your behalf for repayment, or vice versa, including the date of the purchase(s), the date of the repayment(s), the number of JUUL products purchased, the identity of those products, the location of the purchase(s), the price paid for each purchase, and the method(s) by which you repaid them or were yourself repaid.

**Response:**

MATSCHULLAT RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period. Plaintiff objects to this Interrogatory as overbroad and unduly burdensome in that it seeks Plaintiff to identify "all instances." Plaintiff further objects to Defendants' definitions and instructions as to the term identity/identify as set forth above.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff never asked someone to purchase JUUL products on his behalf that he recalls.

**Interrogatory No. 10:**

Describe in detail any communications concerning ENDS products (including JUUL products), or the subject matter of this litigation more broadly, between you and any third parties, including without limitation, member of the press or media and any potential class member, including the date of the communications, and the identity of the person with whom you communicated.

**Response**

Plaintiff objects to this Interrogatory to the extent it purports to require Plaintiff to "describe any communications concerning ENDS products or the subject matter of this litigation more broadly" for an undefined time period and between Plaintiff "and any third parties" for an undefined time period as unduly burdensome, harassing, and disproportionate to the needs of the litigation, as the relevance of such information, including dates and identification of every person spoken to or communicated with, does not outweigh the burden. Plaintiff objects to the extent that the Interrogatory it seeks information protected by the attorney client privilege. Plaintiff further objects to Defendants' definitions and instructions as to the terms ENDS products and identity/identify as set forth above. Plaintiff will not produce a response to this Interrogatory.

**Interrogatory No. 11:**

Identify (a) all parties holding contingency interests in the outcome of this case, (b)

- 13 -                    Case No. 3:20-cv-02345-WHO

all parties who have already paid you any amount for your injuries alleged in this action, (c) all parties who have paid your attorneys any amount for their work related to this action, (d) all parties who have received through assignment any claims or damages assert [sic] in the complaint, and (e) any consideration (monetary or otherwise) associated with such an assignment. Include, without limitation, insurers, third-party finance companies, lenders of any kind, banks, and individuals.

**Response:**

Plaintiff objects to this Interrogatory as overbroad and unduly burdensome, as it seeks information about "parties" other than Plaintiff and is therefore outside Plaintiff's knowledge or that is irrelevant to Plaintiff's own role as a proposed class representative. Plaintiff further objects to this Interrogatory to the extent it includes subparts and is therefore beyond the limits for the total number of interrogatories set by the Federal Rules.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff has no agreement or expectation of receiving compensation for his role as a proposed class representation beyond what an absent class member may receive pursuant to a Court Order in connection with any future settlement or recovery at trial. He has not received any compensation, nor has he assigned any portion of his claim, nor has he received an assignment in connection with this litigation.

**Interrogatory No. 12:**

State the amount of damages (if any) you seek, and describe with specificity how this amount was calculated.

**Response:**

Plaintiff objects to this Interrogatory to the extent that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiffs' experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff will not produce preliminary calculations, to the extent they exist, as such information is work product, covered by the attorney client privilege, and unnecessarily intrudes on the right of

the Parties to develop their case in privacy, or to analyze their case for inadmissible purposes, such as settlement. Plaintiff will not provide a response to this Interrogatory

**Interrogatory No. 13:**

Identify any lawsuit that you have ever filed, or class action settlement in which you have submitted a claim, including without limitation any lawsuits or settlements involving Defendants Juul Labs Inc. and Altria, and the amount of money recovered (if any).

**Response (Supplemented):**

Plaintiff objects to this Interrogatory as overly broad in scope and unduly burdensome in that it requires Plaintiffs to "[i]dentify any lawsuit that you have ever filed, or class action settlement in which you have submitted a claim…." without regard to time period or subject matter.  Plaintiff objects to this Interrogatory to the extent that it seeks information that is not relevant to the claims, defenses, and subject matter of the current action nor proportional to the needs of the case.  Plaintiff further objects to the term "filed" as vague and ambiguous.

Subject to the objections set forth herein, Plaintiff responds as follows:  With respect to actions in which Juul Labs Inc. and Altria are named as defendants, this is the only lawsuit that Plaintiff has been associated with as a named plaintiff.  Plaintiff was a proposed class representative at an early stage of *In re: Experian Data Breach Litigation*, Case No. 8:15-cv-1592, C.D. Cal. (and was an original named plaintiff in *Davis et al. v. Experian Holdings Inc.*, Case No. 8:15-cv-1748, C.D. Cal., which was consolidated into)) at an early stage of the litigation, but he voluntarily dismissed his claim prior to settlement.  He did not file a claim in that litigation.  Plaintiff was also named plaintiff and a proposed class representative in *NFL Sunday Ticket case (Jon2 LLC et al. v. National Football League Inc. et al.*), Case No. 2:15-cv-9655, C.D. Cal.) (first filed in *Jon2 LLC d/b/a Mannys on 2nd et al v. National Football League, Inc. et al.*, Case No. 1:15-cv-6692, S.D.N.Y.).  Plaintiff does not recall any other class actions in which he may have filed a claim.

**Interrogatory No. 14:**

Describe all factual bases that support your contention that the conduct alleged in the complaint injured all or a vast majority of the alleged class members in a measurable way,

- 15 -    Case No. 3:20-cv-02345-WHO

explaining in detail the scope and nature of that injury and how the magnitude of that injury should be measured. (See IPP Compl. ¶ 179.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself, and the information available to Defendants from the parallel FTC proceeding to which they were parties. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 15:**

Identify all factual bases that support your contention that "As a direct and proximate result of Defendants' anticompetitive conduct, Plaintiffs were overcharged and sustained injury to their business and property," through "the payment of supracompetitive prices for JUUL's Closed-System E-Cigarettes." (IPP Compl. ¶ 20.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less

- 16 -    Case No. 3:20-cv-02345-WHO

burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself, and the information available to Defendants from the parallel FTC proceeding to which they were parties. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 16:**

Identify each allegedly unlawful agreement that you contend Defendants Juul Labs Inc. and Altria entered that forms the basis of your complaint, including the date of each agreement, who made each agreement on behalf of Defendant Altria, who made each agreement on behalf of Defendant Juul Labs Inc., and the precise scope of each agreement.

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself, and the information available to Defendants from the parallel FTC proceeding to which they

MATSCHULLAT RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

were parties. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 17:**

Identify "all revenues, earnings, profits, compensation, and benefits that may have been obtained by [Defendant Altria] as a result of" the conduct alleged in the complaint. (See IPP Compl. ¶ 262.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself, and the information available to Defendants from the parallel FTC proceeding to which they were parties. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 18:**

Identify all factual bases that support your contention that "Before the shutdown of Nu Mark, JUUL and Altria relied on price promotions to drive sales of their respective e-

- 18 -

cigarette products. In addition, each monitored the other's pricing in setting its own strategy. Altria's decision to withdraw its Closed-System E-Cigarettes from the market brought this price competition to an end." (IPP Compl. ¶ 160.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself, and the information available to Defendants from the parallel FTC proceeding to which they were parties. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 19:**

Identify all factual bases that support your contention that "The Transaction was intended to, and did, increase JUUL's monopoly power." (IPP Compl. ¶ 157.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions

- 19 -                     Case No. 3:20-cv-02345-WHO

that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself, and the information available to Defendants from the parallel FTC proceeding to which they were parties. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 20:**

Identify all factual bases that support your contention that "The relevant product market for the purposes of this action is Closed-System E-Cigarettes." (IPP Compl. ¶ 126.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself, and the information available to Defendants from the parallel FTC proceeding to which they were parties. In the context of this case, contention

interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

Dated:  September 30, 2024

/s/ *Thomas H. Burt*
Thomas H. Burt (*pro hac vice*)
Kate M. McGuire (*pro hac vice*)
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Email: burt@whafh.com

Betsy C. Manifold (SBA 182450)
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Email: manifold@whafh.com

Fred T. Isquith, Sr. (*pro hac vice*)
**ISQUITH LAW PLLC**
103 84th St.
New York, NY 10028
Telephone: (718) 775-6478
Email: isquithlaw@gmail.com

Merle C. Meyers (SBN 66849)
Michele Thompson (SBN 241676)
**MEYERS LAW GROUP, P.C.**
44 Montgomery St. Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Email: mmeyers@meyerslawgroup.com
          mthompson@meyerslawgroup.com

*Counsel for Indirect Purchaser Plaintiffs*

**ZWERLING, SCHACHTER & ZWERLING, LLP**
Robin F. Zwerling (*pro hac vice*)
Susan Salvetti (*pro hac vice*)
Justin M. Tarshis (*pro hac vice*)
41 Madison Avenue
New York, NY 10010

Telephone: (212) 223-3900
Email: rzwerling@zsz.com
       ssalvetti@zsz.com
       jtarshis@zsz.com

*Interim Lead Counsel for the Indirect Purchaser
Plaintiffs*

MATSCHULLAT RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

I, Adam Matschullat, have read Plaintiff Adam Matschullat's Supplemental Responses and Objections to Defendants Altria Group, Inc. and Altria Enterprises LLC, First Set of Interrogatories, and state that they are true and correct to the best of my knowledge, information and belief.

Dated: 9/27/2024
_____

Signed by:

_____
6A82354A26A34AD...

Adam Matschullat

- 23 -    Case No. 3:20-cv-02345-WHO

# Exhibit 6

Robin F. Zwerling (*pro hac vice*)
Susan Salvetti (*pro hac vice*)
Justin M. Tarshis (*pro hac vice*)
**ZWERLING, SCHACHTER & ZWERLING, LLP**
41 Madison Avenue
New York, NY 10010
Telephone: (212) 223-3900
Facsimile: (212) 371-5969
Email: rzwerling@zsz.com
         ssalvetti@zsz.com
         jtarshis@zsz.com

*Interim Lead Counsel for the Indirect Purchaser Plaintiffs*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JUUL LABS, INC. ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>**All Indirect Purchaser Actions** | Master File No. 3:20-cv-02345-WHO<br><br>**PLAINTIFF DYLAN PANG'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS ALTRIA GROUP, INC. AND ALTRIA ENTERPRISES LLC, FIRST SET OF INTERROGATORIES** |

Case No. 3:20-cv-02345-WHO

Pursuant to Federal Rules of Civil Procedure 26 and 33, Indirect Purchaser Plaintiff Dylan Pang ("Plaintiff"), by and through his attorneys of record, hereby responds and objects to Defendants Altria Group, Inc. and Altria Enterprises LLC, (together, "Altria" or "Defendants") First Set of Interrogatories dated March 14, 2024 ("Interrogatories") as follows:

### SCOPE LIMITATIONS ON PLAINTIFF'S RESPONSES

**1.** **Scope:** Plaintiff provides these responses and objections to the following Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules, the Court's orders, and any other applicable order, agreement, or rule. Plaintiff responds and objects to the Interrogatories as he interprets and understands them, based upon Plaintiff's current knowledge and belief after reasonable inquiry and investigation. Plaintiff reserves his right to supplement, amend, clarify, correct, or modify these responses and objections as necessary, and to employ at trial or at any pre-trial proceeding, additional information and information subsequently obtained or discovered, including information the materiality of which is not presently ascertained, or information the Plaintiff does not regard as coming within the scope of each Interrogatory as Plaintiff understands them. Plaintiff objects to each Interrogatory to the extent that it seeks personal information unrelated to this litigation.

**2.** **Limits:** These responses are made solely for the purpose of this action. Each Interrogatory is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privacy, privilege, and any and all other objections that would require exclusion of any statement contained herein if such Interrogatory were asked of a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial. Except for explicit facts admitted here, no incidental or implied admissions are intended. Plaintiff's responses or objections to any Interrogatory or part of an Interrogatory are not an admission of any facts set forth or assumed by that Interrogatory. In addition, each of Plaintiff's responses to an Interrogatory or part of an Interrogatory is not a waiver of part or all of any objection he might make to that Interrogatory, or an admission that such answer

or objection constitutes admissible evidence. All responses provided are based on Plaintiff's present information and belief.

**3.** **Privilege and Attorney Work-Product**. Plaintiff will not disclose information protected from disclosure by the attorney-client privilege or the attorney-work product doctrine, or any other applicable privilege or protection provided by law. If Plaintiff does not assert a specific privilege or attorney work-product objection to any specific Interrogatory, it is because he does not understand that Interrogatory to seek privileged information or attorney work product. Any information disclosed in response to an Interrogatory or documents produced in lieu of a response to an Interrogatory by Plaintiff will be disclosed or produced without waiving—and, indeed, reserving and intending to reserve—each of these privileges, protections or immunities, and any accidental or unintentional disclosure of privileged or protected material is not intended to be a waiver of any applicable privilege or protection.

**4.** **Possession, Custody or Control**. Plaintiff objects to the Interrogatories, Definitions, and Instructions to the extent that they seek or purport to call for information not in Plaintiff's possession, custody or control.

**5.** **Responses Based on Information Currently Known to Plaintiff and Without Waiver**. These responses are being made after reasonable inquiry into the relevant facts and are based only upon the information that is currently known to Plaintiff. Further investigation and discovery may result in the identification of additional information, and Plaintiff reserves the right to modify his responses and objections to, and to supplement his responses to, any Interrogatories. In providing these Interrogatory responses and objections, Plaintiff does not waive, and expressly preserves, all claims and defenses. In addition, Plaintiff provides these responses and objections without waiving or intending to waive (a) any objections as to the relevance, materiality, privileged status, or admissibility as evidence, for any purpose, of any information provided in response to the Interrogatory; (b) the right to object on any ground at any time to a demand for further responses to the Interrogatories;

and (c) the right to revise, amend, supplement, or clarify any of the responses and objections set forth herein.

## RESPONSES AND OBJECTIONS TO DEFINITIONS

Plaintiff incorporates each of the following objections to definitions into each response to the individually numbered Interrogatories where the objected to term is used, as if they were stated in each of those responses.

1. Plaintiff objects to Defendants' definition of "advertisement" or "advertising" as overbroad, ambiguous, unduly burdensome and disproportionate to the needs of the case as alleged by Plaintiff, as these terms are defined to include "artistic, physical, television, film, radio, audio, video, web-based, or other medium identifying or describing the features, benefits, desirability, or availability of a product, or otherwise implicitly or explicitly promoting the purchase, use, or discussion of the product" and are beyond advertising, if any, provided to Plaintiff. Plaintiff further objects that this definition is well beyond the scope of the allegations of Indirect Purchaser Plaintiffs' Amended Consolidated Class Action Complaint (the "Complaint") (ECF No. 271).

2. Plaintiff objects to Defendants' definition of "alleged class period" to the extent it can be interpreted as seeking discovery beyond the date of March 31, 2024 that was imposed by Defendants with regard to their own discovery responses. Plaintiff further objects to this definition on the grounds that most of Defendants' Interrogatories do not specify a time period, and, therefore, are vague and overbroad.

3. Plaintiff objects to Defendants' definition of "concern" or "concerning" in so far as it includes terms such as reflecting, containing, pertaining, supporting, indicating, showing, evidencing, discussing, mentioning, bearing upon, comprising as overbroad, ambiguous, unduly burdensome to discern how to interpret this expanded definition and it is confusing and vague to the extent it ascribes meanings to these terms that are inconsistent with ordinary usage. Plaintiff is amenable to conferring to understand Defendants' additional terms and why the terms "concern" or "concerning" are insufficient.

4.     Plaintiff objects to Defendants' definition of "devices" as overbroad, ambiguous, unduly burdensome and disproportionate to the needs of the case as alleged, which is limited to closed-system e-cigarettes as defined and described in the Complaint.

5.     Plaintiff objects to Defendants' definition of "ENDS product" or "ENDS products" as overbroad, ambiguous, unduly burdensome, and disproportionate to the needs of the case as alleged, which is limited to closed-system e-cigarettes (electronic nicotine delivery systems) as defined and described in the Complaint and explicitly excludes open-end devices that use tanks.

6.     Plaintiff objects to Defendants' definition of "identify" or "identifying" as overbroad, and unduly burdensome as it seeks date of birth and telephone numbers and is otherwise disproportionate to the needs of this case.

7.     Plaintiff objects to Defendants' definition of "marketing" and "marketing practice" as overbroad, ambiguous, unduly burdensome, and disproportionate to the needs of the case as alleged in the Complaint, making it unintelligible. For example, promoting "procurement, use, or discussion of a product or service, whether to consumers or commercial entities" and that "such acts, practices, or strategies include but are not limited to product design, packaging design . . . branding . . . product distribution, soliciting or otherwise generating media exposure" including "hosting or sponsoring events" and "any other act, practice, strategy, or decision designed or intended to increase the effectiveness of any of the foregoing acts or practices." Plaintiff is amenable to conferring to better understand how and why Defendants believe this definition of "marketing" is applicable to Plaintiff's purchase of closed system e-cigarettes.

8.     Plaintiff objects to Defendants' definition of "pods" as overbroad, ambiguous, unduly burdensome, and disproportionate to the needs of the case as alleged by Plaintiff, which is limited to closed-system e-cigarettes (electronic nicotine delivery systems) as defined and described the Complaint and explicitly excludes open-end devices that use tanks.

9.    Plaintiff objects to Defendants' definition of "potential class member" as overbroad and unduly burdensome to the extent it seeks documents or information about any person or entity other than those identified in the Complaint. Plaintiff will not produce information or documents about any person or entity other than himself.

10.    Plaintiff objects to Defendants' definition of "relate to" or "relating to" in so far as they include terms such as "evidence, regard, concern, discuss, reflect, summarize, constitute, study, assess, analyze, explain, show, embody, discuss, describe, or comment upon— directly or indirectly—the subject matter identified" as overbroad, ambiguous, and unduly burdensome to discern how to interpret Defendants' definition and it is confusing and vague to the extent it ascribes meanings to these terms that are inconsistent with ordinary usage. Plaintiff is amenable to conferring with Defendants to better understand these terms.

11.    Plaintiff objects to Defendants' definition of "tobacco products" as overbroad and ambiguous, unduly burdensome, and disproportionate to the needs of the case as alleged, which is limited to closed-system e-cigarettes (electronic nicotine delivery systems) as defined and described the Complaint.

12.    Plaintiff objects to Defendants' definition of "you" and "your" to include "all Indirect Purchaser Plaintiffs and all of their agents, including attorneys, experts, and other representatives acting or purporting to act on behalf of an Indirect Purchaser Plaintiff" as overbroad and unduly burdensome. Plaintiff will respond to these Interrogatories on behalf of himself, and not on behalf of all "Indirect Purchaser Plaintiffs and all of their agents, including attorneys, experts, and other representatives acting or purporting to act on behalf of an Indirect Purchaser Plaintiff." Plaintiff further objects to Defendants' definition to the extent it seeks documents protected by the attorney work product and attorney-client privilege, and/or the premature disclosure of the identity, information about, or documents from, Indirect Reseller Plaintiffs' experts and/or consultants.

## RESPONSES AND OBJECTIONS TO INSTRUCTIONS

1.    Plaintiff objects to Instruction Number 1 as overbroad and unduly burdensome

to the extent it seeks to impose on Plaintiff an obligation to supplement its Interrogatory responses in a specific manner or otherwise beyond what is required by Federal Rules of Civil Procedure Rules 33(b) and 26(e) or the Local Rules. If necessary, Plaintiff will supplement his responses in a timely manner within the meaning of the Federal Rules of Civil Procedure.

2.    Plaintiff objects to Instruction No. 2 as overbroad, vague and ambiguous, and disproportionate to the needs of the case to the extent it impermissibly seeks "all knowledge and information possessed by any person, including but not limited to any employee, agent, attorney, expert witness, consultant, representative, or other advisor subject to the instruction, direction, or control of you."  Plaintiff further objects to this instruction to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine or any other applicable privilege, or information prepared for, or generated in anticipation of, litigation. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules, and to the extent it seeks the premature disclosure of expert information and/or documents. Plaintiff will only provide non-privileged information and/or documents in his possession, custody, or control.

3.    Plaintiff objects to Instruction No. 5 as overbroad, unduly burdensome and harassing, as it seeks to impose on Plaintiff an obligation to provide at least eight granular details about every single document produced ("type of document, its title, author, recipients, date, Bates-stamp numbers, location of the document, and the custodian of the document") in lieu of preparing a compilation even though the standard of what is required of a responding party when the burden of deriving or ascertaining the answer is substantially the same for either party is clearly set forth in Federal Rules of Civil Procedure Rule 33(d). If Plaintiff chooses to object to an Interrogatory in whole or in part on Rule 33(d) grounds, he will identify by Bates-stamp numbers the documents when those documents are produced to Defendants, which complies with the requirement described in Rule 33(d)(1).

PANG SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

4.    Plaintiff objects to Instruction No. 6 as unduly burdensome and harassing and beyond the scope and requirements of the Federal Rules of Civil Procedure Rule and the Local Rules, as it seeks to impose that Plaintiff provide "a detailed statement" of "why only a partial answer was given: and "to identify any documents or sources from which more complete information is obtainable." Plaintiff further objects to this instruction to the extent it seeks information protected by the attorney-client privilege, work-product doctrine or any other applicable privilege, or information prepared for, or generated in anticipation of, litigation and the premature disclosure of expert information and/or documents. Plaintiff will only provide non-privileged information and/or documents in his possession, custody, or control..

5.    Plaintiff objects to Instruction No. 7 as overbroad, unduly burdensome and harassing and disproportionate to the needs of the case, as it seeks to impose on Plaintiff even more criteria to disclose about "identifying" a person beyond Defendants' definition of "identify" or "identifying" above, such as the "full legal name of a person, the present or last known employer of a person, at the present or last known home and business address of a person" and is otherwise disproportionate to the needs of this case. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules.

6.    Plaintiff objects to Instruction No. 9 as overbroad, unduly burdensome and harassing, as it seeks to impose on Plaintiff an obligation to disclose information that is protected by the attorney-client privilege, work-product doctrine or any other applicable privilege, or information prepared for, or generated in anticipation of, litigation. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules, and to the extent it seeks the premature disclosure of expert information and/or documents.

7.    Plaintiff objects to Instruction No. 10 as unduly burdensome and harassing, as it seeks to impose on Plaintiff an obligation to speculate about the underlying meaning of ambiguous language chosen by the Defendants. Plaintiff further objects to this instruction to

the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules.

8.     Plaintiff objects to Instruction No. 11 as unintelligible, unduly burdensome and harassing, in so far as it seeks to impose on Plaintiff an obligation to prepare a privilege log for oral communications. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules. Plaintiff is amenable to conferring with Defendants to better understand this instruction.

9.     Plaintiff objects to Instruction No. 16 as unintelligible, unduly burdensome and harassing, as it seeks to impose on Plaintiff an obligation to respond in what is styled as "the present tense shall also include the past, future, and imperfect tenses" without providing a relevant time period for Defendants' Interrogatories. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules. Unless otherwise stated, Plaintiff will provide information consistent with the discovery period imposed by Defendants with regard to their own responses, i.e., January 1, 2017 through March 31, 2024.

**SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES**

**Interrogatory No. 1:**

Identify every address where you have lived during the alleged class period, and specify the month(s) and year(s) that you were at that address.

**Response:**

Subject to the objections set forth herein, Plaintiff responds as follows: During the Class Period, Plaintiff resided at ███████████████ New York, ███.

**Interrogatory No. 2:**

Describe how you became a class representative in this case.

**Response:**

Plaintiff objects to this interrogatory as vague and premature as Plaintiff has not yet

- 8 -                          Case No. 3:20-cv-02345-WHO

been appointed or approved by the Court to be a class representative in this case.

**Interrogatory No. 3:**

Describe your past use of tobacco products other than ENDS products, including the particular types and brands of products purchased, the time period in which each type and brand of product was purchased, and the frequency of these purchases.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as overbroad and unduly burdensome in that it requires Plaintiff to describe his past use of all tobacco products (other than ENDs products), including the types, brands, time period, and frequency of purchases. Plaintiff objects to Defendants' definitions and instructions as to the term ENDS products as set forth above.  Plaintiff further objects to this Interrogatory as seeking information outside the relevant time period.  Plaintiff will not provide a response to this Interrogatory.

**Interrogatory No. 4:**

Identify the factors you took into account when deciding which ENDS products (including JUUL products) to purchase. List the factors in order of their importance to you in making your decision. If the factors you considered changed during the alleged class period, such that certain factors were more important at some times than others, explain how.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period.  Plaintiff objects to Defendants' definitions and instructions as to the terms ENDS products and identity/identify as set forth above.  Plaintiff further objects to this Interrogatory to the extent it includes subparts and is, therefore, beyond the limits for the total number of interrogatories set by the Federal Rules.

Subject to the objections set forth herein, Plaintiff responds as follows:  Plaintiff

- 9 -                    Case No. 3:20-cv-02345-WHO

considered the following factor when deciding which Closed System E-Cigarette products to purchase: recommendations from friends.

**Interrogatory No. 5:**

Identify the factors that eliminated the ENDS products (including JUUL products) that you considered purchasing, but ultimately did not purchase, from your consideration. List the factors in order of their importance to you in making your decision. If the factors you considered changed during the alleged class period, such that certain factors were more important at some times than others, explain how.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period.  Plaintiff objects to this Interrogatory to the extent it includes subparts and is therefore beyond the limits for the total number of interrogatories set by the Federal Rules.  Plaintiff objects to Defendants' definitions and instructions as to the terms ENDS products and identity/identify as set forth above.   Plaintiff further objects to this Interrogatory as duplicative of Interrogatory No. 4.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff refers to his response to Interrogatory No. 4.

**Interrogatory No. 6:**

Identify any loyalty programs, coupons, rebates, and any other discounts, bundling, or other engagement strategies, that you used to purchase ENDS products (including JUUL products) at discounted prices.

**Response:**

Plaintiff objects to this Interrogatory as seeking irrelevant information as this case only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period.  Plaintiff objects to this Interrogatory as vague and ambiguous with respect to the terms "bundling, or other engagement strategies."

Plaintiff further objects to Defendants' definitions and instructions as to the terms ENDS products and identify as set forth above.

Subject to the objections set forth herein, Plaintiff responds as follows:  Plaintiff has no recollection of participating in any loyalty programs, rebates, bundle discounts, or using coupons.

**Interrogatory No. 7:**

Identify the particular ENDS products (including JUUL products) that you have purchased, including the particular types of ENDS products purchased, including flavor, the time period in which each type of product was purchased, the frequency of the purchases, the location(s) of the purchases, and the price paid for each purchase. To the extent your purchasing habits (e.g., frequency; brand; flavor; etc.) changed over time, explain how in your response. To the extent the price you paid for these items changed over time, explain how in your response.

**Response (Supplemented):**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period.  Plaintiff objects to this Interrogatory as overbroad and unduly burdensome in that it seeks detailed information concerning every ENDS product Plaintiff has ever purchased, including the flavor, time period, frequency and price.  Plaintiff further objects to Defendants' definitions and instructions as to the terms ENDS products and identify as set forth above.

Subject to the objections set forth herein, Plaintiff responds as follows:  Plaintiff started using JUUL in high school 2018, and used it for three or four years. He also used a product called "Myle" very occasionally as a replacement for JUUL, for approximately one year.   At first, he paid $20.00 per pack of JUUL. He recalls that the prices of JUUL increased over the years of his use but doesn't recall the dates of price increases.  He purchased the product from local retailers or gave cash to an older friend and had them purchase it while

he waited outside the store.  The retail venues included local convenience stores, including at least one of which was located in Manhasset, New York, some the smaller of which, he believes, did not have names.  At the Manhasset store he also on rare occasions purchased a product called 'Myle' as a replacement for JUUL

**Interrogatory No. 8:**

Identify every instance on which you sold ENDS products (including JUUL products) to another, including the date of the sale, the number of products sold, the identity of those products, the purchaser, the purchaser's age, and the sales price.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period.  Plaintiff objects to this Interrogatory as overbroad and unduly burdensome in that it seeks Plaintiff to identify "every instance."  Plaintiff further objects to Defendants' definitions and instructions as to the terms ENDS products and identity/identify as set forth above.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff has not sold Closed System E-Cigarette Products to others.

**Interrogatory No. 9:**

Identify all instances in which you asked someone to purchase JUUL products on your behalf for repayment, or vice versa, including the date of the purchase(s), the date of the repayment(s), the number of JUUL products purchased, the identity of those products, the location of the purchase(s), the price paid for each purchase, and the method(s) by which you repaid them or were yourself repaid.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period.  Plaintiff objects to this Interrogatory as overbroad and

unduly burdensome in that it seeks Plaintiff to identify "all instances." Plaintiff further objects to Defendants' definitions and instructions as to the term identity/identify as set forth above.

Subject to the objections set forth herein, Plaintiff responds as follows: On occasion, one other young person would purchase them for him.

**Interrogatory No. 10:**

Describe in detail any communications concerning ENDS products (including JUUL products), or the subject matter of this litigation more broadly, between you and any third parties, including without limitation, member of the press or media and any potential class member, including the date of the communications, and the identity of the person with whom you communicated.

**Response**

Plaintiff objects to this Interrogatory to the extent it purports to require Plaintiff to "describe any communications concerning ENDS products or the subject matter of this litigation more broadly" for an undefined time period and between Plaintiff "and any third parties" for an undefined time period as unduly burdensome, harassing, and disproportionate to the needs of the litigation, as the relevance of such information, including dates and identification of every person spoken to or communicated with, does not outweigh the burden. Plaintiff objects to the extent that the Interrogatory it seeks information protected by the attorney client privilege. Plaintiff further objects to Defendants' definitions and instructions as to the terms ENDS products and identity/identify as set forth above. Plaintiff will not produce a response to this Interrogatory.

**Interrogatory No. 11:**

Identify (a) all parties holding contingency interests in the outcome of this case, (b) all parties who have already paid you any amount for your injuries alleged in this action, (c) all parties who have paid your attorneys any amount for their work related to this action, (d) all parties who have received through assignment any claims or damages assert [sic] in the

PANG SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

complaint, and (e) any consideration (monetary or otherwise) associated with such an assignment. Include, without limitation, insurers, third-party finance companies, lenders of any kind, banks, and individuals.

**Response:**

Plaintiff objects to this Interrogatory as overbroad and unduly burdensome, as it seeks information about "parties" other than Plaintiff and is therefore outside Plaintiff's knowledge or that is irrelevant to Plaintiff's own role as a proposed class representative. Plaintiff further objects to this Interrogatory to the extent it includes subparts and is therefore beyond the limits for the total number of interrogatories set by the Federal Rules.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff has no agreement or expectation of receiving compensation for his role as a proposed class representation beyond what an absent class member may receive pursuant to a Court Order in connection with any future settlement or recovery at trial. He has not received any compensation, nor has he assigned any portion of his claim, nor has he received an assignment in connection with this litigation.

**Interrogatory No. 12:**

State the amount of damages (if any) you seek, and describe with specificity how this amount was calculated.

**Response:**

Plaintiff objects to this Interrogatory to the extent that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiffs' experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff will not produce preliminary calculations, to the extent they exist, as such information is work product, covered by the attorney client privilege, and unnecessarily intrudes on the right of the Parties to develop their case in privacy, or to analyze their case for inadmissible purposes, such as settlement. Plaintiff will not provide a response to this Interrogatory

**Interrogatory No. 13:**

Identify any lawsuit that you have ever filed, or class action settlement in which you have submitted a claim, including without limitation any lawsuits or settlements involving Defendants Juul Labs Inc. and Altria, and the amount of money recovered (if any).

**Response (Supplemented):**

Plaintiff objects to this Interrogatory as overly broad in scope and unduly burdensome in that it requires Plaintiffs to "[i]dentify any lawsuit that you have ever filed, or class action settlement in which you have submitted a claim…." without regard to time period or subject matter.  Plaintiff objects to this Interrogatory to the extent that it seeks information that is not relevant to the claims, defenses, and subject matter of the current action nor proportional to the needs of the case.  Plaintiff further objects to the term "filed" as vague and ambiguous.

Subject to the objections set forth herein, Plaintiff responds as follows:  With respect to actions in which Juul Labs Inc. and Altria are named as defendants, this is the only lawsuit that Plaintiff has been associated with as a plaintiff or a defendant.  To the best of Plaintiff's knowledge, this is also the only lawsuit he has initiated against any party (subject to Plaintiffs' previously disclosed general objection that Plaintiffs are not identifying lawsuits relating to family law or traffic). To the best of Plaintiff's knowledge, he has not submitted a claim in connection with any class action settlement involving Juul Labs, Inc. or Altria.

**Interrogatory No. 14:**

Describe all factual bases that support your contention that the conduct alleged in the complaint injured all or a vast majority of the alleged class members in a measurable way, explaining in detail the scope and nature of that injury and how the magnitude of that injury should be measured. (See IPP Compl. ¶ 179.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results

of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself,. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 15:**

Identify all factual bases that support your contention that "As a direct and proximate result of Defendants' anticompetitive conduct, Plaintiffs were overcharged and sustained injury to their business and property," through "the payment of supracompetitive prices for JUUL's Closed-System E-Cigarettes." (IPP Compl. ¶ 20.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself,. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute

and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 16:**

Identify each allegedly unlawful agreement that you contend Defendants Juul Labs Inc. and Altria entered that forms the basis of your complaint, including the date of each agreement, who made each agreement on behalf of Defendant Altria, who made each agreement on behalf of Defendant Juul Labs Inc., and the precise scope of each agreement.

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself,. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 17:**

Identify "all revenues, earnings, profits, compensation, and benefits that may have been obtained by [Defendant Altria] as a result of" the conduct alleged in the complaint. (See IPP Compl. ¶ 262.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less

- 17 -                         Case No. 3:20-cv-02345-WHO

burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself,. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 18:**

Identify all factual bases that support your contention that "Before the shutdown of Nu Mark, JUUL and Altria relied on price promotions to drive sales of their respective e-cigarette products. In addition, each monitored the other's pricing in setting its own strategy. Altria's decision to withdraw its Closed-System E-Cigarettes from the market brought this price competition to an end." (IPP Compl. ¶ 160.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention

PANG SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself,. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 19:**

Identify all factual bases that support your contention that "The Transaction was intended to, and did, increase JUUL's monopoly power." (IPP Compl. ¶ 157.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself,. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 20:**

Identify all factual bases that support your contention that "The relevant product market for the purposes of this action is Closed-System E-Cigarettes." (IPP Compl. ¶ 126.)

**Response:**

- 19 -                          Case No. 3:20-cv-02345-WHO

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself,. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

Dated:  September 30, 2024

/s/ *Fred T. Isquith*
Fred T. Isquith, Sr. (*pro hac vice*)
**ISQUITH LAW PLLC**
103 84th St.
New York, NY 10028
Telephone: (718) 775-6478
Email: isquithlaw@gmail.com

Betsy C. Manifold (SBA 182450)
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Email: manifold@whafh.com

Thomas H. Burt (*pro hac vice*)
Kate M. McGuire (*pro hac vice*)
**WOLF HALDENSTEIN ADLER FREEMAN &**

- 20 -                           Case No. 3:20-cv-02345-WHO

**HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Email: burt@whafh.com

Richard Vita
**VITA LAW OFFICES P.C.**
100 State St Ste 900
Boston, MA 02109
Telephone:  (617) 426-6566
Email: rjv@vitalaw.com

*Counsel for Plaintiff Pang and the Indirect Purchaser Plaintiffs*


Robin F. Zwerling (*pro hac vice*)
Susan Salvetti (*pro hac vice*)
Justin M. Tarshis (*pro hac vice*)
**ZWERLING, SCHACHTER & ZWERLING, LLP**
41 Madison Avenue
New York, NY 10010
Telephone: (212) 223-3900
Email: rzwerling@zsz.com
        ssalvetti@zsz.com
        jtarshis@zsz.com

*Interim Lead Counsel for the Indirect Purchaser Plaintiffs*


Merle C. Meyers (SBN 66849)
Michele Thompson (SBN 241676)
**MEYERS LAW GROUP, P.C.**
44 Montgomery St. Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Email: mmeyers@meyerslawgroup.com
        mthompson@meyerslawgroup.com

*Counsel for Indirect Purchaser Plaintiffs*

Case No. 3:20-cv-02345-WHO
PANG SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

I, Dylan Pang, have read Plaintiff Dylan Pang's Supplemental Responses and Objections to Defendants Altria Group, Inc. and Altria Enterprises LLC, First Set of Interrogatories, and state that they are true and correct to the best of my knowledge, information and belief.

Dated: September __, 2024

_____
Dylan Pang

# Exhibit 7

Robin F. Zwerling (*pro hac vice*)
Susan Salvetti (*pro hac vice*)
Justin M. Tarshis (*pro hac vice*)
**ZWERLING, SCHACHTER & ZWERLING, LLP**
41 Madison Avenue
New York, NY 10010
Telephone: (212) 223-3900
Facsimile: (212) 371-5969
Email: rzwerling@zsz.com
        ssalvetti@zsz.com
        jtarshis@zsz.com

*Interim Lead Counsel for the Indirect Purchaser Plaintiffs*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JUUL LABS, INC. ANTITRUST LITIGATION <br><br> This Document Relates To: <br><br> **All Indirect Purchaser Actions** | Master File No. 3:20-cv-02345-WHO <br><br> **PLAINTIFF KERRY WALSH'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS ALTRIA GROUP, INC. AND ALTRIA ENTERPRISES LLC, FIRST SET OF INTERROGATORIES** |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Indirect Purchaser Plaintiff Kerry Walsh ("Plaintiff"), by and through her attorneys of record, hereby responds and objects to Defendants Altria Group, Inc. and Altria Enterprises LLC, (together, "Altria" or "Defendants") First Set of Interrogatories dated March 14, 2024 ("Interrogatories") as follows:

## SCOPE LIMITATIONS ON PLAINTIFF'S RESPONSES

**1.** **Scope:** Plaintiff provides these responses and objections to the following Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules, the Court's orders, and any other applicable order, agreement, or rule. Plaintiff responds and objects to the Interrogatories as  interprets and understands them, based upon Plaintiff's current knowledge and belief after reasonable inquiry and investigation. Plaintiff reserves her right to supplement, amend, clarify, correct, or modify these responses and objections as necessary, and to employ at trial or at any pre-trial proceeding, additional information and information subsequently obtained or discovered, including information the materiality of which is not presently ascertained, or information the Plaintiff does not regard as coming within the scope of each Interrogatory as Plaintiff understands them. Plaintiff objects to each Interrogatory to the extent that it seeks personal information unrelated to this litigation.

**2.** **Limits:** These responses are made solely for the purpose of this action. Each Interrogatory is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privacy, privilege, and any and all other objections that would require exclusion of any statement contained herein if such Interrogatory were asked of a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial. Except for explicit facts admitted here, no incidental or implied admissions are intended. Plaintiff's responses or objections to any Interrogatory or part of an Interrogatory are not an admission of any facts set forth or assumed by that Interrogatory. In addition, each of Plaintiff's responses to an Interrogatory or part of an Interrogatory is not a waiver of part or all of any objection  might make to that Interrogatory, or an admission that such answer or

objection constitutes admissible evidence. All responses provided are based on Plaintiff's present information and belief.

**3.** **Privilege and Attorney Work-Product**. Plaintiff will not disclose information protected from disclosure by the attorney-client privilege or the attorney-work product doctrine, or any other applicable privilege or protection provided by law. If Plaintiff does not assert a specific privilege or attorney work-product objection to any specific Interrogatory, it is because  does not understand that Interrogatory to seek privileged information or attorney work product. Any information disclosed in response to an Interrogatory or documents produced in lieu of a response to an Interrogatory by Plaintiff will be disclosed or produced without waiving—and, indeed, reserving and intending to reserve—each of these privileges, protections or immunities, and any accidental or unintentional disclosure of privileged or protected material is not intended to be a waiver of any applicable privilege or protection.

**4.** **Possession, Custody or Control**. Plaintiff objects to the Interrogatories, Definitions, and Instructions to the extent that they seek or purport to call for information not in Plaintiff's possession, custody or control, but in the possession, custody or control.

**5.** **Responses Based on Information Currently Known to Plaintiff and Without Waiver**. These responses are being made after reasonable inquiry into the relevant facts and are based only upon the information that is currently known to Plaintiff. Further investigation and discovery may result in the identification of additional information, and Plaintiff reserves the right to modify her responses and objections to, and to supplement her responses to, any Interrogatories. In providing these Interrogatory responses and objections, Plaintiff does not waive, and expressly preserves, all claims and defenses. In addition, Plaintiff provides these responses and objections without waiving or intending to waive (a) any objections as to the relevance, materiality, privileged status, or admissibility as evidence, for any purpose, of any information provided in response to the Interrogatory; (b) the right to object on any ground at any time to a demand for further responses to the Interrogatories;

WALSH SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

and (c) the right to revise, amend, supplement, or clarify any of the responses and objections set forth herein.

## RESPONSES AND OBJECTIONS TO DEFINITIONS

Plaintiff incorporates each of the following objections to definitions into each response to the individually numbered Interrogatories where the objected to term is used, as if they were stated in each of those responses.

1.    Plaintiff objects to Defendants' definition of "advertisement" or "advertising" as overbroad, ambiguous, unduly burdensome and disproportionate to the needs of the case as alleged by Plaintiff, as these terms are defined to include "artistic, physical, television, film, radio, audio, video, web-based, or other medium identifying or describing the features, benefits, desirability, or availability of a product, or otherwise implicitly or explicitly promoting the purchase, use, or discussion of the product" and are beyond advertising, if any, provided to Plaintiff. Plaintiff further objects that this definition is well beyond the scope of the allegations of Indirect Purchaser Plaintiffs' Amended Consolidated Class Action Complaint (the "Complaint") (ECF No. 271).

2.    Plaintiff objects to Defendants' definition of "alleged class period" to the extent it can be interpreted as seeking discovery beyond the date of March 31, 2024 that was imposed by Defendants with regard to their own discovery responses. Plaintiff further objects to this definition on the grounds that most of Defendants' Interrogatories do not specify a time period, and, therefore, are vague and overbroad.

3.    Plaintiff objects to Defendants' definition of "concern" or "concerning" in so far as it includes terms such as reflecting, containing, pertaining, supporting, indicating, showing, evidencing, discussing, mentioning, bearing upon, comprising as overbroad, ambiguous, unduly burdensome to discern how to interpret this expanded definition and it is confusing and vague to the extent it ascribes meanings to these terms that are inconsistent with ordinary usage. Plaintiff is amenable to conferring to understand Defendants' additional terms and why the terms "concern" or "concerning" are insufficient.

4.    Plaintiff objects to Defendants' definition of "devices" as overbroad, ambiguous, unduly burdensome and disproportionate to the needs of the case as alleged, which is limited to closed-system e-cigarettes as defined and described in the Complaint.

5.    Plaintiff objects to Defendants' definition of "ENDS product" or "ENDS products" as overbroad, ambiguous, unduly burdensome, and disproportionate to the needs of the case as alleged, which is limited to closed-system e-cigarettes (electronic nicotine delivery systems) as defined and described in the Complaint and explicitly excludes open-end devices that use tanks.

6.    Plaintiff objects to Defendants' definition of "identify" or "identifying" as overbroad, and unduly burdensome as it seeks date of birth and telephone numbers and is otherwise disproportionate to the needs of this case.

7.    Plaintiff objects to Defendants' definition of "marketing" and "marketing practice" as overbroad, ambiguous, unduly burdensome, and disproportionate to the needs of the case as alleged in the Complaint, making it unintelligible. For example, promoting "procurement, use, or discussion of a product or service, whether to consumers or commercial entities" and that "such acts, practices, or strategies include but are not limited to product design, packaging design . . . branding . . . product distribution, soliciting or otherwise generating media exposure" including "hosting or sponsoring events" and "any other act, practice, strategy, or decision designed or intended to increase the effectiveness of any of the foregoing acts or practices." Plaintiff is amenable to conferring to better understand how and why Defendants believe this definition of "marketing" is applicable to Plaintiff's purchase of closed system e-cigarettes.

8.    Plaintiff objects to Defendants' definition of "pods" as overbroad, ambiguous, unduly burdensome, and disproportionate to the needs of the case as alleged by Plaintiff, which is limited to closed-system e-cigarettes (electronic nicotine delivery systems) as defined and described the Complaint and explicitly excludes open-end devices that use tanks.

WALSH SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

9.  Plaintiff objects to Defendants' definition of "potential class member" as overbroad and unduly burdensome to the extent it seeks documents or information about any person or entity other than those identified in the Complaint. Plaintiff will not produce information or documents about any person or entity other than himself.

10.  Plaintiff objects to Defendants' definition of "relate to" or "relating to" in so far as they include terms such as "evidence, regard, concern, discuss, reflect, summarize, constitute, study, assess, analyze, explain, show, embody, discuss, describe, or comment upon— directly or indirectly—the subject matter identified" as overbroad, ambiguous, and unduly burdensome to discern how to interpret Defendants' definition and it is confusing and vague to the extent it ascribes meanings to these terms that are inconsistent with ordinary usage. Plaintiff is amenable to conferring with Defendants to better understand these terms.

11.  Plaintiff objects to Defendants' definition of "tobacco products" as overbroad and ambiguous, unduly burdensome, and disproportionate to the needs of the case as alleged, which is limited to closed-system e-cigarettes (electronic nicotine delivery systems) as defined and described the Complaint.

12.  Plaintiff objects to Defendants' definition of "you" and "your" to include "all Indirect Purchaser Plaintiffs and all of their agents, including attorneys, experts, and other representatives acting or purporting to act on behalf of an Indirect Purchaser Plaintiff" as overbroad and unduly burdensome. Plaintiff will respond to these Interrogatories on behalf of himself, and not on behalf of all "Indirect Purchaser Plaintiffs and all of their agents, including attorneys, experts, and other representatives acting or purporting to act on behalf of an Indirect Purchaser Plaintiff." Plaintiff further objects to Defendants' definition to the extent it seeks documents protected by the attorney work product and attorney-client privilege, and/or the premature disclosure of the identity, information about, or documents from, Indirect Reseller Plaintiffs' experts and/or consultants.

**RESPONSES AND OBJECTIONS TO INSTRUCTIONS**

1.  Plaintiff objects to Instruction Number 1 as overbroad and unduly burdensome

to the extent it seeks to impose on Plaintiff an obligation to supplement its Interrogatory responses in a specific manner or otherwise beyond what is required by Federal Rules of Civil Procedure Rules 33(b) and 26(e) or the Local Rules. If necessary, Plaintiff will supplement her responses in a timely manner within the meaning of the Federal Rules of Civil Procedure.

2.      Plaintiff objects to Instruction No. 2 as overbroad, vague and ambiguous, and disproportionate to the needs of the case to the extent it impermissibly seeks "all knowledge and information possessed by any person, including but not limited to any employee, agent, attorney, expert witness, consultant, representative, or other advisor subject to the instruction, direction, or control of you."  Plaintiff further objects to this instruction to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine or any other applicable privilege, or information prepared for, or generated in anticipation of, litigation. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules, and to the extent it seeks the premature disclosure of expert information and/or documents. Plaintiff will only provide non-privileged information and/or documents in her possession, custody, or control.

3.      Plaintiff objects to Instruction No. 5 as overbroad, unduly burdensome and harassing, as it seeks to impose on Plaintiff an obligation to provide at least eight granular details about every single document produced ("type of document, its title, author, recipients, date, Bates-stamp numbers, location of the document, and the custodian of the document") in lieu of preparing a compilation even though the standard of what is required of a responding party when the burden of deriving or ascertaining the answer is substantially the same for either party is clearly set forth in Federal Rules of Civil Procedure Rule 33(d). If Plaintiff chooses to object to an Interrogatory in whole or in part on Rule 33(d) grounds, will identify by Bates-stamp numbers the documents when those documents are produced to Defendants, which complies with the requirement described in Rule 33(d)(1).

WALSH SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

4.      Plaintiff objects to Instruction No. 6 as unduly burdensome and harassing and beyond the scope and requirements of the Federal Rules of Civil Procedure Rule and the Local Rules, as it seeks to impose that Plaintiff provide "a detailed statement" of "why only a partial answer was given: and "to identify any documents or sources from which more complete information is obtainable." Plaintiff further objects to this instruction to the extent it seeks information protected by the attorney-client privilege, work-product doctrine or any other applicable privilege, or information prepared for, or generated in anticipation of, litigation and the premature disclosure of expert information and/or documents. Plaintiff will only provide non-privileged information and/or documents in her possession, custody, or control..

5.      Plaintiff objects to Instruction No. 7 as overbroad, unduly burdensome and harassing and disproportionate to the needs of the case, as it seeks to impose on Plaintiff even more criteria to disclose about "identifying" a person beyond Defendants' definition of "identify" or "identifying" above, such as the "full legal name of a person, the present or last known employer of a person, at the present or last known home and business address of a person" and is otherwise disproportionate to the needs of this case. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules.

6.      Plaintiff objects to Instruction No. 9 as overbroad, unduly burdensome and harassing, as it seeks to impose on Plaintiff an obligation to disclose information that is protected by the attorney-client privilege, work-product doctrine or any other applicable privilege, or information prepared for, or generated in anticipation of, litigation. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules, and to the extent it seeks the premature disclosure of expert information and/or documents.

7.      Plaintiff objects to Instruction No. 10 as unduly burdensome and harassing, as it seeks to impose on Plaintiff an obligation to speculate about the underlying meaning of ambiguous language chosen by the Defendants. Plaintiff further objects to this instruction to

WALSH SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules.

8.    Plaintiff objects to Instruction No. 11 as unintelligible, unduly burdensome and harassing, in so far as it seeks to impose on Plaintiff an obligation to prepare a privilege log for oral communications. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules. Plaintiff is amenable to conferring with Defendants to better understand this instruction.

9.    Plaintiff objects to Instruction No. 16 as unintelligible, unduly burdensome and harassing, as it seeks to impose on Plaintiff an obligation to respond in what is styled as "the present tense shall also include the past, future, and imperfect tenses" without providing a relevant time period for Defendants' Interrogatories. Plaintiff further objects to this instruction to the extent it attempts to impose an obligation or burden not required by the Federal Rules of Civil Procedure or the Local Rules. Unless otherwise stated, Plaintiff will provide information consistent with the discovery period imposed by Defendants with regard to their own responses, i.e., January 1, 2017 through March 31, 2024.

**SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES**

**Interrogatory No. 1:**

Identify every address where you have lived during the alleged class period, and specify the month(s) and year(s) that you were at that address.

**Response:**

Subject to the objections set forth herein, Plaintiff responds as follows:  For the relevant period, commencing before 2020, Plaintiff has lived at ███████████ ████ MA, ████.

**Interrogatory No. 2:**

Describe how you became a class representative in this case.

**Response:**

Plaintiff objects to this interrogatory as vague and premature as Plaintiff has not yet been appointed or approved by the Court to be a class representative in this case.

**Interrogatory No. 3:**

Describe your past use of tobacco products other than ENDS products, including the particular types and brands of products purchased, the time period in which each type and brand of product was purchased, and the frequency of these purchases.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as overbroad and unduly burdensome in that it requires Plaintiff to describe her past use of all tobacco products (other than ENDs products), including the types, brands, time period, and frequency of purchases. Plaintiff objects to Defendants' definitions and instructions as to the term ENDS products as set forth above. Plaintiff further objects to this Interrogatory as seeking information outside the relevant time period. Plaintiff will not provide a response to this Interrogatory.

**Interrogatory No. 4:**

Identify the factors you took into account when deciding which ENDS products (including JUUL products) to purchase. List the factors in order of their importance to you in making your decision. If the factors you considered changed during the alleged class period, such that certain factors were more important at some times than others, explain how.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period. Plaintiff objects to Defendants' definitions and instructions as to the terms ENDS products and identity/identify as set forth above. Plaintiff further objects to this Interrogatory to the extent it includes subparts and is, therefore, beyond the limits for the total number of interrogatories set by the Federal Rules.

- 9 -                                              Case No. 3:20-cv-02345-WHO

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff considered the following factor when deciding which Closed System E-Cigarette products to purchase: Plaintiff relied on JUUL's advertising and reputation in forming the belief that JUUL was less harmful to the user's health than cigarettes and therefore opted for it over rival products.

**Interrogatory No. 5:**

Identify the factors that eliminated the ENDS products (including JUUL products) that you considered purchasing, but ultimately did not purchase, from your consideration. List the factors in order of their importance to you in making your decision. If the factors you considered changed during the alleged class period, such that certain factors were more important at some times than others, explain how.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period. Plaintiff objects to this Interrogatory to the extent it includes subparts and is therefore beyond the limits for the total number of interrogatories set by the Federal Rules. Plaintiff objects to Defendants' definitions and instructions as to the terms ENDS products and identity/identify as set forth above. Plaintiff further objects to this Interrogatory as duplicative of Interrogatory No. 4.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff refers to her response to Interrogatory No. 4 and states that also considered advertising, and reviews from friends.

**Interrogatory No. 6:**

Identify any loyalty programs, coupons, rebates, and any other discounts, bundling, or other engagement strategies, that you used to purchase ENDS products (including JUUL products) at discounted prices.

**Response:**

- 10 -                                          Case No. 3:20-cv-02345-WHO

Plaintiff objects to this Interrogatory as seeking irrelevant information as this case only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period.  Plaintiff objects to this Interrogatory as vague and ambiguous with respect to the terms "bundling, or other engagement strategies." Plaintiff further objects to Defendants' definitions and instructions as to the terms ENDS products and identify as set forth above.

Subject to the objections set forth herein, Plaintiff responds as follows:  Plaintiff has no recollection of participating in any loyalty programs, rebates, bundle discounts, or using coupons.

**Interrogatory No. 7:**

Identify the particular ENDS products (including JUUL products) that you have purchased, including the particular types of ENDS products purchased, including flavor, the time period in which each type of product was purchased, the frequency of the purchases, the location(s) of the purchases, and the price paid for each purchase. To the extent your purchasing habits (e.g., frequency; brand; flavor; etc.) changed over time, explain how in your response. To the extent the price you paid for these items changed over time, explain how in your response.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period.  Plaintiff objects to this Interrogatory as overbroad and unduly burdensome in that it seeks detailed information concerning every ENDS product Plaintiff has ever purchased, including the flavor, time period, frequency and price.  Plaintiff further objects to Defendants' definitions and instructions as to the terms ENDS products and identify as set forth above.

Subject to the objections set forth herein, Plaintiff responds as follows:  Plaintiff has purchased the following ENDS products (including JUUL) during the period January 1, 2017

WALSH SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

through March 31, 2024: JUUL and a product bearing the name CRAVE.   The locations Plaintiff purchased JUUL include a gas station on Revere Beach Parkway, Revere, MA and a Shell gas station on The Lynnway, in Lynn, MA. Plaintiff always purchased JUUL with cash. At the beginning of her use of JUUL she paid $14.99 for a 4 pack of pods and it lasted about four days. The price rose steadily to approximately $20-$21 by the time that she stopped using JUUL, which was in 2020. She began using CRAVE Clear (flavorless) when she stopped using JUUL.  Crave cost $27-$28 per unite, and the unites were rechargeable at 9,000 puffs.  The Plaintiff purchased CRAVE at a 7/11 store on Revere Street in Revere, MA and at a Dairy Mart store on Squire Road in Revere, MA.

**Interrogatory No. 8:**

Identify every instance on which you sold ENDS products (including JUUL products) to another, including the date of the sale, the number of products sold, the identity of those products, the purchaser, the purchaser's age, and the sales price.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case, which only concerns purchases of JUUL products. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period.  Plaintiff objects to this Interrogatory as overbroad and unduly burdensome in that it seeks Plaintiff to identify "every instance."  Plaintiff further objects to Defendants' definitions and instructions as to the terms ENDS products and identity/identify as set forth above.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff has not sold Closed System E-Cigarette Products to others.

**Interrogatory No. 9:**

Identify all instances in which you asked someone to purchase JUUL products on your behalf for repayment, or vice versa, including the date of the purchase(s), the date of the repayment(s), the number of JUUL products purchased, the identity of those products, the location of the purchase(s), the price paid for each purchase, and the method(s) by which

you repaid them or were yourself repaid.

**Response:**

Plaintiff objects to this Interrogatory as seeking information irrelevant to any claim or defense at issue in this case. Plaintiff objects to this Interrogatory as seeking information outside the relevant time period.  Plaintiff objects to this Interrogatory as overbroad and unduly burdensome in that it seeks Plaintiff to identify "all instances."  Plaintiff further objects to Defendants' definitions and instructions as to the term identity/identify as set forth above.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff never asked someone to purchase JUUL products on her behalf.

**Interrogatory No. 10:**

Describe in detail any communications concerning ENDS products (including JUUL products), or the subject matter of this litigation more broadly, between you and any third parties, including without limitation, member of the press or media and any potential class member, including the date of the communications, and the identity of the person with whom you communicated.

**Response**

Plaintiff objects to this Interrogatory to the extent it purports to require Plaintiff to "describe any communications concerning ENDS products or the subject matter of this litigation more broadly" for an undefined time period and between Plaintiff "and any third parties" for an undefined time period as unduly burdensome, harassing, and disproportionate to the needs of the litigation, as the relevance of such information, including dates and identification of every person spoken to or communicated with, does not outweigh the burden. Plaintiff objects to the extent that the Interrogatory it seeks information protected by the attorney client privilege. Plaintiff further objects to Defendants' definitions and instructions as to the terms ENDS products and identity/identify as set forth above. Plaintiff will not produce a response to this Interrogatory.

WALSH SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

**Interrogatory No. 11:**

Identify (a) all parties holding contingency interests in the outcome of this case, (b) all parties who have already paid you any amount for your injuries alleged in this action, (c) all parties who have paid your attorneys any amount for their work related to this action, (d) all parties who have received through assignment any claims or damages assert [sic] in the complaint, and (e) any consideration (monetary or otherwise) associated with such an assignment. Include, without limitation, insurers, third-party finance companies, lenders of any kind, banks, and individuals.

**Response:**

Plaintiff objects to this Interrogatory as overbroad and unduly burdensome, as it seeks information about "parties" other than Plaintiff and is therefore outside Plaintiff's knowledge or that is irrelevant to Plaintiff's own role as a proposed class representative. Plaintiff further objects to this Interrogatory to the extent it includes subparts and is therefore beyond the limits for the total number of interrogatories set by the Federal Rules.

Subject to the objections set forth herein, Plaintiff responds as follows: Plaintiff has no agreement or expectation of receiving compensation for her role as a proposed class representation beyond what an absent class member may receive pursuant to a Court Order in connection with any future settlement or recovery at trial.  has not received any compensation, nor has  assigned any portion of her claim, nor has  received an assignment in connection with this litigation.

**Interrogatory No. 12:**

State the amount of damages (if any) you seek, and describe with specificity how this amount was calculated.

**Response:**

Plaintiff objects to this Interrogatory to the extent that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiffs' experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff will

WALSH SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

not produce preliminary calculations, to the extent they exist, as such information is work product, or covered by the attorney client privilege.

**Interrogatory No. 13:**

Identify any lawsuit that you have ever filed, or class action settlement in which you have submitted a claim, including without limitation any lawsuits or settlements involving Defendants Juul Labs Inc. and Altria, and the amount of money recovered (if any).

**Response:**

Plaintiff objects to this Interrogatory as overly broad in scope and unduly burdensome in that it requires Plaintiffs to "[i]dentify any lawsuit that you have ever filed, or class action settlement in which you have submitted a claim…." without regard to time period or subject matter. Plaintiff objects to this Interrogatory to the extent that it seeks information that is not relevant to the claims, defenses, and subject matter of the current action nor proportional to the needs of the case. Plaintiff further objects to the term "filed" as vague and ambiguous.

Subject to the objections set forth herein, Plaintiff responds as follows: With respect to actions in which Juul Labs Inc. and Altria are named as defendants, this is the only lawsuit that Plaintiff has been associated with as a plaintiff or a defendant. To the best of Plaintiff's knowledge, this is also the only lawsuit she has initiated against anyone (subject to Plaintiffs' previously disclosed general objection that Plaintiffs are not identifying lawsuits relating to family law or traffic). To the best of Plaintiff's knowledge, she has not submitted a claim in connection with any class action settlement involving Juul Labs, Inc. or Altria.

**Interrogatory No. 14:**

Describe all factual bases that support your contention that the conduct alleged in the complaint injured all or a vast majority of the alleged class members in a measurable way, explaining in detail the scope and nature of that injury and how the magnitude of that injury should be measured. (See IPP Compl. ¶ 179.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because

it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself,. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 15:**

Identify all factual bases that support your contention that "As a direct and proximate result of Defendants' anticompetitive conduct, Plaintiffs were overcharged and sustained injury to their business and property," through "the payment of supracompetitive prices for JUUL's Closed-System E-Cigarettes." (IPP Compl. ¶ 20.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention

interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 16:**

Identify each allegedly unlawful agreement that you contend Defendants Juul Labs Inc. and Altria entered that forms the basis of your complaint, including the date of each agreement, who made each agreement on behalf of Defendant Altria, who made each agreement on behalf of Defendant Juul Labs Inc., and the precise scope of each agreement.

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 17:**

Identify "all revenues, earnings, profits, compensation, and benefits that may have been obtained by [Defendant Altria] as a result of" the conduct alleged in the complaint. (See IPP Compl. ¶ 262.)

**Response:**

WALSH SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 18:**

Identify all factual bases that support your contention that "Before the shutdown of Nu Mark, JUUL and Altria relied on price promotions to drive sales of their respective e-cigarette products. In addition, each monitored the other's pricing in setting its own strategy. Altria's decision to withdraw its Closed-System E-Cigarettes from the market brought this price competition to an end." (IPP Compl. ¶ 160.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts

WALSH SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself,. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 19:**

Identify all factual bases that support your contention that "The Transaction was intended to, and did, increase JUUL's monopoly power." (IPP Compl. ¶ 157.)

**Response:**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

**Interrogatory No. 20:**

WALSH SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

Identify all factual bases that support your contention that "The relevant product market for the purposes of this action is Closed-System E-Cigarettes." (IPP Compl. ¶ 126.)

**<u>Response:</u>**

Plaintiff objects to this Interrogatory as premature, vague, overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case, because it seeks information that is best obtained from other sources, or via other means, with less burden or expense, including from documents to be produced in this action and/or depositions that will be taken in this action. Plaintiff further objects that it prematurely seeks the results of an economic analysis that may be undertaken by the indirect purchaser plaintiff's experts that will be disclosed in accordance with the case schedule for expert discovery. Plaintiff further objects to this Interrogatory as a premature contention interrogatory served before the start of deposition discovery. Plaintiff further objects to this interrogatory because contention interrogatories are particularly unduly burdensome and unnecessary in this case given the details contained in the complaint itself. In the context of this case, contention interrogatories are unlikely to fulfill their intended purpose of clarifying or narrowing the issues in dispute and are therefore disproportionate to the needs of the case. Plaintiff will not produce a response to this interrogatory.

Dated:  September 30, 2024

/s/ *Fred. T. Isquith, Sr.*
Fred T. Isquith, Sr. (*pro hac vice*)
**ISQUITH LAW PLLC**
103 84th St.
New York, NY 10028
Telephone: (718) 775-6478
Email: isquithlaw@gmail.com

Betsy C. Manifold (SBA 182450)
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
750 B Street, Suite 1820

San Diego, CA 92101
Telephone: (619) 239-4599
Email: manifold@whafh.com

Thomas H. Burt (*pro hac vice*)
Kate M. McGuire (*pro hac vice*)
**WOLF HALDENSTEIN ADLER FREEMAN &
HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Email: burt@whafh.com

Richard Vita
**VITA LAW OFFICES P.C.**
100 State St Ste 900
Boston, MA 02109
Telephone:  (617) 426-6566
Email: rjv@vitalaw.com

*Counsel for Plaintiff Walsh and the Indirect
Purchaser Plaintiffs*

Robin F. Zwerling (*pro hac vice*)
Susan Salvetti (*pro hac vice*)
Justin M. Tarshis (*pro hac vice*)
**ZWERLING, SCHACHTER & ZWERLING, LLP**
41 Madison Avenue
New York, NY 10010
Telephone: (212) 223-3900
Email: rzwerling@zsz.com
        ssalvetti@zsz.com
        jtarshis@zsz.com

*Interim Lead Counsel for the Indirect Purchaser
Plaintiffs*

Merle C. Meyers (SBN 66849)
Michele Thompson (SBN 241676)
**MEYERS LAW GROUP, P.C.**
44 Montgomery St. Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Email: mmeyers@meyerslawgroup.com
        mthompson@meyerslawgroup.com

*Counsel for Indirect Purchaser Plaintiffs*

Case No. 3:20-cv-02345-WHO
WALSH SUPPLEMENTAL RESPONSES TO ALTRIA'S
FIRST SET OF INTERROGATORIES TO IPPS

I, Kerry Walsh, have read Plaintiff Kerry Walsh's Supplemental Responses and Objections to Defendants Altria Group, Inc. and Altria Enterprises LLC, First Set of Interrogatories, and state that they are true and correct to the best of my knowledge, information and belief.

Dated: September __, 2024



_____
Kerry Walsh

# Exhibit 8

**RESUME OF**
**ZWERLING, SCHACHTER & ZWERLING, LLP**

Zwerling, Schachter & Zwerling, LLP, formed on January 1, 1985 ("ZSZ"), is one of the premier law firms in the prosecution of class actions in the areas of antitrust, securities, corporate governance, human rights, and consumer rights.

ZSZ proudly participated as an active member of The 9/11 Project, where it provided legal representation *pro bono* for the families of union-member victims of the 9/11 World Trade Center attacks. ZSZ was invited to join The Project with eight other collaborating law ZSZs but was the only one which regularly represented plaintiffs in litigation. New York Lawyers for the Public Interest coordinated The Project. The Project successfully obtained relief for those families above what they would have received from the 9/11 fund.

## Antitrust Litigation

ZSZ has acted or is presently acting as a lead counsel or member of an executive committee in numerous class actions. Some examples are:

- *In Re: Google Digital Advertising Antitrust Litigation,* 1:21-md-03010 (S.D.N.Y.) ("*Google Advertising Litigation")*;
- *In Re: Passenger Vehicle Replacement Tires Antitrust Litigation,* 5:24-md-3107 (N.D. Ohio) ("Replacement Tires");
- *In re: Deere & Company Repair Services Antitrust Litigation,* 3:22-cv-50188 (N.D. Ill.) ("John Deere Litigation");
- *In re: Juul Labs, Inc. Antitrust Litigation*, 20-cv-2345-WHO (N.D. Cal.) ("*Juul Antitrust Litigation*");
- *In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litigation,* 18- MD-2819 (E.D.N.Y.);
- *Lincoln Adventures LLC et al v. Certain Underwriters at Lloyd's London Members of Syndicates et. al.,* 2:08-cv-00235 (D. N.J.) ("*Lloyd's Litigation*");
- *White Mountain Fish LLC et al. v. Mowi ASA (f/k/a Marine Harvest ASA,* 19-22121-CIV, (S.D. Fla.) ("*Farmed Salmon Litigation*");
- *In re Cipro Cases I and II*, JCCP Nos. 4154 and 4220 (Cal. Super.) ("*Cipro California")*;
- *In re Ciprofloxacin Hydrochloride Antitrust Litigation*, MDL No. 1383 (E.D.N.Y.) ("*Cipro MDL")*;

1

- *In re: National Prescription Opiate Litigation*, MDL No. 2804 (N.D. Ohio); and

- *In re Insurance Brokerage Antitrust Litigation*, MDL No. 1663 (D.N.J.) (*"Insurance Brokers"*).

ZSZ is currently Lead Counsel for the indirect purchasers in the *Juul Antitrust Litigation;* Co-Lead Counsel in *Lloyd's Litigation.* Co-Lead Counsel for the reseller plaintiffs in *Replacement Tires;* Member of the Plaintiffs' Steering Committee in *John Deere Litigation;* and

ZSZ was also Liaison Counsel for end-payor plaintiffs in the *Restasis Antitrust Litigation.* In that capacity, ZSZ participated in all decision- making in connection with the prosecution of the litigation and served as the direct liaison with the Court and other parties.

*In re: National Prescription Opiate Litigation*, MDL No. 2804 (N.D. Ohio), ZSZ represented numerous Indian Tribes and Native Villages seeking relief from pharmaceutical manufacturers and distributors of prescription opioid drugs. ZSZ served on the Tribal settlement committee and participated in the organization and draft an amicus brief submitted on behalf of over 450 Tribes throughout the United States.

In both the *Cipro MDL* and the *Cipro California* cases, ZSZ served as Co-Lead Counsel challenging pay-for-delay pharmaceutical agreements on behalf of a class of indirect purchasers of the drug ciprofloxacin. As Co-Lead Counsel in California, ZSZ was able to revive a case that had been dismissed by numerous courts and abandoned by most other plaintiffs' counsel. In the process, California Co-Lead Counsel were able to reverse a significant error in the application of antitrust law to pharmaceutical reverse payment agreements and achieve a total settlement of $399.1 million – a total more than plaintiffs' expert's estimate of single damages.

ZSZ has also represented union health and welfare funds in other litigation to recover damages for price-fixing and other anti-competitive behavior for over 20 years. Such actions have included *In re Neurontin Antitrust Litigation*, MDL No. 1479 (D.N.J.); *In re Tamoxifen Citrate Antitrust Litigation*, MDL No. 1408 (E.D.N.Y.); *Karofsky v. Abbott Laboratories,* No. CV-95-1009 (Me. Super. Ct. Cumberland County) (as well as in 10 related cases in other state courts) (*"Abbott Laboratories Norvir"*); *In re Lorazepam and Clorazepate Antitrust Litigation*, MDL No. 1290 (D.D.C.) (as well as in 11 related cases in state courts) (*"Lorazepam & Clorazepate"*); and *Newman v. DuPont Merck Pharmaceutical Company,* No. 788358 (Cal. Super. Ct. Orange County).

In *Abbott Laboratories Norvir,* ZSZ represented the SEIU International Health Fund ("SEIU") against Abbott Laboratories in an action for monopoly leveraging under Section 2 of the Sherman Antitrust Act, as well as the California Unfair Competition law and state law unjust enrichment. The parties reached a settlement whereby thirteen not-for-profit organizations shared almost $5 million in *Cy Pres* funds.

2

ZSZ was appointed co-lead counsel for plaintiffs in numerous related indirect purchaser actions brought against Mylan Laboratories, Inc. and DuPont Merck Pharmaceutical Company (*Newman v. DuPont Merck Pharmaceutical Company,* No. 788358 (Cal. Super. Ct. Orange County)) regarding injury to competition and monopolization, as well as price fixing. Those actions included a separate action in federal court and resulted in settlements of over $100 million. The plaintiffs represented by ZSZ included several institutions, such as private insurers, as well as union health and welfare funds.

ZSZ was co-lead counsel and a member of the Executive Committee in eleven actions filed against the major pharmaceutical manufacturers alleging violations of state antitrust laws for charging higher prices to consumers who purchased brand name prescription drugs from retail pharmacies. The courts presiding over those cases commented on ZSZ's expertise:

- I think the lawyering in this case is most commendable.  I think that both sides have accorded themselves in a manner that allows us to be proud of the profession. . ..

Transcript of Hearing at 16-17, *Kerr v. Abbott Laboratories,* No. 96-2837 (Minn. Dist. Ct. Nov. 24, 1998).

- [T]his Court, in particular, has been helped along every step of the way by some outstanding lawyering You can hardly say that there's been anything but five star attorneys involved in this case.

Transcript of Hearing at 31 & 33, *Scholfield v. Abbott Laboratories,* No. 96 CV 460 (Wis. Cir. Ct. Oct. 5, 1998).

- I think the quality of counsel is excellent.

Transcript of Hearing at 28, *McLaughlin v. Abbott Laboratories,* No. CV 95-628 (Ariz. Super. Ct. Oct. 28, 1998).

I'll join my learned colleagues from this and other jurisdiction[s] in commending counsel in arriving at something that represents a great deal of hard work and a great deal of ingenuity in putting together a settlement of this magnitude and complexity, and especially the cost effective way in which this settlement is proposed to be distributed.

Transcript of Hearing at 17, *Karofsky v. Abbott Laboratories,* No. CV-95-1009 (Me. Super. Ct. Dec. 2, 1998).

In *Insurance Brokers*, settlements totaling over $198 million were reached with three of the many defendant groups. ZSZ was one of the three class counsel in *Rodriguez v. West Publishing Corporation*, No. 2:05-cv-3222 R(MCx) (C.D. Cal.), where a $49 million settlement of antitrust claims was approved by the Court and by the Ninth Circuit Appeals on behalf of a class of law graduates enrolled in the BAR/BRI bar review courses.

**Consumer Litigation**

ZSZ represented consumers who were victims of overcharge in the sale of toys in *In re Playmobil Antitrust Litigation*, No. 9:95-cv-2896 (JS) (E.D.N.Y.). Judge Seybert complimented the work of Class Counsel, including ZSZ, stating in her opinion certifying the Class:

> As set forth in greater detail in the ZSZ resumes…: (1) Zwerling, Schachter & Zwerling, LLP [and three other ZSZs] … all have extensive familiarity with the prosecution of complex litigations, class actions and specifically, antitrust litigations. This is further borne out by counsels' submissions and conduct to date before this Court.

*In re Playmobil Antitrust Litigation*, 35 F. Supp. 2d 231, 245 (E.D.N.Y. 1998) (citation omitted).

In the area of deceptive trade practices, ZSZ represented union health and welfare funds in litigation against the tobacco industry. *Eastern States Health & Welfare Fund v. Philip Morris, Inc.*, Index No. 603869/97 (N.Y. Sup. Ct. N.Y. County). Those claims were for the excess costs incurred by the funds in providing health care to the members of their unions as a result of the fraudulent and deceptive practices of the tobacco industry.

ZSZ was lead counsel in coordinated nationwide actions against the world's leading passenger cruise lines regarding their advertising practices concerning "port charges." (*Cicogna v. Royal Caribbean Cruises, Ltd.*, No. 96-8075 (Fla. Cir. Ct. Dade County); *Espinet v. Kloster Cruise Ltd.*, No. 96-8076 (Fla. Cir. Ct. Dade County); *Bellikoff v. Celebrity Cruises Inc.*, No. 96-8077 (Fla. Cir. Ct. Dade County); *Hackbarth v. Carnival Cruise Lines Inc.*, No. 96-8078 (Fla. Cir. Ct. Dade County); *Glassman v. Renaissance Cruises, Inc.*, No. 96-5490 (Fla. Cir. Ct. Broward County); *Pickett v. Holland America Line-Westours, Inc.*, No. 96-2-10831 (Wash. Super. Ct. King County) ("*Pickett*"), *Barton v. Princess Cruises Inc.*, No. BC 148448 (Cal. Super. Ct. Los Angeles County); *Millheiser v. Dolphin Cruise Line*, No. 96-18146 (Fla. Cir. Ct. Dade County); *Latman v. Costa Cruise Lines N.V.*, No. 96-18139 (Fla. Cir. Ct. Dade County); and *Cronin v. Cunard Cruise Line Ltd.*, Index No. 115899/96 (N.Y. Sup. Ct. N.Y. County)). In *Pickett*, the Court complimented ZSZ by declaring that "[t]his has been litigated very professionally from the beginning to the end."

Among other consumer cases, ZSZ was involved in cases regarding defective automobile brakes (*McGill v. General Motors Corporation*, Index No. 15525/95 (N.Y. Sup. Ct. Bronx County) (related to *Garcia v. General Motors Corporation*, No. L- 4394-95 (N.J.

4

Super. Ct.)).

## Constitutional and Civil Rights Litigation

ZSZ is and has been counsel in high profile constitutional and civil rights actions.

Currently, in *Yayla, et al. v. Refinitiv US LLC, et. al* 8:23-cv-00830 (C.D. Cal.), plaintiffs claim that they have been damaged by virtue of having been improperly targeted as terrorists by the defendant.

*In Haley v. Pataki*, No. 3:95-cv-550 (TJM) (N.D.N.Y.), the ZSZ obtained an order forcing the Governor of the State of New York to stop withholding salaries from legislative employees to coerce members of the State Legislature to vote on his state budget. In a related case, *Dugan v. Pataki*, Index No. 16341/95 (N.Y. Sup. Ct. Kings County), ZSZ obtained the same relief for the elected members of the State Legislature.

ZSZ has represented the New York City Council in *Mayor of New York v. Council of New York,* Index No. 402354/95 (N.Y. Sup. Ct. N.Y. County), an action in which the Mayor challenged the legislative powers of the City Council in connection with the establishment of a board to review allegations of police corruption.

ZSZ also represented the Straphangers Campaign, a mass transit advocacy group, in *New York Urban League, Inc. v. Metropolitan Transportation Authority*, No. 1:95-cv-9001 (RPP) (S.D.N.Y.), an action to compel the State of New York and the MTA to allocate transit subsidies in a manner which does not have a discriminatory impact on minority ridership in New York City.

## Securities Litigation

ZSZ has acted as a lead counsel or as a member of an executive committee for plaintiffs in many securities related lawsuits, including those in which ZSZ has represented public employee pension funds and union pension funds.

The following is a representative sample of the complex securities claims which ZSZ has litigated:

·       *Anwar v. Fairfield Greenwich Limited*, Master File No. 1:09-cv-118 (VM) (S.D.N.Y.) which obtained a recovery on behalf of investors in "feeder funds" that, in turn, invested with Bernard L. Madoff Securities, LLC.

·       *Hayman v. PricewaterhouseCoopers, LLP*, No. 1:01-cv-1078 (KMO) (N.D. Ohio) brought on behalf of investors in Telxon Corp. securities against the company's auditors for issuing false opinions on the company's financial statements. ZSZ obtained a recommendation for a default judgment against PricewaterhouseCoopers, LLP and then

settled the action.

·        *In re Telxon Corp. Securities Litigation*, No. 5:98-cv-2876 (KMO) (N.D. Ohio) - a securities fraud class action where ZSZ, as sole lead counsel. Class members in the related *PricewaterhouseCoopers* and *Telxon* actions received over 70% of their losses in settlement.

*In re Old Banc One Shareholders Securities Litigation*, No. 00C2100 (N.D. Ill.) – a securities case regarding the merger of Banc One and First Chicago Bank. ZSZ, as Co-Lead Counsel, obtained sanctions for the spoliation of evidence and the case settled.

.

*In re Bennett Funding Group, Inc. Securities Litigation*, No. 1:96-cv-2583(S.D.N.Y.) - securities fraud class action involving the single largest alleged Ponzi scheme in the United States at that time. ZSZ was on the Executive Committee which successfully prosecuted the accountants, insurers, and sellers of the alleged fraudulent securities.

*Rosenberg v. Stauth*, No. 5:96-cv-1808-M (W.D. Okla.) - shareholders' derivative action involving alleged improper business practices at Fleming Companies, Inc. in which the demand futility defense was successfully defeated.

·        *In re ICN/Viratek Securities Litigation*, No. 1:87-cv-4296 (S.D.N.Y.) - securities fraud class action involving FDA sought approval of an HIV drug. The case settled after trial.

·        *In re Adaptec Inc. Derivative Litigation*, Master File No. CV 772590 and *In re Network Associates Derivative Litigation*, Master File No. CV 781854 (Cal. Super. Ct. Santa Clara County) – shareholders' derivative lawsuits pursuant to California's insider trading statute to recover profits from the company's officers and directors.

·        *In re Ames Department Stores, Inc. Stock Litigation*, No. 2:90-cv-27 (PCD) (D. Conn.) - securities fraud class action in which the Second Circuit reaffirmed the scope of the "in connection with" requirement of the Securities Exchange Act § 10(b).

Courts have commented favorably upon the expertise of ZSZ.
- "I look at the counsel, they are skilled, highly regarded counsel here…I've looked at the affidavits of both lawyers and they are solid professionals from reputable firms who have done good work…"

Transcript of Hearing at 11, *Zanfardino v. Kay*, No. 22-cv-07258 (D.N.J.) (Mar. 20, 2025.)

In appointing the ZSZ as lead counsel in *In re Old Banc One Shareholders Securities Litigation*, No. 00C2100 (N.D. Ill.), the Court noted that the "attorneys have extensive experience, many successes on their resumes, and have obtained sizable

6

recoveries on behalf of their clients." Minute Order dated December 21, 2000.

In appointing it as lead counsel in *In re Telxon Corporation Securities Litigation*, No. 5:98- cv-2876 (KMO) (N.D. Ohio), the Court determined that ZSZ has "the requisite ability and expertise to prosecute and manage this litigation effectively." Memorandum and Order at 39, August 25, 1999.

As a member of a team of plaintiffs' trial counsel in *In re ICN/Viratek Securities Litigation*, No. 1:87-cv-4296 (S.D.N.Y.), ZSZ was complimented by Judge Kimba Wood as having done a "superb job on behalf of the class. This was a very hard- fought case. You had very able, superb opponents, and they put you to your task. The trial work was beautifully done and I believe very efficiently done."

In *In re Par Pharmaceutical, Inc. Derivative Litigation*, No. 1:89-cv-5742 (RPP) (S.D.N.Y.), Judge Patterson, in commenting on ZSZ, said "[they] acted skillfully and resourcefully [ZSZ] exercised wisdom and judgment and negotiated a skillful settlement with the defending company and with the officer and director/defendants." Slip opinion dated June 15, 1992.

Partner Robert Schachter was appointed as Proof-of-Claim Counsel in connection with the loss analysis in *In re Washington Public Power Supply System Securities Litigation*, MDL No. 551 (D. Ariz.). The Special Master appointed by the Court, commented, : "I...find that the services of Mr. Schachter were efficiently and reasonably performed by him personally.  Mr. Schachter specifically was appointed by the District Court to serve as Claims Counsel. It was not unreasonable for a senior partner like Mr. Schachter, with his vast knowledge of the case, to directly oversee the claims administration process rather than relying upon less knowledgeable junior attorneys. The class received its money's worth for Mr. Schachter's services."

## **Members of  ZSZ**

### **Jeffrey C. Zwerling**

Jeffrey C. Zwerling was admitted to the bar of the State of New York in 1972 and to the bar of the State of Arizona in 1981; he is admitted to the following federal courts: the United States District Court for the Southern and Eastern Districts of New York, and the United States Court of Appeals for the Second Circuit.  He received a Bachelor of Science degree with Honors from Lehigh University in 1968 and a Juris Doctor degree from Columbia University School of Law in 1971.  He was Articles Editor of the Columbia Journal of Transnational Law.  His professional affiliations include:  the Second Circuit Federal Bar Council,  New York State Bar Association, Association of the Bar of the City of New York, Nassau County Bar Association, and State Bar of Arizona. Mr. Zwerling was chosen as among the top 5% of attorneys in the New York City area as a "Super Lawyer"; he is rated in Martindale Hubbell as a "Preeminent Lawyer".

On July 1, 1977, Mr. Zwerling founded the Law Offices of Jeffrey C. Zwerling; on January 1, 1985, that became ZSZ. Prior to 1977, Mr. Zwerling was associated with the firms of Gasperini, Koch & Savage; Koch & Gluck; and Murray A. Gordon, P.C., with emphasis on civil litigation, real estate, and general corporate and commercial matters. Mr. Zwerling has represented and advised the Uniformed Fire Officers Association in regard to its pension funds and annuity plans.

Mr. Zwerling has extensive experience in all phases of complex litigation, including jury and non-jury trials, mediation, expert discovery, and settlement negotiations. He has negotiated several innovative corporate governance and structural changes in the resolution of shareholders' complaints. He is highly knowledgeable about economic and finance issues. Mr. Zwerling co- authored "The Dell Case: The Doors To The Courts Close Further For Investors" in the Aspatore Special Report (Thomson Reuters/Aspatore 2008).

### Robert S. Schachter

Robert S. Schachter was admitted to the bar of the State of New York in 1972; he is admitted to the following federal courts: the United States District Court for the Southern and Eastern Districts of New York, the Central District of California, the Eastern District of Wisconsin, the United States Court of Appeals for the Federal Circuit, the Second, Fifth, Seventh, Ninth and Eleventh Circuits, and the Supreme Court of the United States. He received a Bachelor of Arts degree from Syracuse University in 1968 and a Juris Doctor degree from Brooklyn Law School in 1971. His professional affiliations include: The American Bar Association (Lecturer, Panels in Class Actions, 1980 and 1998) and the Second Circuit Federal Bar Council. Mr. Schachter was chosen as among the top 5% of attorneys in the New York City area as a "Super Lawyer"; he is rated in Martindale Hubbell as a "Preeminent Lawyer".

Mr. Schachter was a panelist at the Public Funds Summit (2002-2004), Investment Education Symposium sponsored by the Council of Louisiana Trustees (2002), and Fire & Police Pension Summit (2002). Mr. Schachter is a panelist for a series of seminars moderated by the late Professor Francis McGovern of the Duke University Law School concerning "Distribution of Securities Litigation Settlements—Improving the Process." These seminars are aimed to develop solutions to improve the efficiency and effectiveness of securities litigation settlement distributions. Participants in the conference include attorneys, judges, regulators, institutional filers and claims administrators. The purpose of the seminars is to prepare a report for presentation to the Federal Judicial Conference.

Prior to the formation of ZSZ, Mr. Schachter was associated from 1973 through 1984 with Goodkind Labaton & Sucharow LLP now known as Labaton Keller Sucharow LLP. Mr. Schachter became a partner of that firm on January 1, 1978, concentrating in complex multi-

8

district litigation.

Mr. Schachter has extensive experience in all phases of complex litigation.  He has been involved in many settlement negotiations, as well as the drafting of complex settlement documents, and has expertise in the administration of class settlements. Mr. Schachter has been instrumental in crafting novel settlements which have been applauded by courts in securities, as well as antitrust matters, including corporate governance issues.

### Robin F. Zwerling

Robin F. Zwerling was admitted to the bar of the State of New York in 1976; she is admitted to the following federal courts:  the United States District Court for the Southern and Eastern Districts of New York, the United States Court of Appeals for the Second, Fourth, Sixth, Seventh and Ninth Circuits, and the Supreme Court of the United States. She received a Bachelor of Arts degree *cum laude* from Jackson College of Tufts University in 1972, and a Juris Doctor degree from Georgetown University Law Center in 1975.  Her memberships include:  the American Bar Association and the National Association of Securities and Commercial Law Attorneys, and the Second Circuit Federal Bar Council.

As a member of the Program Committee of the Second Circuit Federal Bar Council, Ms. Zwerling plans and coordinates Continuing Legal Education programs. She was chosen as among the top 5% of attorneys in the New York City area as a "Super Lawyer"; she is rated in Martindale Hubbell as a "Preeminent Lawyer".

Ms. Zwerling has concentrated in litigation since her graduation from law school. At that time, she became associated with Martin, Clearwater & Bell, becoming a partner in 1982 and remained there until the formation of ZSZ in 1985.  Ms. Zwerling has extensive experience in all phases of litigation, including trials and appellate arguments. She has tried cases in both state and federal courts.  Ms. Zwerling successfully completed the National Institute of Trial Advocacy's Advanced Trial Practice course after having tried a number of cases.

### Senior Counsel of ZSZ

### Justin M. Tarshis

Justin M. Tarshis was admitted to the bar of the State of New York in 2003; he is also admitted to the United States District Court for the Southern and Eastern Districts of New York and the United States Court of Appeals for the Second Circuit.  He received a Bachelor of Science degree from the University of Wisconsin in 1999, and a Juris Doctor degree *cum laude* from Brooklyn Law School in 2002.

9

While in law school, Mr. Tarshis was the recipient of the Samuel L. Sporn Academic Achievement Scholarship and the CALI Excellence for the Future Award in Civil Practice. In addition, Mr. Tarshis served as an intern to the Honorable Shira A. Scheindlin of the Southern District of New York, as well as an intern in the New York State Attorney General's Office.

Since joining - ZSZ, Mr. Tarshis has been involved in nearly all phases of ZSZ's antitrust, securities and complex litigation practices from investigation, drafting complaints, motion practice, discovery, pre-trial preparation and appeals.

### Associates of ZSZ

### Donatella P. Keohane

Donatella P. Keohane was admitted to the bar of the State of New York in 2003; she is also admitted to the Brazilian bar (State of Rio de Janeiro chapter). She received a Bachelor of Laws degree from Universidade Federal do Rio de Janeiro in 1998, and a Master of Laws degree from Fordham University School of Law in 2002. Prior to her association with ZSZ, Ms. Keohane had been associated with Clifford Chance US LLP.

Ms. Keohane has concentrated on investigations and all aspects of discovery, including depositions, in complex class actions.

### Jessica C. Hermes

Jessica C. Hermes was admitted to the bar of the State of New York in 2016. She received a Bachelor of Arts degree from Villanova University in 2012 and a Juris Doctor degree from New York University School of Law in 2015, where she was Notes Editor and Staff Editor for the *Journal of Legislation & Public Policy*.

Ms. Hermes has been involved in all phases of litigation, including drafting and responding to discovery requests, preparing for depositions, drafting motions, and preparing for and participating in hearings and trials. She has been involved in complex litigation matters related to securities and antitrust law.