UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable William H. Orrick, District Judge

IN RE:  JUUL ANTITRUST           ) Case No. C 20-02345-WHO
LITIGATION                       )
_____  )

                                 San Francisco, California
                                 Tuesday, August 19, 2025


TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
              RECORDING 2:01 - 2:08 = 7 MINUTES



APPEARANCES:

For Juul Labs, Inc.:
                              Cleary Gottlieb Steen &
                                Hamilton, LLP
                              2112 Pennsylvania Avenue, NW
                              Washington, DC 20037
                         BY:  NOWELL BAMBERGER, ESQ.

For the Direct Purchaser
  Plaintiffs:                 Joseph Saveri Law Firm, LLP
                              601 California Street
                              Suite 1000
                              San Francisco, California
                                94108
                         BY:  JOSEPH R. SAVERI, ESQ.
                              ITAK MORADI, ESQ.
                              DAVID H. SEIDEL, ESQ.

                              Joseph Saveri Law Firm, LLP
                              400 North Gilman Boulevard
                              Issaquah, Washington 98027
                         BY:  RONNIE S. SPIEGEL, ESQ.

        (APPEARANCES CONTINUED ON THE NEXT PAGE.)

2

For the Indirect Reseller
  Purchaser Plaintiffs:        Kaplan Fox Kilsheimer
                               850 Third Avenue, 14th Floor
                               New York, New York 10022
                          BY:  ELANA KATCHER, ESQ.

For Altria Group, Inc:
                               Wilkinson Stekloff, LLP
                               130 West 42nd Street
                               24th Floor
                               New York, New York 10036
                          BY:  JEREMY S. BARBER, ESQ.

                               Wilkinson Stekloff, LLP
                               2001 M Street, NW, 10th Floor
                               Washington, DC 20036
                          BY:  JAMES J. ROSENTHAL, ESQ.

For Nicholas J. Pritzker
  and Riaz Valani:             Kellogg, Hansen, Todd, Figel,
                                 & Frederick, PLLC
                               1615 M Street, NW, Suite 400
                               Washington, DC 20036
                          BY:  ANDREW SKARAS, ESQ.


Transcribed by:                Echo Reporting, Inc.
                               Contracted Court Reporter/
                               Transcriber
                               echoreporting@yahoo.com

3

Tuesday, August 19, 2025                                    2:01 p.m.

P-R-O-C-E-E-D-I-N-G-S

--oOo--

THE CLERK:  So we will get underway in case number 20-2345 in regard to the Juul Antitrust Litigation.

Counsel, if you would please state your appearance for the record.

MR. SAVERI (via Zoom):  Good afternoon.  Joseph Saveri on behalf of the direct purchaser plaintiffs.

MS. KATCHER (via Zoom):  Elana Katcher on behalf of the indirect reseller purchaser plaintiffs.

MS. SPIEGEL (via Zoom):  Ronnie Spiegel on behalf of the direct purchaser plaintiffs.  Thank you.

MR. SEIDEL (via Zoom):  David Seidel on behalf of the direct purchaser plaintiffs.

MS. MORADI (via Zoom):  Good afternoon.  Itak Moradi for direct purchaser plaintiffs.

MR. ROSENTHAL (via Zoom):  Good afternoon, your Honor.  James Rosenthal on behalf of Altria.

MR. BARBER (via Zoom):  Good afternoon, your Honor.  Jeremy Barber on behalf of Altria, as well.

MR. BAMBERGER (via Zoom):  And, good afternoon, your Honor.  Nowell Bamberger on behalf of Juul Labs.

MR. SKARAS (via Zoom):  Good afternoon.  Andrew Skaras on behalf of Nicholas Pritzker and Riaz Valani.

4

THE COURT:  Great.  Good afternoon, everybody.  I'm looking forward to seeing you in October.  And, I guess, first we ought to set the date and you wanted to move the October 8th date.  Does October 10th at 2:00 o'clock work for everybody.

MR. SAVERI:  Your Honor, it -- this is Joseph Saveri.  It's my conflict.  The ABTL conference is in Maui that week, so I –

THE COURT:  Oh, forget it then.  I didn't realize –

MR. SAVERI:  I'm being fully candid, your Honor.  So, you know, for me, the 8th, the 9th or the 10th are all the same.  So, if that -- if the 8th doesn't work -- I mean, I could do any of those dates, the 8th, 9th or the 10th.  I mean, the hearing is important.  So, I'll -- I'll move my schedule.  But it was my conflict.  That's where I was coming from.

THE COURT:  Okay.  Anybody else?

MR. BARBER:  Your Honor, the 10th should work for the Altria Defendants.

THE COURT:  Okay.  I think, why don't we set it then for the 10th, and that will -- we'll have a special setting then we can have more time, you can -- have worked on your tan on the 8th and the 9th, Mr. Saveri, and then we can deal with the issues as they come up.

5

MR. SAVERI:  I'll take that as an order of the Court.

THE COURT:  And, then, you asked what the scope -- you asked me to provide some information on the scope of the hearing, which is kind of difficult to do, not knowing exactly what the issues are going to be.  The -- typically, what I do is I set a time limit and I tell people, argue what you want to argue, but you got to stick within the time limits.  And it usually, because of my limited attention span, is somewhere between 30 minutes a side to an hour a side, depending the issues that I see coming up.

We do have a couple of different groups of Plaintiffs here, and what I'm inclined to do is tell you to agree on -- figure out yourselves how you want to split the time and how you want to argue the issues.  If -- if you tell me that that's not going to be a simple task, I'm also happy to -- to just direct it one way or another, once I see what the issues are that I care about.

MR. SAVERI:  Your Honor, maybe I'll go first, from the direct purchaser plaintiffs.  I think that's -- I think that's fine.  I mean, I'm happy to engage with the -- with all of the folks and try to figure out how to allocate it.

I guess, as you said, there are a number of Plaintiffs' groups, there are number of -- I mean, there are several class certification motions and the Daubert motions are also

6

set for hearing simultaneously, so it's a lot.  It could be. And we just -- we just wanted to reflect on that a little bit before we showed up.

THE COURT:  Okay.  Well, I'm assuming that it's going to be -- and it may be so much that when I look at it, I think that I need more.  One of the things -- I probably won't.  And one of the reasons that I probably won't is that your decisions -- I don't know what you argued -- tell me about the issues that I should be concerned about, and that's one of the benefits for me of having a, sort of, directed time frame.

MR. SAVERI:  So that's fine, your Honor.  I'm certainly happy to try to speak with the other folks and figure out how to organize it.

THE COURT:  Okay.  From the Defense perspective, do you have any comments on that, or do you think there's some other wisdom that I can give you now about the scope of the hearing that would be useful?

MR. BARBER:  No, your Honor.  That sounds great and we're happy to defer to whatever process you prefer.

THE COURT:  Okay.

MS. KATCHER:  Your Honor, this is Elana Katcher from the indirect reseller plaintiffs.  It would be helpful to know whether this will just be argument or whether we should have our experts prepared to attend.  They have their

7

schedules, but we have –

THE COURT:  I have no desire to hear testimony, it will be just argument.

MS. KATCHER:  Thank you.

THE COURT:  Any other questions or anything else that would be useful to talk about today?  Does anybody have any –

MR. SAVERI:  The only other item is, we had proposed a refinement of the summary judgment schedule, which was stipulated to by all of the parties.  It's -- it's memorialized in the case management conference statement, so I just –

THE COURT:  Yeah.

MR. SAVERI:  And I don't know if that's housekeeping or something, but that's -- that's out there.

THE COURT:  That looked fine to me.  So we'll -- if anybody is in agreement with that schedule on page three of the CMC, then that's what we'll do.

MR. SAVERI:  And, your Honor, from the direct purchaser plaintiffs, I think that's all that we were interested in raising with you, at least today.

THE COURT:  Anybody else?

MS. KATCHER:  (Indiscernible) the indirect reseller plaintiffs.

THE COURT:  All right.  Hearing nothing, pleasure

8

to see you.  See you in October.  I'm sorry to interrupt the ABTL, but not all that much.  I'm not going, so –

MR. SAVERI:  I'll see you on the 10th, your Honor.

THE COURT:  Okay.  Excellent.

Thank you all very much.

MR. SAVERI:  Very good.  Thank you.

ALL:  Thank you, your Honor.

(Proceedings adjourned at 2:08 p.m.)

9

CERTIFICATE OF TRANSCRIBER

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

Echo Reporting, Inc., Transcriber

Tuesday, August 26, 2025

*Echo Reporting, Inc.*