UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS, INC. ANTITRUST LITIGATION | Case No. 20-cv-02345-WHO<br><br>**PROCEDURE AND TENTATIVE RULINGS FOR OCTOBER 17, 2025 HEARING** |

Each side (all plaintiffs and all defendants) will have one hour for oral argument. Defendants will start and may choose the motion or group of motions they first want to address. Plaintiffs shall respond and then choose the second motion or group of motions to address. The hearing will proceed in that vein until time has elapsed.

The Court's tentative rulings and questions for counsel are:

**Direct Purchaser Plaintiffs' Motion for Class Certification**: GRANT.

Question for Plaintiffs: What is the status of the proceedings for putative class members I compelled to arbitration?

**Indirect Purchaser Plaintiffs' & Indirect Reseller Plaintiffs' Motions for Class Certification**: GRANT.

Question for Defendants: Why isn't your argument – the indirect experts did not consider two key variables – really an argument grounded in your competing theories as to why JLI raised prices?

Question for Defendants: What three or four repealer states' laws raise the most significant conflicts with Cartwright Act?

1    Question for Plaintiffs:  While I certified a repealer class under the Cartwright Act in the *In
2    re Ramen Antitrust Case*, many of my colleagues have declined to do so following the Ninth
3    Circuit's *Stromberg v. Qualcomm* decision.  Why should the result here be different from the more
4    recent decisions from this District?

5    Question for Both:  Under the choice of law analysis, the conflicts defendants identify are
6    primarily differences in damages.  Why can't those issues be dealt with at a damages phrase, after
7    liability under Cartwright Act is determined?

8    **Defendants' Motion to Exclude Léger**: DENY.  The assumption in this case (that once
9    Altria left market, its former customers would mostly go to JUUL) is disputed but supported,
10   distinguishing the cases where the proportional substitution assumption was unsupported.

11   Question For Plaintiffs: Has any court relied on/permitted use of ALM models similar to
12   Léger's to show antitrust injury or overcharge damages?

13   Question For Defendants: What are the differences between a pre-merger analysis and the
14   overcharge analysis here that make use of an ALM inappropriate?

15   **Defendants' Motion to Exclude Leffler and Macartney:** DENY, failure to include
16   variables that support defendants' theories concerning JLI's pricing are matters for cross-
17   examination not exclusion.

18   **Defendants' Motion to Exclude Hoelle**:  DENY, because of the lack of prejudice.
19   However, Hoelle would only be admissible in rebuttal if Murphy opines on the topics Hoelle
20   rebuts.

21   **Defendants' Motion to Exclude Singh**:  DENY, a full valuation report was not required
22   and Singh used accepted methods to provide a range of possible valuations.

23   **Plaintiffs' Motion to Exclude Murphy**: DENY, challenges go to weight and not
24   admissibility.

25   **Plaintiffs' Motion to Exclude Dobbins**: GRANT, but Court may defer consideration to
26   the motion in limine stage or address through rulings at trial.

27   **Plaintiffs' Motion to Exclude Henningfield**: DENY, but Henningfield will be prohibited
28   from testifying as to "market success" or economic and market implications from JUUL's higher

abuse liability.

**Plaintiffs' Motion to Exclude Garza**: GRANT, although the Court will consider a limiting instruction that the antitrust clearance provisions in the Agreement are not evidence of a conspiracy or antitrust violation.

Dated: October 16, 2025



William H. Orrick
United States District Judge