UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: JUUL LABS, INC. ANTITRUST
LITIGATION

Case No. 20-cv-02345-WHO

**AMENDED NUNC PRO TUNC**
**SHORT ORDER ON MOTIONS FOR**
**CLASS CERTIFICATION**

For purposes of allowing the parties to proceed to meet and confer on class notice and the notice plan prior to the further Case Management Conference on February 27, 2026, my rulings on the pending motions for class certification and to strike or exclude are below.  A further Order will explain the rulings in depth.  Defendants' time to file a petition under Rule 23(f) is tolled until I issue the further Order.

**Direct Purchaser Plaintiffs' motion for class certification:  GRANTED**.

The following class is certified:

> All natural persons and entities in the United States that purchased e-cigarette products directly from Defendant Juul Inc. or any of its subsidiaries or affiliates, from October 5, 2018 to the present (the "Class Period")

The DPP named plaintiffs' claims are typical of all class members, they are adequate to represent any wholesalers or retailers who do not opt out, and DPP Black has no conflicts that would preclude him for challenging JLI's assertion of forum-selection clauses or arbitration agreements on behalf of absent class members.

The defendants' motions to exclude DPP experts Leger and Singh are **DENIED**.  The motion to strike as to Hoelle is **DENIED.**  Hoelle's testimony may only be provided as rebuttal to Murphy, absent agreement by the parties.  Hoelle should also be produced for a supplemental two

hour deposition and Murphy may prepare a supplemental report, responding to Hoelle's supplemental opinions.

The DPPs' motion to exclude Murphy is **DENIED**.  The motion as to Dobbins is **GRANTED** in limited part.  Dobbins may not testify as to the "reasonableness" of Altria's exit, but the boundaries of his testimony can be revisited on a motion in limine.  The motion as to Henningfield is **GRANTED** in limited part.  Henningfield may not opine on issues of economics or market share for which he is not qualified.  The boundaries of his testimony can be revisited on a motion in limine.  The motion as to Garza is **GRANTED** subject to reconsideration at trial.  If plaintiffs solicit testimony questioning typicality of antitrust clearance provisions, a limiting instruction may cure any inference that seeking clearance is itself anticompetitive conduct. Depending on the testimony plaintiffs solicit and whether a limiting instruction suffices, I may reconsider allowing limited testimony from Garza.

**The Indirect Purchaser Plaintiffs' Motion for Class Certification:  GRANTED in part**.

The following Indirect Purchase Plaintiffs ("IPP") classes are certified with identified class representatives:

> **Cartwright Act Class** (All Plaintiffs): All persons or entities in the Arizona, California, the District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Utah, Vermont, West Virginia, and Wisconsin who purchased JUUL pods, excluding devices or JUUL kits containing devices ("JUUL Pods"), indirectly from JLI, for personal use and not resale, from October 25, 2018 through March 29, 2024 (the "Class Period").

> **California Class** (Daraka Larimore and Adam Matschullat): All persons or entities in the State of California that purchased JUUL Pods indirectly from JLI, for personal use and not resale during the Class Period.

> **Florida Class** (Allison Harrod): All persons or entities in the State of Florida that purchased JUUL Pods indirectly from JLI, for personal use and not resale during the Class Period.

> **Hawaii Class** (Michael Imai): All persons or entities in the State of Hawaii that purchased JUUL Pods indirectly from JLI, for personal use and not resale during the Class Period.

United States District Court
Northern District of California

United States District Court
Northern District of California

**Massachusetts Class** (Kerry Walsh): All persons or entities in the State of Massachusetts that purchased JUUL Pods indirectly from JLI, for personal use and not resale during the Class Period.

**New York Class** (Dylan Pang): All persons or entities in the State of New York that purchased JUUL Pods indirectly from JLI, for personal use and not resale during the Class Period.

**Rhode Island Class** (Kurt Doughty): All persons or entities in the State of Rhode Island that purchased JUUL Pods indirectly from JLI, for personal use and not resale during the Class Period.

The following Indirect Reseller Plaintiffs ("IRPs") classes are certified with identified class representatives:

**Multistate Cartwright Act Class** (Napht, Rose and Fifth, and Sofijon): A class, pursuing claims under the Cartwright Act, Sections 16700-16770 of the California Business and Professions Code ("The Cartwright Act"), defined as:

All businesses and entities in the States of Arizona, California, the District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Utah, Vermont, West Virginia, and Wisconsin that purchased Juul pods (excluding Juul devices or Juul kits containing devices) indirectly from Juul Labs, Inc. for resale, from December 1, 2018 through March 31, 2025 (the "Class Period").

**California State Class** (Napht, Rose and Fifth, and Sofijon). A class, pursuing claims under the Cartwright Act, Section 16700-16770 of the California Business and Professions Code, and California's Unfair Competition Law, Cal. Bus. & Prof. Code Section 17200, et. seq. defined as:

All businesses and entities in the State of California that purchased Juul pods (excluding Juul devices or Juul kits containing devices) indirectly from Juul Labs, Inc. for resale, from December 1, 2018 through March 31, 2025.

**Florida State Class** (Noor Baig). A class, pursuing claims under the Florida Deceptive & Unfair Trade practices Act, Florida Stat. Sections 501.201 et seq. (the "FDUTPA"), defined as:

All businesses and entities in the State of Florida that purchased Juul pods (excluding Juul devices or Juul kits containing devices) indirectly from Juul Labs, Inc. for resale, from December 1, 2018 through March 31, 2025.

**Michigan State Class** (Somerset Party Store). A class, pursuing claims under the Michigan Antitrust Reform Act, Mich. Comp. Laws Section 445.771 et seq., defined as:

3

All businesses and entities in the State of Michigan that purchased Juul pods (excluding Juul devices or Juul kits containing devices) indirectly from Juul Labs, Inc. for resale, from December 1, 2018 through March 31, 2025.

The Cartwright Act classes for both the IPPs and IRPs do not extend to all repealer states. Applying California's choice of law principles, California has a constitutionally sufficient aggregation of contacts to the claims of all purported class members (given that JLI was based in California during the relevant time and Altria and JLI negotiated the alleged antitrust agreements and put them into effect in California).   Looking to the conflicts identified by defendants (as defendants bear the burden to show true conflicts)[1] the following states are excluded from the indirect classes suggested by plaintiffs:  Arkansas, South Carolina, Tennessee, and Virginia. Those states do not allow class actions for the antitrust claims at issue.

I recognize that different repealer states have damages provisions that differ from those in the Cartwright Act.  I do not find those differences to be true conflicts or differences that would trump California's interest in applying the Cartwright Act for purposes of determining liability. The interests of the repealer states whose only conflicts are based on damages can be accommodated through jury instructions and other mechanisms post-trial.[2]  Therefore, only those identified states above are included in the Cartwright Act classes.

Defendants' motion to exclude Leffler and Macartney are **DENIED**.

**IT IS SO ORDERED.**

Dated: February 5, 2026



William H. Orrick
United States District Judge

---

[1] Exhibit 57 to the Declaration of Jeremy Barber, Dkt. No. 520-12.

[2] I do not think that different states' approaches to standing in light of *Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519 (1983) creates material conflicts for purposes of the antitrust claims at issue here.

United States District Court
Northern District of California