Beth A. Wilkinson (*pro hac vice*)
James M. Rosenthal (*pro hac vice*)
Matthew Skanchy (*pro hac vice*)
Alysha Bohanon (*pro hac vice*)
Jenna P. Swarbrick (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
*bwilkinson@wilkinsonstekloff.com*
*jrosenthal@wilkinsonstekloff.com*
*mskanchy@wilkinsonstekloff.com*
*abohanon@wilkinsonstekloff.com*
*jpswarbrick@wilkinsonstekloff.com*

Moira K. Penza (*pro hac vice*)
Jeremy Barber (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
130 West 42nd Street, 24th Floor
New York, NY 10036
Telephone: (212) 294-8914
Facsimile: (202) 847-4005
*mpenza@wilkinsonstekloff.com*
*jbarber@wilkinsonstekloff.com*

*Attorneys for Defendants Altria Group, Inc.,
and Altria Enterprises, LLC*

David I. Gelfand (*pro hac vice*)
Jeremy J. Calsyn (SBN 205062)
Nowell D. Bamberger (*pro hac vice*)
Caleb J. Robertson (*pro hac vice*)
**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
2112 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 974-1599
Facsimile: (202) 974-1599
*dgelfand@cgsh.com*
*jcalsyn@cgsh.com*
*nbamberger@cgsh.com*
*cjrobertson@cgsh.com*

*Attorneys for Defendant Juul Labs, Inc.*

[Additional Counsel Identified on Signature Page]

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: JUUL LABS, INC.<br>ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>**ALL ACTIONS** | Case No. 3:20-CV-02345-WHO<br><br>**DEFENDANTS' MOTION FOR STAY PENDING APPEAL FROM THE COURT'S CLASS-CERTIFICATION ORDER**<br><br>Judge: Hon. William H. Orrick<br>Date: June 10, 2026<br>Time: 2:00 P.M. PT<br>Courtroom: 2 |

**INTRODUCTION**

On April 27, 2026, the Ninth Circuit granted Defendants' Rule 23(f) petition for immediate interlocutory review of this Court's February 26, 2026, class-certification order. *Black v. Altria Grp., Inc.*, No. 26-1519, Dkt. 31.1 ("Rule 23(f) Order"). In seeking review, Defendants raised issues that would speak to what laws would apply and who would be included in any class: (1) whether some aspects of California law could apply to the claims of indirect purchasers from other states such that a multi-state Cartwright Act class might be viable, and (2) whether online purchasers could represent the claims of large commercial distributors. In light of that interlocutory appeal, the parties have met and conferred, and agree that the current pretrial deadlines and September 28, 2026, trial date cannot hold. The parties disagree, however, about whether the Court should set a new trial date now and whether a stay of other case deadlines is warranted.

District courts routinely grant stays pending interlocutory review under Rule 23(f)—and for good reason. When the Court of Appeals grants a Rule 23(f) petition, that is a clear signal that "serious legal questions are at issue." *Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1074 (S.D. Cal. 2019). And because the appellate court's resolution of those legal questions may meaningfully reshape the contours of the classes, a stay of the district court deadlines pending the appellate court's decision is more sensible than requiring the parties to continue to litigate the case in the face of that uncertainty. Because the same is true here, Defendants respectfully request that the Court vacate the current trial date and stay all other case deadlines.[1]

Plaintiffs take the position that the Court should reschedule trial now for June 1, 2027, and require the parties to proceed with the briefing and August 12, 2026, hearing on Defendants' arbitration and forum-selection defenses. Neither position is workable.

As to the trial date, Plaintiffs have no basis to expect that the Ninth Circuit will issue its decision with sufficient time to permit a June 1, 2027, trial. Under the Ninth Circuit's current schedule, briefing is not complete until September 10, 2026, after which the Circuit will need time for oral argument and

---

[1] The parties agree that the ongoing class notice and opt-out process should continue, and that Dr. Kevin Murphy should serve his reply report as previously scheduled. *See* ECF No. 647 (Mar. 6, 2026 Order).

then to issue its decision. In past 23(f) appeals, that process has taken many months (if not a year or more). Moreover, even after the Ninth Circuit issues its decision, the parties will need sufficient time to complete pretrial work in advance of the first day of trial. It is therefore implausible to expect that a trial could begin on June 1, 2027. Rather than set a trial date now based on speculation about when the Ninth Circuit might rule, Defendants propose that, within 14 days of the Ninth Circuit's decision, the parties should meet and confer and submit a joint status update to the Court with a proposed new pretrial schedule and trial date.

As to the arbitration and forum-selection clause issues, Defendants submit that it is premature to litigate those questions until the Ninth Circuit determines who is properly included in the Direct Purchaser Class and whether the named class representatives can properly represent their interests. If, for example, the Ninth Circuit determines that the distributors are not properly included in the class, then a significant portion of these arguments would never need to be litigated. And proceeding to litigate these issues now, while the Ninth Circuit is considering who can properly represent the interests of absent class members, creates a risk that any decision this Court reaches would not bind absent class members.

## **ARGUMENT**

Plaintiffs' proposal to set a June 1, 2027 trial date is impracticable. Under the briefing schedule, there is no guarantee the Ninth Circuit will have decided Defendants' appeal by June 1, 2027—much less any prospect of a decision in advance of the pretrial deadlines that must precede any trial date.

Under the schedule issued by the Ninth Circuit, briefing would be complete on September 10, 2026, after which the Ninth Circuit will need to schedule oral argument. *See Black v. Altria Grp., Inc.*, No. 26-2626, Dkt. 3.1 (Scheduling Order). According to the Ninth Circuit's public website, oral argument in civil cases is typically scheduled within "approximately 4 months from completion of briefing." *See* U.S. Court of Appeals for the Ninth Circuit, Office of the Clerk, *Frequently Asked Questions,* https://www.ca9.uscourts.gov/general/faq (last accessed May 3, 2026). That timeline is consistent with recent 23(f) appeals. *See, e.g.*, *Drake v. Bayer Healthcare LLC*, No. 24-7158 (149 days from completion of briefing to oral argument); *Davis v. Lab'y Corp. of Am.*, No. 22-55873 (126 days);

*Small v. Allianz Life Ins. Co. of N. Am.*, No. 23-55821 (94 days); *Van v. LLR, Inc.*, No. 21-36020 (77 days); *Black Lives Matter Los Angeles v. City of Los Angeles*, No. 22-56161 (71 days); *Stromberg v. Qualcomm Inc.*, No. 19-15159 (68 days).  Based on the Ninth Circuit's typical timing, the earliest that the 23(f) appeal would be argued is during the Ninth Circuit's December 2026 sitting, but it may well be scheduled for January 2027 or later.

Once the Ninth Circuit has argument, it then needs time to issue its decision—a process that can be expected to take at least several additional months.  Indeed, a sampling of recent Rule 23(f) appeals before the Ninth Circuit indicates that the court's timeline has varied, and it is not uncommon for the court to take from several months to a year or more from oral argument to issue a decision.  *See, e.g.*, *Drake*, No. 24-7158 (132 days from oral argument to decision); *Davis*, No. 22-55873 (94 days); *Small*, No. 23-55821 (50 days); *Van*, No. 21-36020 (96 days); *Black Lives Matter*, No. 22-56161 (161 days); *Stromberg*, No. 19-15159 (667 days).

It is thus far from clear that the Ninth Circuit will even issue its decision by June 1, 2027.  But any trial schedule must also account for necessary pretrial work, which means that the parties would actually need a decision months earlier in order to begin trial on June 1, 2027.  Critical pretrial work hinges on guidance from the Ninth Circuit's decision.  Consider, for example, the indirect classes.  The Ninth Circuit will address whether California's Cartwright Act can apply to the out-of-state purchasers within the indirect classes, and whether it is possible to apply different states' laws to different elements of individual class members' claims.  The parties need to know the Ninth Circuit's answers to those questions in order to draft jury instructions and a verdict form.  More broadly, the Ninth Circuit will determine who is properly included in the three classes.  That foundational issue has implications for the evidence the parties will seek to present at trial, and as a result will affect many different pretrial workstreams, including the exhibit and witness lists, deposition designations, and motions in limine.

Plaintiffs' proposal to schedule trial for June 1, 2027 is therefore impractical.  Rather than

attempting to set a new trial schedule now based on speculation about the time it will take the Ninth Circuit to decide this appeal, Defendants propose instead that, within 14 days of the Ninth Circuit's decision, the parties should meet and confer and submit a joint status update to the Court with a proposed new pretrial schedule and trial date.

In the meantime, this Court should enter a stay of all case deadlines (other than the completion of the notice and opt out period and the submission of Dr. Murphy's report). As courts have recognized, conducting immediate pretrial litigation during a pending class-certification appeal risks a significant waste of resources and provides little benefit to the parties or the Court. *See, e.g.*, *Flo & Eddie, Inc. v. Sirius XM Radio Inc.*, 2015 WL 4397175, at *3 (C.D. Cal. June 8, 2015) (conducting pretrial litigation pending appeal would irreparably harm the Defendant while imposing only minimal burdens on Plaintiffs). By granting review of Defendants' 23(f) appeal, the Ninth Circuit has recognized that "serious legal questions are at issue." *Romero*, 383 F. Supp. 3d at 1074; *accord Flo & Eddie*, 2015 WL 4397175, at *2 ("A Rule 23(f) petition that presents an unsettled question of law constitutes a 'serious legal question' sufficient to satisfy the first prong of the stay analysis." (cleaned up)). And the balance of interests strongly favors a stay here: denying a stay would force Defendants to expend "substantial, unrecoverable time and resources" on pretrial litigation, *see Romero*, 383 F. Supp. 3d at 1075, but granting a stay would not harm Plaintiffs who "seek only damages," *Pena v. Taylor Farms Pac., Inc.*, 2015 WL 5103157, at *6 (E.D. Cal. Aug. 31, 2015); *Roe v. SFBSC Mgmt., LLC*, 2015 WL 1798926, at *4 (N.D. Cal. Apr. 17, 2015) (rejecting argument that stay harmed plaintiffs by forcing them "to wait to receive" their damages).

Courts routinely grant stays pending interlocutory review of class-certification under these circumstances. *See, e.g.*, *Brown v. Wal-Mart Stores, Inc.*, 2012 WL 5818300, at *1 (N.D. Cal. Nov. 15, 2012) (staying case pending resolution of 23(f) petition and appeal); *Senne v. Kansas City Royals Baseball Corp.*, 2017 WL 5973487, at *1 (N.D. Cal. May 5, 2017) (same); *Gray v. Golden Gate Nat'l*

*Recreational Area*, 2011 WL 6934433, at *1 (N.D. Cal. Dec. 29, 2011) (same); *Pena*, 2015 WL 5103157, at *1 (granting motion to stay after Ninth Circuit granted Rule 23(f) petition to appeal); *Romero*, 383 F. Supp. 3d at 1072 (same).  This Court should do the same.

Notably, the stay should apply to the hearing on arbitration and forum-selection motions the Court set for August 12, 2026, and any briefing associated with those motions.  Those motions would be brought exclusively to litigate the Defendants' rights vis-à-vis absent class members—those who did not become parties to the case until this Court certified the class.  *See Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 469 (9th Cir. 2023) ("[T]he district court could not compel nonparties to the case to arbitrate until after a class had been certified and the notice and opt-out period were complete."); *Moser v. Benefytt Inc.*, 8 F.4th 872, 877–78 (9th Cir. 2021) ("[A] class action, when filed, includes only the claims of the named plaintiff." (citation omitted)).  And the critical question will be whether those arbitration and forum-selection defenses apply to each of the *commercial distributors* who are absent class members.  That is because the Court has already ruled on the conditions under which an *individual* online purchaser is bound to arbitrate her claims,[2] and the forum-selection clauses arise exclusively in distributors' individualized contracts.  But whether the distributors are properly included in the class and whether the named class representatives can properly represent their interests are among the precise issues on which the Ninth Circuit just granted interlocutory review, as made clear by the Ninth Circuit's express rejection of the Direct Plaintiffs' motion to sever consolidation of the appeals.  *See* Rule 23(f) Order (granting Defendants' Rule 23(f) petition and denying Direct Purchaser Plaintiffs' motion to deconsolidate cases).

Courts generally grant a stay where doing so would avoid the potential for needless litigation over issues that a pending appeal may resolve.  *See, e.g.*, *Gray*, 2011 WL 6934433, at *2 (N.D. Cal. Dec. 29, 2011) (stay appropriate where Rule 23(f) appeal had the potential "substantially [to] reduce the scope of challenges to barriers at issue in this litigation"); *Senne*, 2017 WL 5973487, at *3–4 (N.D. Cal. May

---

[2] *See In re Juul Labs, Inc., Antitrust Litig.*, 555 F. Supp. 3d 932, 944–57 (N.D. Cal. 2021) (online purchasers who checked the "clickbox" affirming assent to JLI's Terms and Conditions bound to arbitration); *In re Juul Labs, Inc., Antitrust Litig.*, 2022 WL 137627, at *1–3 (N.D. Cal. Jan. 14, 2022) (same for purchasers who proceeded to JLI's website past a log-in warning that proceeding would amount to agreement with the Terms and Conditions); *In re Juul Labs, Inc., Antitrust Litig.*, 2024 WL 589099, at *1–3 (N.D. Cal. Feb. 13, 2024) (same, as to an earlier version of the log-in screen).

5, 2017) (finding stay pending Rule 23(f) petition and appeal appropriate where the parties and court may waste substantial resources absent a stay); *Romero*, 383 F. Supp. 3d at 1077 ("[t]he public also has an interest in efficient use of judicial resources." (cleaned up)).  The Ninth Circuit may well determine that the distributors are not properly included in the Direct Purchaser Class, which would moot the need to litigate the application of those distributors' arbitration and forum-selection clauses.  Granting a stay now saves the parties and the Court from wasting time and resources on issues that may never need to be decided.  That is especially sensible for these arbitration and forum-selection motions, which would necessarily require the Court and the parties to parse through hundreds of different bilaterally negotiated contract provisions between JLI and its Distributor customers.  *See* Defs.' Opp'n to DPP Mot. for Class Certification, ECF No. 520-8 at 22, 26; July 28, 2025 Bamberger Decl., Ex. 35, ECF No. 533-3.

Moreover, the Ninth Circuit will resolve whether the class representatives can properly represent the interests of the distributors and other absent class members.  If the parties proceed in litigating arbitration and forum-selection issues now, and the Ninth Circuit later reverses this Court's certification decision, it would raise significant questions as to whether those absent class members are bound by any decision the Court were to render.  In other words, the parties could go forward and litigate the arbitration and forum-selection issues, only to find that the decision by the Court enforcing those contracts is not even enforceable.  There is thus no sense in litigating these individualized questions before knowing that the relevant party has been properly joined as a class member and is properly represented.[3]

**CONCLUSION**

For the foregoing reasons, the Court should stay the trial date and all other case deadlines, except the ongoing class notice and opt-out deadlines and the deadline for Dr. Murphy's reply report, pending the Ninth Circuit's decision on Defendants' appeal from the Court's February 26, 2026, class-certification order.  The Court should further order that, within 14 days of the Ninth Circuit's decision, the parties should meet and confer and submit a joint status update to the Court with a proposed new

---

[3] [3] Finally, consistent with the stay requested above, to avoid any suggestion that Defendants' filing of arbitration and venue-selection motions is contingent on the outcome of the pending Summary Judgment motions (which they are not), Defendants would respectfully ask the Court not to issue its decisions on summary judgment until after the arbitration and venue-selection motions have been filed. *See* Feb. 27, 2026 Hr'g Tr. at 14:19-16:12

DEFENDANTS' MOTION FOR STAY PENDING APPEAL                    6                    CASE NO. 3:20-CV-02345-WHO

pretrial schedule and trial date.


Dated: May 4, 2026                               Respectfully submitted,

                                                 /s/ Beth A. Wilkinson
                                                 Beth A. Wilkinson (*pro hac vice*)
                                                 James M. Rosenthal (*pro hac vice*)
                                                 Matthew Skanchy (*pro hac vice*)
                                                 Alysha Bohanon (*pro hac vice*)
                                                 Jenna P. Swarbrick (*pro hac vice*)
                                                 **WILKINSON STEKLOFF LLP**
                                                 2001 M Street NW, 10th Floor
                                                 Washington, DC 20036
                                                 Telephone: (202) 847-4000
                                                 Facsimile: (202) 847-4005
                                                 *bwilkinson@wilkinsonstekloff.com*
                                                 *jrosenthal@wilkinsonstekloff.com*
                                                 *mskanchy@wilkinsonstekloff.com*
                                                 *abohanon@wilkinsonstekloff.com*
                                                 *jpswarbrick@wilkinsonstekloff.com*

                                                 Moira K. Penza (*pro hac vice*)
                                                 Jeremy Barber (*pro hac vice*)
                                                 **WILKINSON STEKLOFF LLP**
                                                 130 West 42nd Street, 24th Floor
                                                 New York, NY 10036
                                                 Telephone: (212) 294-8914
                                                 Facsimile: (202) 847-4005
                                                 *mpenza@wilkinsonstekloff.com*
                                                 *jbarber@wilkinsonstekloff.com*

                                                 Lauren Sachi Wulfe (SBN 287592)
                                                 **ARNOLD & PORTER KAYE SCHOLER
                                                 LLC**
                                                 777 S. Figueroa Street, 44th Floor
                                                 Los Angeles, CA 90017
                                                 Telephone: (213) 243-4211
                                                 Facsimile: (213) 243-4199
                                                 *lauren.wulfe@arnoldporter.com*

                                                 *Attorneys for Defendants Altria Group, Inc.,
                                                 and Altria Enterprises, LLC*

                                                 /s/ Nowell D. Bamberger
                                                 Nowell D. Bamberger

                                                 David I. Gelfand (*pro hac vice*)

Jeremy J. Calsyn (SBN 205062)
Nowell D. Bamberger (*pro hac vice*)
Caleb J. Robertson (*pro hac vice*)
**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
2112 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 974-1752
Facsimile: (202) 974-1599
*dgelfand@cgsh.com*
*jcalsyn@cgsh.com*
*nbamberger@cgsh.com*
*cjrobertson@cgsh.com*

*Attorneys for Defendant Juul Labs, Inc.*

/s/Michael J. Guzman
Mark C. Hansen (*pro hac vice*)
Michael J. Guzman (*pro hac vice*)
David L. Schwarz (SBN 206257)
**KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.**
1615 M Street, NW Suite 400
Washington, DC 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999
*mhansen@kellogghansen.com*
*mguzman@kellogghansen.com*
*dschwarz@kellogghansen.com*

*Attorneys for Individual Defendants Nicholas
Pritzker and Riaz Valani*

DEFENDANTS' MOTION FOR STAY PENDING
APPEAL                                    8                    CASE NO. 3:20-CV-02345-WHO

**FILER'S ATTESTATION**

In compliance with Civil Local Rule 5-1(i)(3), I, Beth A. Wilkinson, hereby attest that each of the signatories identified above has concurred in this filing.

/s/ Beth A. Wilkinson
Beth A. Wilkinson (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
*bwilkinson@wilkinsonstekloff.com*