Joseph R. Saveri (State Bar No. 130064)
Ronnie S. Spiegel (*pro hac vice*)*
Diane S. Rice (State Bar No. 118303)
David H. Seidel (State Bar No. 307135)
Itak K. Moradi (State Bar No. 310537)
Christopher J. Hydal (*pro hac vice*)**
Trevor E. D. Young (*pro hac vice*)***
**SAVERI LAW FIRM, LLP**
550 California Street, Suite 910
San Francisco, California 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          rspiegel@saverilawfirm.com
          drice@saverilawfirm.com
          dseidel@saverilawfirm.com
          imoradi@saverilawfirm.com
          chydal@saverilawfirm.com
          tyoung@saverilawfirm.com

*Interim Lead Counsel for Direct Purchaser Plaintiffs and
the Proposed Class*

*Located in Washington State
** Located in New York State
**Located in the State of Texas*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: JUUL LABS, INC. ANTITRUST LITIGATION <br><br> This Document Relates To: <br><br> ALL DIRECT PURCHASER ACTIONS, | Case No. 3:20-cv-02345-WHO <br><br> **DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY** |

# **TABLE OF CONTENTS**

I. INTRODUCTION ...........................................................................................................1

II. LEGAL STANDARD ....................................................................................................1

III. ARGUMENT..................................................................................................................2

    A. The Court should deny the request for a stay and instead should reserve a trial date and maintain its authority to hear the remaining time-sensitive issues while the appeal is pending.....................................................................................................2

        1. The Court-ordered class notice and opt-out should continue..................................3

        2. The arbitration issues are ripe and their resolution should not be delayed any further, *particularly* given Defendants' likely appeal of the Court's decision. ..........................................................................................................4

        3. The Court should resolve additional discovery issues. ...........................................6

    B. Defendants cannot justify their request for a stay of the case...............................6

        1. Defendants fail to carry their high burden of showing irreparable harm................6

        2. Defendants fail to demonstrate a likelihood of success on appeal........................10

        3. A stay will cause significant harm to Plaintiffs.....................................................13

        4. A stay does not serve the public interest...............................................................14

    C. This Court is best positioned to resume proceedings by denying Defendants' Motion and reserving a trial date. ........................................................................14

IV. CONCLUSION.............................................................................................................15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amaro v. Gerawan Farming, Inc.*, No. 1:14-cv-00147-DAD-SAB, 2016 WL 10679467
 (E.D. Cal. Nov. 14, 2016) ..................................................................................................3

*Ambrosio v. Cogent Commc'ns, Inc.*, No. 14-cv-02182-RS, 2016 WL 777775 (N.D. Cal.
 Feb. 29, 2016) ..................................................................................................................8

*Brown v. Wal-Mart Stores, Inc.*, No. 5:09–CV–03339–EJD, 2012 WL 5818300 (N.D.
 Cal. Nov. 15, 2012) ..........................................................................................................9

*California v. Am. Stores Co.*, 495 U.S. 271 (1990) ...........................................................14

*Canchola v. Allstate Ins. Co.*, No. 8:23-cv-00734-FWS-ADS, 2025 WL 1712395 (C.D.
 Cal. May 12, 2025) ..........................................................................................................8

*Clinton v. Jones*, 520 U.S. 681 (1997)................................................................................2

*Farley v. Lincoln Benefit Life Co.*, No. 2:20-CV-02485-KJM-DB, 2023 WL 5488426
 (E.D. Cal. Aug. 24, 2023) ..........................................................................................11, 12

*Flo & Eddie, Inc. v. Sirius XM Radio Inc.*, No. CV 13-5693 PSG (RZX), 2015 WL
 4397175 (C.D. Cal. June 8, 2015) .....................................................................................9

*Garvey v. Kmart Corp.*, No. C 11-02575 WHA, 2012 WL 12919626 (N.D. Cal. Aug. 22,
 2012) .................................................................................................................................8

*Gray v. Golden Gate Nat'l Recreational Area*, No. C 08–00722 EDL, 2011 WL 6934433
 (N.D. Cal Dec. 29, 2011) ...................................................................................................9

*Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2011 WL 2293221
 (N.D. Cal. June 8, 2011) ..........................................................................................7, 8, 11

*Hall v. Hall*, 584 U.S. 59 (2018)......................................................................................11

*Hernandez v. Wells Fargo Bank,* No. C 18-07354 WHA, 2020 WL 10689800 (N.D. Cal.
 Mar. 19, 2020)...................................................................................................................8

*In re Bank of Am. Cal. Unemployment Benefits Litig.*, No. 21MD2992-GPC(MSB), 2025
 WL 2374902 (S.D. Cal. Aug. 15, 2025) ...........................................................................14

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. M 02-1486 PJH,
 2006 WL 1530166 (N.D. Cal. June 5, 2006) .....................................................................12

*In re Graphics Processing Units Antitrust Litig.,* 253 F.R.D. 478 (N.D. Cal. 2008) ....................13

DPPS' OPPOSITION TO DEFENDANTS' MOTION TO STAY

*In re Korean Ramen Antitrust Litig.,* No. 13-cv-04115-WHO, 2017 WL 235052 (N.D. Cal. Jan. 19, 2017) .................................................................................12

*In re Optical Disk Drive Antitrust Litig.* 303 F.R.D. 311 (N.D. Cal. 2014) ..................................13

*In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-MD-2670 JLS (MDD), 2020 WL 2745231 (S.D. Cal. May 27, 2020)..................................................................6, 7, 8, 14

*In re Static Random Access (SRAM) Antitrust Litig.*, No. C0701819CW, 2008 WL 4447592 (N.D. Cal. Sept. 29, 2008) .......................................................................12

*In re TFT-LCD (Flat Panel) Antitrust Litig.,* 267 F.R.D. 291 (N.D. Cal. 2010)...........................12

*Leiva-Parez v. Holder*, 640 F.3d 962 (9th Cir. 2011)............................................... *passim*

*Lopez v. Liberty Mut. Ins. Co.*, No. 2:14-cv-05576 AB, 2019 WL 1452906 (C.D. Cal. Jan. 9, 2019) ...............................................................................................8, 13

*Microsoft Corp. v. Baker*, 582 U.S. 23 (2017)......................................................................1

*Monaco v. Bear Stearns Cos., Inc.*, No. CV 09-05438 SJO, 2012 WL 12506860 (C.D. Cal. Dec. 5, 2012) ...........................................................................................5, 9

*Montanez v. Gerber Childrenswear, LLC*, No. CV 09-7420 DSF, 2012 WL 12932032 (C.D. Cal. Feb. 2, 2012).................................................................................8

*Morse v. Servicemaster Glob. Holdings, Inc.*, No. C 08-03894, 2013 WL 123610 (N.D. Cal. Jan. 8, 2013) .............................................................................................10

*Nken v. Holder*, 556 U.S. 418 (2009) ................................................................. *passim*

*Pena v. Taylor Farms Pac., Inc.*, No. 2:13-CV-01282-KJM-AC, 2015 WL 5103157 (E.D. Cal. Aug. 31, 2015)................................................................................9

*Reyes v. Educ. Credit Mgmt. Corp.*, No. 15-CV-00628-BAS-AGS, 2017 WL 4640418 (S.D. Cal. Oct. 17, 2017) ......................................................................10

*Roe v. SFBSC Mgmt., LLC*, No. 14-cv-03616-LB, 2015 WL 1798926 (N.D. Cal. Apr. 17, 2015) ..................................................................................................9

*Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069 (S.D. Cal. 2019) ......................................9

*Senne v. Kansas City Royals Baseball Corp.*, No. 14-CV-00608-JCS, 2017 WL 5973487 (N.D. Cal. May 5, 2017) .............................................................................9

*Smith v. Ceva Logistics U.S., Inc.*, No. CV 09-4957 CAS (RCX), 2011 WL 13186146 (C.D. Cal. Sept. 28, 2011).................................................................5, 9

*Tinsely v. McKay*, No. CV-15-00185-PHX-ROS, 2018 WL 11352146 (D. Ariz. Feb. 13, 2018) ................................................................................................12

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008) ...........................................................7

*Woods v. Google* LLC, No. 11-cv-01263-EJD, 2018 WL 4030570 (N.D. Cal. Aug. 23, 2018) ..........................................................................................................................10

**Court Rules**

Fed. R. Civ. P. 1 ...................................................................................................................1, 6, 14

Fed. R. Civ. P. 23(a)(3) ..................................................................................................................12

Fed. R. Civ. P. 23(a)(4) ..................................................................................................................12

Fed. R. Civ. P. 23(f) ................................................................................................................ *passim*

## I.    INTRODUCTION

Defendants' Motion for Stay Pending Appeal from the Court's Class Certification Order, ECF No. 676 (the "Motion"), is their latest effort to delay the proceedings, and ultimately to avoid a trial or resolution on the merits. A stay of the district court proceedings is unnecessary, not calibrated to the needs of this case, and would be contrary to the interests of justice. *See* Fed. R. Civ. P. 1.

The Parties agree that the Court's current trial date of September 28, 2026, is not practical given the schedule for resolution of the appeal set by the Ninth Circuit. *Black v. Altria Grp., Inc.*, No. 26-2626, Dkt. 3.1. Defendants nonetheless overreach. They ask the Court to stay all proceedings indefinitely.[1] The only specific burden they raise is the time spent and costs incurred for JLI to file its long-overdue motion to compel arbitration and enforce forum selection clauses. But Courts overwhelmingly hold that ordinary litigation expenses are insufficient to justify a stay, particularly when those efforts are necessary regardless of how the 23(f) appeal is decided.

Plaintiffs suggest a reasonable alternative path. Under Plaintiffs' proposal, the Court should adjourn the current trial date and reschedule the trial to commence at a date designed to provide sufficient time for the Rule 23(f) appeal to be resolved. In the interim, the Court should retain the authority to decide a few outstanding issues that remain while the appeal is pending, to ensure that trial can commence without delay once it is resolved. Plaintiffs also want to ensure that any additional appeals contemplated by Defendants are raised to the Ninth Circuit as soon as possible, so they can run concurrently with the 23(f) appeal rather than consecutively.

## II.    LEGAL STANDARD

An interlocutory appeal does not stay proceedings in the district court unless the district judge or appellate court so orders. Fed. R. Civ. P. 23(f).[2] A stay is not a matter of right, even if irreparable injury could result. It is entirely within the Court's discretion to determine if a stay is warranted based on individual case circumstances. *See Nken v. Holder*, 556 U.S. 418, 434 (2009).

---

[1] Defendants' position is that, once class notice is complete and once Defendants serve Dr. Kevin Murphy's pending expert report, the Court should otherwise effectuate a blanket stay. Mot. at 4.

[2] This provision of the Federal Rules of Civil Procedure was drafted to avoid unnecessary disruption and delay in district court proceedings. *See Microsoft Corp. v. Baker*, 582 U.S. 23, 38 n.9 (2017).

Motions for a stay of trial court proceedings based on Rule 23(f) review are governed by the traditional test for stays. In considering a request for a stay, the Court is to evaluate four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *See Leiva-Parez v. Holder*, 640 F.3d 962, 964–70 (9th Cir. 2011); *Nken*, 556 U.S. at 434. The first two factors are the most critical. *Id*. If the applicant for a stay fails to make the threshold showing regarding irreparable harm, then a stay may not issue, regardless of the petitioner's proof regarding the other stay factors. *See Leiva-Perez* 640 F.3d at 695 (citing *Nken*, 556 U.S. at 432–35). Defendants bear the burden of demonstrating that the facts justify a stay, particularly a stay of all proceedings. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## III.    ARGUMENT

**A.    The Court should deny the request for a stay and instead should reserve a trial date and maintain its authority to hear the remaining time-sensitive issues while the appeal is pending.**

The Court need not—and should not—grant the stay that Defendants request. Courts routinely deny stay requests during the pendency of Rule 23(f) appeals where the movant is unlikely to suffer irreparable injury or is unlikely to prevail on the merits of the appeal. This case should be no different for two reasons.

First, there is a reasonable solution that does not require a stay. By vacating and resetting the trial and related deadlines, the Court can address the source of the greatest likely remaining expenses in this litigation. Several important issues that will substantially advance this litigation with minimal expense can proceed without interruption. Resolving these issues now will avoid unnecessary delay once the 23(f) appeal is decided. Setting a trial date in 2027 will allow the Parties to hold a date on the Court's calendar in the likely event the appeal of the Direct Purchaser Class certification order is denied.

Second, as set forth in Section B, Defendants have failed to carry their burden of establishing the necessary grounds for a stay. They have failed the threshold test for irreparable harm, as they have failed to specify or demonstrate any harm beyond generalized statements of continued litigation

expenses. Such harm is insufficient. Here, litigation expenses are obviously limited, given that discovery is largely complete and dispositive motions have already been briefed. Defendants have likewise failed to satisfy the second critical factor, as they have not shown a likelihood of success on the merits of the appeal. The remaining factors also weigh in favor of denying Defendants' request: Plaintiffs would face substantial harm from continued delay of this long pending case, and the public interest counsels strongly, at this juncture, to take any reasonable steps to eliminate any further delay and to position this case for resolution as soon as reasonably possible.

Even Defendants agree that there is some important business for the Court to conduct during the appeal. Defendants agree that the Court should not interrupt completion of the class notice plan. Mot. at 4. Defendants also agree that the opt-out procedure set forth in the class notice plan should proceed to conclusion, allowing the parties to determine class composition. Mot. at 4. The Court should retain the authority to resolve any disputes related to class notice and opt-out. Defendants also agree that the Court should not stay the currently ongoing limited expert discovery of Dr. Murphy, whose supplemental expert report is due on May 28, 2026. *Id*. Similarly, the Court should retain its authority to resolve any disputes related to ongoing expert discovery.

This leaves the issue of the enforceability of JLI's arbitration and forum selection clauses. The Court granted Defendants an opportunity to brief these issues and set a hearing on August 12, 2026. ECF No. 637. Defendants' recent disclosures have shown that the incidence of contracts even arguably relevant to this issue is low. Thus, the alleged burden of reviewing these contracts in preparation for JLI to file its long-delayed motion to compel arbitration and enforce forum selection hardly amounts to irreparable harm. These issues have avoided resolution for the six years this case has been pending and are overripe. Addressing them now will ensure that litigation does not experience further unnecessary delay once the Rule 23(f) appeal is resolved.

### 1.    The Court-ordered class notice and opt-out should continue.

As Defendants appear to agree, the court-ordered procedure for dissemination of class notice and voluntary exclusions from the class should continue until resolution. *See Amaro v. Gerawan Farming, Inc.*, No. 1:14-cv-00147-DAD-SAB, 2016 WL 10679467, at *2–4 (E.D. Cal. Nov. 14, 2016) (allowing class notice to proceed during the pendency of at 23(f) appeal). The deadline to opt-out of

the Direct Purchaser Class is June 13, 2026. There may be some anticipated issues regarding opt-outs and exclusions, which the Court may be called on to address and resolve. Resolution of these issues would be unnecessarily delayed if Defendants' Motion is granted.

**2.** **The arbitration issues are ripe and their resolution should not be delayed any further, *particularly* given Defendants' likely appeal of the Court's decision.**

The Court should not stay the adjudication of JLI's tardy motions to compel arbitration and to enforce forum-selection clauses. On February 27, 2026, after six years of litigation, Defendants confirmed with the Court that they would be prepared to file their motions within five days of determining class opt-outs. *See* Feb. 27, 2026, CMC Hr'g Tr. 14:19–15:6. Defendants requested briefing and a hearing on this issue, and the Court set an August 12, 2026, hearing. ECF No. 637.[3] Following the conclusion of the opt-out period, Defendants will have everything they argued that they need to address the arbitration and forum selection issues. The issues appear to be straightforward: (1) whether JLI waived its right to compel arbitration and enforce forum selection clauses or is estopped from doing so; and (2) whether JLI can compel class members to arbitrate their claims or litigate their claims in a different forum.[4]

The arbitration and forum selection issues are ripe and should be resolved now, without further delay or foot dragging. JLI has been raising the specter of arbitration for six years, and still no attempts to initiate such proceedings have materialized. Now, JLI argues that, given purported burdens in briefing these issues, the Court should stay their resolution, resulting in even more delay. Mot. at 6.

The incidence of arbitration agreements among distributors and retailer direct purchasers is quite limited. It is far less than the "hundreds" that Defendants' Motion suggests. Mot. at 6. To date, JLI has identified only 151 distributor or retailer members of the Direct Purchaser Class with arbitration and forum selection clauses in their contracts (less than 4% of the distributors and retailers

---

[3] Notably, the class was certified at this point, and Defendants had already indicated a forthcoming appeal.

[4] It is worth emphasizing that Altria is not a party to any such agreement.

that received class notice).[5] *See* ECF No. 533-03 (Bamberger Decl.) Ex. 35.[6] The burden of addressing these issues now is low, and in no event does it rise to the level of irreparable harm. *See Smith v. Ceva Logistics U.S., Inc.*, No. CV 09-4957 CAS (RCX), 2011 WL 13186146, at *3 (C.D. Cal. Sept. 28, 2011) (denying request for stay during pendency of 23(f) appeal even though defendants were "required to filter information related [to identifying] class members versus non-class members [because], there is no indication that such and undertaking would be unduly expensive or burdensome."); *see also Monaco v. Bear Stearns Cos., Inc.*, No. CV 09-05438 SJO (JCx), 2012 WL 12506860, at *4 (C.D. Cal. Dec. 5, 2012) (defendants' review of thousands of loan documents to identify class members did not constitute irreparable injury, even if it resulted in substantial and potentially unnecessary expense).

The relatively modest investment of time and resources required to address and resolve JLI's own motion to compel arbitration and enforce forum selection clauses would substantially clarify the rights and the positions of the parties for the balance of the litigation and for settlement. In the likely event that Defendants' appeal is denied, these issues will have been resolved, and the case can proceed to trial without delay.

It is important to note that JLI has further intimated that it will seek an immediate interlocutory appeal if this Court rules that its arbitration or forum selection clauses are unenforceable. *See* ECF No. 630 (CMC Stmt.) at 4–6. There is no reason to stagger Defendants' next interlocutory appeal or leave it until some unspecified time in the future. If the Court were to further delay JLI's motions, Defendants' eventual appeal of that decision would not begin until long after the Rule 23(f) appeal is resolved.[7]

---

[5] By comparison, the Direct Purchaser Plaintiffs have issued a class notice to approximately 1 million direct purchasers, and nearly 4,000 of those are retailers and distributors. *See* Saveri Decl. ¶¶ 2–4.

[6] If Defendants have additional information related to contracts with members of the Direct Purchaser Class that contain arbitration and forum selection clauses they should produce that information immediately. The existence of such outstanding discovery on this issue is yet another reason the Court should deny Defendants' Motion.

[7] Plaintiffs' invitation to compel arbitration has gone begging since the beginning of this litigation in 2020. JLI's voluntary decision not to bring the motion, coupled with their efforts to obtain relief from the Court is waiver and estoppel.

That would set off yet another years-long appellate delay of the trial. This case has been pending six years already. Further substantial unnecessary delays should be avoided. *See* Fed. R. Civ. P. 1.

### 3. The Court should resolve additional discovery issues.

Fact discovery is closed, but a few limited discovery issues remain outstanding. One is the update of class sales information through the end of the class period. The Parties are engaged in ongoing negotiations regarding JLI's recent production of updated customer information and transaction-level sales data for some but not all of the data sets. Plaintiffs continue to evaluate Defendants' data productions to ensure that the data is up to date and sufficiently enables Plaintiffs to represent the interests of the Direct Purchaser Class—including ensuring that overcharges incurred as a result of Defendants' anticompetitive conduct are accurately calculated through the end of the class period. If the Parties reach an impasse in these negotiations, the Court should maintain its ability to resolve any dispute, including ordering the production of data updated through the end of the class period, if necessary.

Additionally, Defendants have agreed that they will serve Dr. Murphy's additional limited supplemental report on May 28, 2026, which the Court allowed Defendants to prepare. *See* ECF No. 635 (Class Cert. Order). Dr. Murphy's opinion has continued to evolve, and it is certainly time to bring that to an end and to address any lingering issues.

### B. Defendants cannot justify their request for a stay of the case.

#### 1. Defendants fail to carry their high burden of showing irreparable harm.

"Irreparable harm to the appellant is a 'bedrock requirement.'" *In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-MD-2670 JLS (MDD), 2020 WL 2745231, at *2 (S.D. Cal. May 27, 2020) ("*Packaged Seafood*"). In denying defendants' motion to stay pending a class certification appeal, the court in *Packaged Seafood* held that "stays must be denied to all petitioners who [do] not meet the applicable irreparable harm threshold, regardless of their showing on the other stay factors." *Id.* (citing *Leiva-Perez* 640 F.3d at 965)). As the Ninth Circuit has held, "a proper showing regarding irreparable harm was, and remains, a necessary but not sufficient condition for the exercise of judicial discretion to issue a stay." *Leiva-Perez*, 640 F.3d at 965. The burden to establish irreparable harm is substantial and "[the] 'possibility' standard is too lenient." *Nken*, 556 U.S. at 435 (quoting *Winter v. Nat. Res. Def.*

*Council, Inc.*, 555 U.S. 7, 22 (2008)). As such, Defendants must show that there is more than a mere possibility of irreparable harm in the absence of a stay. Defendants fail to demonstrate anything close to what is required.

The only harm Defendants identify is continued litigation expenses. Categorically, these are not sufficient to constitute irreparable harm. *See Packaged Seafood*, at *6 ("Monetary injury alone 'is not normally considered irreparable harm.'" (quoting *hiQ Labs, Inc. v. LinkedIn Corp.*, 938 F.3d 985, 993 (9th Cir. 2019))); *Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2011 WL 2293221, at *5 (N.D. Cal. June 8, 2011) (finding ongoing litigation expenses from discovery did not constitute irreparable harm).

Defendants' showing of burden amounts to nothing more than a conclusory statement that they will be forced to expend "substantial, unrecoverable resources," as a result of being forced to "parse through hundreds" of arbitration and forum-selection clauses between JLI and some distributors. Mot. at 4, 6. Defendants never attempt to specify this burden, and indeed, one would expect much of this work is already done. On this basis alone, the showing fails. *See Nken*, 556 U.S. at 433–35; *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20-22 (2008). But even taken at face value, Defendants' relative burden in reviewing contracts for 151 retailers and distributors pales in comparison to the much larger population of online purchasers in the Direct Purchaser class.[8] *See supra* §III.A.2.

Here, Defendants' burden claims are particularly weak given the procedural posture of the case and the agreement to move the trial date and adjourn pre-trial deadlines. Unlike many cases in which a Rule 23(f) petition is granted, this case is now six years old. The pleadings were resolved long ago. Discovery is complete, except for a few lingering issues. Dispositive motions are fully briefed, argued, and submitted. Class notice has been disseminated, and the period for excluding oneself from the class will expire within a few weeks, at which point, the scope of the class will be determined. In other words, virtually all of the work will have been done, save trial preparation and the enforceability of

---

[8] To date, Defendants have disclosed a mere 151 direct purchaser distributors and retailers with contracts containing either arbitration or forum selection clauses. *See* Bamberger Decl., Ex. 35. There is no indication that the review of these contracts, even if it is not already underway, will be particularly time consuming or burdensome. Moreover, many of these are likely to form contracts with the same or similar boilerplate language.

JLI's arbitration and forum selection clauses. The Parties have agreed to move the trial date and adjourn all pre-trial deadlines, so Defendants will not incur any of the burden of preparing for trial or meeting pre-trial deadlines while the appeal is pending. Briefing JLI's own arguments on arbitration and forum selection is the only alleged burden.

Courts in this district have repeatedly rejected arguments identical to Defendants' and have done so even where far greater litigation costs and efforts remained outstanding compared to the limited issues remaining before this Court. In *Hernandez v. Wells Fargo Bank,* No. C 18-07354 WHA, 2020 WL 10689800, at *1 (N.D. Cal. Mar. 19, 2020), for example, Judge Alsup denied the defendants' motion to stay pending the resolution of a Rule 23(f) appeal. The court found that the defendant would not suffer irreparable harm by incurring continuing litigation expenses, as the trial date was moved and the defendant no longer needed to undertake extensive trial preparation. *Id.* Even the expenses of substantial discovery and costs of briefing summary judgment have been held not to warrant a stay. *See Garvey v. Kmart Corp.*, No. C 11-02575 WHA, 2012 WL 12919626, at *1 (N.D. Cal. Aug. 22, 2012) (allowing discovery, expert reports, and summary judgment briefing to go forward during a 23(f) appeal, and holding that such litigation costs did not constitute irreparable harm); *see also Guifu*, 2011 WL 2293221 at *5 (the expense of opposing class certification and briefing dispositive motions, even if avoidable if movant was successful on appeal, did not constitute irreparable harm); *Ambrosio v. Cogent Commc'ns, Inc.*, No. 14-cv-02182-RS, 2016 WL 777775, at *6 (N.D. Cal. Feb. 29, 2016) (additional litigation costs absent stay not deemed an irreparable injury).

Numerous other courts in the Ninth Circuit have likewise declined to grant a stay, where Defendants failed to demonstrate the irreparable harm of continuing district court proceedings. *See Packaged Seafood*, at *11 (no irreparable harm based on continuing legal expenses from briefing and litigating potentially unnecessary dispositive motions); *Canchola v. Allstate Ins. Co.*, No. 8:23-cv-00734-FWS-ADS, 2025 WL 1712395, at *5 (C.D. Cal. May 12, 2025) (no irreparable harm based on continuing litigation expenses, including discovery requests and responses, witness preparation, and other litigation procedures); *Lopez*, 2019 WL 1452906, at *4  (uncertainty as to whether the appellate court would decertify the entire class or merely modify it insufficient to satisfy burden of showing irreparable harm); *Montanez v. Gerber Childrenswear, LLC*, No. CV 09-7420 DSF (DTBx), 2012 WL

12932032, at *2 (C.D. Cal. Feb. 2, 2012) (no irreparable harm from continuing litigation expenses or damage to reputation from class notice).[9]

Specifically, Defendants cite no case where the identification of potential class members resulted in irreparable harm to the appellant and warranted a stay. *Cf. Monaco v. Bear Stearns Cos., Inc.*, 2012 WL 12506860, at *4 (C.D. Cal. Dec. 5, 2012) (defendants' review of thousands of loan documents to identify class members did not constitute irreparable injury, even if it resulted in substantial and potentially unnecessary expense); *see also See Smith v. Ceva Logistics U.S., Inc.*, 2011 WL 13186146, at *3 (C.D. Cal. Sept. 28, 2011) (denying request for stay during pendency of 23(f) appeal even though defendants were "required to filter information related [to identifying] class members versus non-class members [because], there is no indication that such and undertaking would be unduly expensive or burdensome.").

---

[9] Defendants' cited cases are inapplicable. In each case cited by Defendants where a stay was granted: (1) Defendants faced much more substantial costs associated with litigating and preparing for trial; and (2) the class issues on appeal could result in the entire class being decertified resulting in considerable wasted litigation costs and resources. *See Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1075 (S.D. Cal. 2019) (failure to issue a stay would cause "substantial, unrecoverable time and resources spent on class discovery," where there was a significant chance that the class would be decertified); *Flo & Eddie, Inc. v. Sirius XM Radio Inc.*, No. CV 13-5693 PSG (RZX), 2015 WL 4397175, at *3–4 (C.D. Cal. June 8, 2015) (failure to issue a stay would result in defendant incurring significant pre-trial and trial litigation expenses where the appeal could result in a complete decertification of the class); *Brown v. Wal-Mart Stores, Inc.*, No. 5:09-CV-03339-EJD, 2012 WL 5818300, at *4 (N.D. Cal. Nov. 15, 2012) (failure to issue stay would result in substantial discovery expenses that could prove unnecessary if the class is completely decertified); *Senne v. Kansas City Royals Baseball Corp.*, No. 14-CV-00608-JCS, 2017 WL 5973487, at *3 (N.D. Cal. May 5, 2017) (finding a stay warranted where defendants would need to "devote[] very substantial time and resources on the litigation, particularly with respect to the completion of discovery, dispositive motions and trial preparation on class claims."); *Gray v. Golden Gate Nat'l Recreational Area*, No. C 08–00722 EDL, 2011 WL 6934433, at *3 (N.D. Cal Dec. 29, 2011) (failure to issue a stay would result in substantial time and resources being spent on the litigation, particularly expert discovery, dispositive motions, and trial preparation on class claims); *Pena v. Taylor Farms Pac., Inc.*, No. 2:13-CV-01282-KJM-AC, 2015 WL 5103157, at *5 (E.D. Cal. Aug. 31, 2015) (finding that "all parties [would] undoubtedly incur costs of ongoing discovery, discovery disputes, and renewed motions for class certification. . . . further dispositive motion practice and trial preparation would prove both costly and premature in the event of remand."); *Roe v. SFBSC Mgmt., LLC*, No. 14-cv-03616-LB, 2015 WL 1798926, at *3 (N.D. Cal. Apr. 17, 2015) (because the appeal concerned a denial of arbitration not class certification, reversal would render all intervening litigation resources and expenses wasted). Given that discovery is closed, and Plaintiffs have agreed to adjourn the trial date and all pre-trial deadlines, Defendants' cited cases are inapplicable here.

Case No. 3:20-cv-02345-WHO       9

Moreover, Defendants' argument rests on the premise that this modest but important litigation effort might be rendered unnecessary by the Rule 23(f) appeal. But Defendants' appeal has no bearing on the online purchasers with whom JLI also claims it has arbitration agreements. Moreover, the likelihood of success on appeal is low, and the Ninth Circuit has not even indicated that it has any issue with the certification of the Direct Purchaser Class. *See infra* § III.B.2. Even if Defendants' appeal were successful, typicality and adequacy concerns could be readily cured by the substitution of additional class representatives and would not defeat certification of the Direct Purchaser Class.[10]

### 2.    Defendants fail to demonstrate a likelihood of success on appeal.

Once Defendants fail to establish irreparable injury, the Court need not go any further to deny the Motion. Nevertheless, Defendants have also failed to satisfy the next "critical" factor. Defendants must make "a strong showing that [they are] likely to succeed on the merits." *Leiva-Perez*, 640 F.3d at 966. Defendants have failed to carry their heavy burden. They also have not shown that their appeal raises serious legal questions or that they are likely to prevail on the merits before the Ninth Circuit. *See Nken*, 556 U.S. at 426. Defendants' Motion advances no such argument, and for good reason. It is highly unlikely that the appeal raises serious legal questions or that the Ninth Circuit will overturn this Court's certification of the Direct Purchaser Class.

Defendants do not show that the issues raised on appeal are novel or matters of first impression, and do not raise serious legal questions. *See Morse v. Servicemaster Glob. Holdings, Inc.*, No. C 08-03894, 2013 WL 123610, at *3 (N.D. Cal. Jan. 8, 2013). Defendants' challenge to the ruling certifying the Direct Purchaser Class merely recycles the same faulty logic that was unsuccessful before this Court. Such baseless challenges have are unlikely to succeed on appeal. *See Reyes v. Educ. Credit Mgmt. Corp.*, No. 15-CV-00628-BAS-AGS, 2017 WL 4640418, at *2–3 (S.D. Cal. Oct. 17, 2017) (finding that defendant's attempt to "re-litigate objections . . . overruled in the class certification" as to whether the class representative was adequate to "litigate a merits issue as to its

---

[10] Addressing typicality or adequacy concerns by adding additional class representatives is common and comports with the purposes of Rule 23. *See Woods v. Google* LLC, No. 11-cv-01263-EJD, 2018 WL 4030570, at *11 (N.D. Cal. Aug. 23, 2018) (permitting amendment of complaint to add a new class representative after class certification was denied where the new party would assert the same claims as one deemed inadequate).

Case No. 3:20-cv-02345-WHO
10
DPPS' OPPOSITION TO DEFENDANTS' MOTION TO STAY

defenses to potential liability[]" was not a serious question warranting stay pending a Rule 23(f) appeal). Typicality and adequacy issues are particularly weak grounds for a stay. *see Farley v. Lincoln Benefit Life Co.*, No. 2:20-CV-02485-KJM-DB, 2023 WL 5488426, at *5 (E.D. Cal. Aug. 24, 2023) (defendants' disagreement with the Court's ruling on typicality did not raise a serious legal question). The typicality and adequacy requirements of Rule 23(a) are well-established and there are legions of cases on point. The Court rejected Defendant's typicality and adequacy challenges based on a well-supported record and consistent with settled law. ECF No. 497-02 (DPP Mot. for Class Cert.) at 16–18; ECF No. 569-02 (DPP Reply ISO Mot. for Class Cert.) at 15–20. Defendants have merely raised the same challenges with the Ninth Circuit.

Of course, the fact that the Ninth Circuit granted Defendants' Petition does not mean that there is a serious legal question involved. *See Guifu*, 2011 WL 2293221 at *3–4 (rejecting argument that Ninth Circuit review of district court's decision automatically raises serious legal questions). With respect to the certification of the Direct Purchaser Class, the Ninth Circuit's grant of the Petition provides scant support for the notion that Defendants' petition identified a serious legal question, or as required, a question on which Defendants make a "strong showing they are likely to succeed." *Leiva-Perez* at 966. The order granting review of both the direct and indirect purchaser class certification orders is a single sentence without explanation. *See Black v. Altria Grp., Inc.*, No. 26-1519 (9th Cir.), Dkt. No. 31.1 (Order) at 1. It addresses indirect purchaser, indirect reseller, and direct purchaser cases together without distinction or explication. This is the direct consequence of Defendants' strategy to merge the cases, thereby confusing and combining the issues before the Ninth Circuit.[11] For this

---

[11] The Court's class certification order certified three discrete classes under Rule 23. Those classes are represented by different class representatives and raise different claims under federal and state law. The Direct Purchaser Class consists of direct purchasers asserting only federal antitrust claims. The other classes raise a variety of claims under state law. Further, the amicus briefs submitted focus largely if not exclusively on the certification issues with respect to the indirect classes. On appeal, Defendants seek to merge the Direct Purchaser Class action with the other pending actions contrary to principles of consolidation and due process. *See Hall v. Hall*, 584 U.S. 59, 67 (2018). The Direct Purchaser Class sought to sever or deconsolidate the appeals before the motion panel so that the parties may have clarity as to the scope of the appeal and that no party be subject to an appeal that does not concern them. *See Black v. Altria Grp., Inc.*, No. 26-1519, Dkt. 28. Defendants opposed. *Id.* Dkt. 29. The motion panel summarily denied the motion. *Id.* Dkt. 31. Yet, there is no indication that the Ninth

reason, "absent indication [from the Ninth Circuit] why the class certification appeal qualifies for immediate review, [there is] no basis for concluding [that] Defendants are likely to succeed on the merits." *Tinsely v. McKay*, No. CV-15-00185-PHX-ROS, 2018 WL 11352146, at *3 (D. Ariz. Feb. 13, 2018). Defendants have no basis to contend otherwise.

The narrow issue Defendants raise with respect to the Direct Purchaser Class certification is easily disposed of. *See Farley* at *5. With respect to the Direct Purchaser Class, the Petition quarrels with the Court's finding that the class representatives satisfy the typicality and adequacy requirements of Rule 23(a)(3) and Rule 23(a)(4). *See* Fed. R. Civ. P. 23(a)(3) ("the claims or defenses of the representative parties are typical of the claims or defenses of the class"); Fed. R. Civ. P. 23(a)(4)("the representative parties will fairly and adequately protect the interests of the class."). Defendants do not argue that this Court failed to apply controlling Ninth Circuit law but instead erroneously contend that there is a circuit split. *Black v. Altria Grp., Inc.*, No. 26-1519 (9th Cir.), Dkt. No. 1.1 (Pet.) at 9; *Black v. Altria Grp., Inc.*, No. 26-1519, Dkt. 20.1 (Ans. to Pet.) at 4, 7–9. But the alleged split is fictional because the cases that Defendants cite are based on different facts wholly absent here. The Court's decision on this point is correct and aligns with decades of legal precedent. ECF No. 635 (Class Cert. Order) at 6–7.

As Plaintiffs showed, there is a long line of authority holding that purchasers who buy smaller amounts of the products can represent purchasers of larger amounts.[12] Defendants relied on cases

---

Circuit had any issue with the court's certification of the Direct Purchaser Class which would be required, at a minimum under *Leiva-Perez*, 640 F.3d at 966, and under *Nken*, 556 U.S. at 434.

[12] *See e.g., In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. M 02-1486 PJH, 2006 WL 1530166, at *4–5 (N.D. Cal. June 5, 2006) (finding online purchasers typical of other types of large purchasers who did not purchase online, including large distributors); *In re TFT-LCD (Flat Panel) Antitrust Litig.,* 267 F.R.D. 291, 303 (N.D. Cal. 2010) (finding class representative who purchased one Dell monitor typical of large volume purchasers such as Sanyo, Apple, Dell and HP); *In re Static Random Access (SRAM) Antitrust Litig.*, No. C0701819CW, 2008 WL 4447592, at *3 (N.D. Cal. Sept. 29, 2008) (plaintiffs' price-fixing claims satisfied typicality even though they used different purchasing procedures, purchased in different quantities or a different mix of products, or received different prices than other class members); *In re Korean Ramen Antitrust Litig.,* No. 13-cv-04115-WHO, 2017 WL 235052, at *18 (N.D. Cal. Jan. 19, 2017) (typicality satisfied even where different direct purchasers paid different prices, for different quantities, and suffered different damages); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583, 593 (N.D. Cal. 2010) (quoting *In re Vitamins Antitrust Litig.*, 209 F.R.D. 251, 261 (D.D.C. 2002)) ("The typicality requirement does not mandate

where the absent class members would have to rely on different theories or evidence to prove their claims.[13] In contrast, here, the named representatives and the absent class members would rely on identical proof of the illegal agreement, the impact of that agreement on prices and the same proof of damages. As the Court noted, "[t]here are material distinctions" between the key cases relied upon by Defendants, and the facts of this case, because there are "only two defendants, three channels of distribution (wholesaler, direct retailer, and direct to consumer), and one set of products (JUUL pods)." ECF No. 635 (Class Cert. Order) at 5.

Defendants make no effort to make the strong showing that they are likely to prevail on the merits of the appeal. It would be improvident and unfair to stay the progress of the Direct Purchaser Class litigation where there is little or no likelihood of success of the interlocutory appeal, and where there is little to no burden in denying a stay, particularly in light of Plaintiffs' agreement to move the trial date and adjourn the attendant trial preparation deadlines.

      **3.**      **A stay will cause significant harm to Plaintiffs.**

This case was filed in April of 2020. According to Defendants' own predictions, this case will have been pending for seven years before the earliest trial date. Mot. at 3. Justice delayed is justice denied. Prolonged litigation can render outcomes meaningless, cause financial ruin, and allow evidence to disappear. During the pendency of this litigation, many class members have disappeared or gone out of business. Such delay through repeated interlocutory appeals is deeply prejudicial to Plaintiffs, causes significant harm, and directly undermines the efficient and speedy administration of justice. *See Lopez v. Liberty Mut. Ins. Co.*, No. 2:14-cv-05576 AB (JCx), 2019 WL 1452906, at *5 (C.D. Cal. Jan. 9, 2019) (denying stay pending appeal where more than four years had passed since the inception of the lawsuit because "further delay in the proceedings [would] cause substantial injury to. .

---

that the products purchased, methods of purchase, or even damages of the named plaintiffs must be the same" as absent class members).

[13] *In re Graphics Processing Units Antitrust Litig.,* 253 F.R.D. 478, 490 (N.D. Cal. 2008) (finding typicality not satisfied because the class representatives purchased only one type of graphics card while larger absent class members purchased a vast array of products); *In re Optical Disk Drive Antitrust Litig.* 303 F.R.D. 311, 317 (N.D. Cal. 2014) (finding typicality not satisfied because class representatives purchased standard disk drives while large absent class members purchased highly customized disk drives).

.class members .”); *see also In re Bank of Am. Cal. Unemployment Benefits Litig.*, No. 21MD2992-GPC(MSB), 2025 WL 2374902, at *5 (S.D. Cal. Aug. 15, 2025) (declining to issue a stay where litigation was over four years old due to potential for the fading of witnesses memories, witnesses leaving employment with defendants, and class members' contact information becoming stale); *see also* Fed. R. Civ. P. 1 (Federal Rules should be construed and employed "to secure the just, speedy, and inexpensive determination of every action and proceeding."). This will only be exacerbated with additional delay arising from the issues Defendants' plan to appeal regarding arbitration and forum selection.

**4.   A stay does not serve the public interest.**

Once an applicant satisfies the other factors, the Court should also determine that a stay serves the public interest. *See Nken*, 556 U.S. at 434. Here too, Defendants' Motion is entirely silent.  A stay of long pending district court litigation does not serve the public interest. There is broad public interest in ensuring injured citizens have a day in court. Prompt resolution of claims is fundamental to the justice system because it upholds the rule of law, ensures accountability, and maintains public trust. This is particularly true with respect to private antitrust actions. *See California v. Am. Stores Co.*, 495 U.S. 271, 284 (1990) ("Private enforcement was an integral part of the congressional plan for protecting competition.") Indeed "[t]he public has an interest in the efficient prosecution of antitrust actions [that] seek[] to hold alleged corporate wrongdoers accountable, especially in the area of consumer products." *Packaged Seafood*, at *10. Private enforcement not only provides compensation to wrongdoers. It also deters future violations. Private enforcement of the antitrust law has been key to the antitrust regime in the United States. Granting the stay Defendants seek is unnecessary and contrary to the public interest.

**C.   This Court is best positioned to resume proceedings by denying Defendants' Motion and reserving a trial date.**

The most efficient way to resolve the Plaintiffs' antitrust claims is to deny Defendants' request for a stay and reserve a trial date for the summer of 2027. Doing so preserves this Court's control over its own docket while fully accommodating the pendency of the Defendants' Rule 23(f) appeal.

Plaintiffs propose the following: (1) the Court reserves a currently available trial date during the summer of 2027; (2) the Court sets a status conference on a date certain, no later than 90 days before that trial date; and (3) if the Ninth Circuit has issued its ruling by then, the Court should, at that time, implement a pre-trial schedule agreed to by the Parties. If the Ninth Circuit has not yet ruled 90 days prior to the trial setting, the Court can adjourn the trial date to an available date in the fall of 2027. This preserves a specific trial date for the Parties rather than leaving the matter on an indefinite hold.

This framework gives the Court maximum flexibility to respond to the uncertain timing of the Ninth Circuit's decision on the Rule 23(f) appeal, because no pre-trial deadline would be implemented until the Ninth Circuit rules, and as soon as the Ninth Circuit rules, the parties can immediately begin preparing for a trial date that is certain.

This case has been pending for six years. A complete stay would result in the Parties, along with the Court, scrambling to agree on a trial date and pre-trial deadlines once the Ninth Circuit rules. By the time the stay is lifted, it is likely that the Court's calendar will have filled up and that the Parties will face additional superseding conflicts of their own. This would occasion further delay of trial and delay the ultimate resolution of claims for the benefit of consumers in a matter that has already been stuck in litigation for over five years. Reserving a trial date now eliminates that risk and ensures that the matter proceeds to resolution without unnecessary delay.

## IV.   CONCLUSION

For the foregoing reasons, the Direct Purchaser Plaintiffs request that Defendants' Motion be denied, that the Court maintain its briefing schedule for the arbitration and forum selection issues, adjourn the current trial date until the summer of 2027, and set a status conference for ninety (90) days prior to the trial date. Given the extreme prejudice that a stay would cause Plaintiffs, Plaintiffs request that to the extent the Court is considering granting the stay, the Court hear oral argument on the issue.

Dated: May 18, 2026

By:    _/s/ Joseph R. Saveri_
       Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
**SAVERI LAW FIRM, LLP**
550 California Street, Suite 910
San Francisco, California 94104
Telephone:  (415) 500-6800
Facsimile:  (415) 395-9940
Email:  jsaveri@saverilawfirm.com

*Interim Lead Counsel for Direct Purchaser Plaintiffs and the Proposed Class*

John D. Radice (admitted *pro hac vice*)
**RADICE LAW FIRM, P.C.**
475 Wall Street
Princeton, NJ 08540
Telephone: (646) 245-8502
Facsimile: (609) 385-0745
Email: jradice@radicelawfirm.com

*Counsel for Plaintiffs*