Beth A. Wilkinson (*pro hac vice*)
James M. Rosenthal (*pro hac vice*)
Matthew Skanchy (*pro hac vice*)
Alysha Bohanon (*pro hac vice*)
Jenna P. Swarbrick (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
jrosenthal@wilkinsonstekloff.com
mskanchy@wilkinsonstekloff.com
abohanon@wilkinsonstekloff.com
jpswarbrick@wilkinsonstekloff.com

David I. Gelfand (*pro hac vice*)
Jeremy J. Calsyn (SBN 205062)
Nowell D. Bamberger (*pro hac vice*)
Caleb J. Robertson (*pro hac vice*)
**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
2112 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 974-1599
Facsimile: (202) 974-1599
dgelfand@cgsh.com
jcalsyn@cgsh.com
nbamberger@cgsh.com
cjrobertson@cgsh.com

*Attorneys for Defendant Juul Labs, Inc.*

Moira K. Penza (*pro hac vice*)
Jeremy Barber (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
130 West 42nd Street, 24th Floor
New York, NY 10036
Telephone: (212) 294-8914
Facsimile: (202) 847-4005
mpenza@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

*Attorneys for Defendants Altria Group, Inc.,
and Altria Enterprises, LLC*

[Additional Counsel Identified on Signature Page]

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: JUUL LABS, INC. ANTITRUST LITIGATION | Case No. 3:20-CV-02345-WHO |
| | **DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR STAY** |
| This Document Relates to: | |
| **ALL ACTIONS** | Judge: Hon. William H. Orrick |
| | Date: June 10, 2026 |
| | Time: 2:00 P.M. PT |
| | Courtroom: 2 |

**INTRODUCTION**

The parties agree that trial in this matter cannot proceed until after the Ninth Circuit rules on the Rule 23(f) appeal. Where the parties disagree is how best to account for uncertainty about the timing of that ruling, given that the Ninth Circuit has previously taken anywhere from several months to two years to rule on similar appeals. *See* ECF No. 676, at 2-3. Because it is impossible to predict how long the Ninth Circuit will take, Defendants propose that—apart from completion of the ongoing class notice process and service of the supplemental expert report from Dr. Murphy due later this week—the litigation be stayed until the Ninth Circuit issues its decision. That proposal best reduces the likelihood that resources are wasted on pre-trial preparation while the parties await the Ninth Circuit's guidance. Once a ruling is issued, the parties and the Court will not need to guess as to when a trial would be feasible; instead, it would be possible to set a precise date that works for the Court, the witnesses, and the parties. This would also permit the parties to conduct the remaining pre-trial tasks with the benefit of the Ninth Circuit's ruling.

By contrast, Plaintiffs' proposal—setting a placeholder trial date that may need to be frequently readjusted—is inefficient. Such an approach would inevitably require everyone involved to make commitments, such as blocking time on their calendars and reserving trial site and hotel space, based on an artificial date that is unlikely to be meaningful. And it would require the parties to expend time and effort preparing pre-trial exchanges before the Ninth Circuit rules—work that would have to be revised or redone after the appeal because jury instructions, deposition designations, exhibit lists, and the scope of expert testimony all depend on the contours of the classes that the Ninth Circuit is now reviewing. Nor is there any guarantee that Plaintiffs' proposal will yield an earlier trial date and reduce delay.

Moreover, the parties should not be forced to litigate the forthcoming arbitration and forum-selection motions before the Ninth Circuit rules because the pending appeal implicates whether the commercial distributors and retailers to which these motions apply are properly in the Direct Purchaser class. If the Ninth Circuit accepts Defendants' arguments, any ruling on these motions would be moot and advisory. The Direct Plaintiffs do not engage with this problem and offer no persuasive reason to ignore this possibility. The Court should grant the stay.

**ARGUMENT**

**I.      The Court Should Set A New Trial Date After The Ninth Circuit Issues Its Decision**

Plaintiffs' proposal to set a placeholder trial date that may have to be repeatedly moved until the Ninth Circuit rules is inefficient.

As an initial matter, setting an artificial date now would require everyone involved—the Court, witnesses, and counsel—to block out dates on their calendars without any confidence that those dates are meaningful.  Further, it is not possible in San Francisco to wait until the last minute to secure trial site offices and hotel rooms.  As a result, the parties—most of whose counsel are not based in San Francisco—would have to make costly commitments to secure such space substantially ahead of time, without knowing whether the Ninth Circuit will issue its decision in time.

In addition, much of the pre-trial work that remains could be affected by the Ninth Circuit's ruling.  For example, the Ninth Circuit will decide which states are included in the Indirect Plaintiffs' classes and which laws apply to those claims.  That necessarily affects the jury instructions and the verdict form.  It also impacts the Indirect Plaintiffs' experts, who may have to recalculate damages depending on which states are included in the classes.  Similarly, the Ninth Circuit will determine whether commercial distributors and retailers—whose purchases account for the overwhelming majority of direct JUUL sales during the relevant time period—are even in the case.  That too may well affect pre-trial work, from jury instructions to designated testimony to exhibits with relevance to issues specific to the commercial distributors.[1]

The Direct Plaintiffs' suggestion that the Court set a status conference 90 days before the trial date to assess whether the trial date needs to be moved again, ECF No. 682, at 15, does not solve these problems.  That approach would still require everyone to block out dates for trial without knowing until 90 days beforehand whether those dates are meaningful.  The parties would have to make commitments

---

[1] The Indirect Plaintiffs are also mistaken to suggest that "this case will go to trial" no matter what because (they say) the appeal does not concern "issues of liability."  ECF No. 681, at 1.  Once the Court of Appeals grants Rule 23(f) review, it has jurisdiction to review "anything that properly enters the determination whether to certify a class."  *Moser v. Benefytt, Inc.*, 8 F.4th 872, 875 (9th Cir. 2021) (quoting 16 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3931.1 (3d ed. Apr. 2021 Update)).  Accordingly, the Ninth Circuit now has jurisdiction to review any issue concerning the Court's class certification order, including issues that would result in decertification of one or more of the classes in their entirety.

to secure trial site and hotel space more than 90 days before the trial. (Defendants, for example, had already made those commitments more than 90 days before the originally scheduled May 2026 trial date). And in the event that the Ninth Circuit has not yet ruled by the status conference, the Direct Plaintiffs' approach would require everyone to start over and make new commitments of time and resources, again without confidence that these commitments will be meaningful.

It is also impossible to confine the necessary pre-trial work to the 90 days before trial, meaning the parties would have to expend effort preparing to meet pre-trial deadlines associated with a placeholder trial date before a status conference could be held to assess the viability of the placeholder trial date. For example, according to the pre-trial schedule under which the parties operated earlier this year, the parties began exchanging witness lists on January 22, 110 days before the then-anticipated trial date of May 12. The exchange of deposition designations then followed on February 9, 92 days before trial. Other exchange deadlines, for counter-designations, objections, and witness lists followed rapidly afterwards. Compressing that schedule into the 90 days before trial would require those exchanges to begin immediately upon the start of the 90-day countdown. That in turn means the parties would have to work to finalize those submissions well before the Court holds the status conference to consider whether the placeholder trial date can stand. Direct Plaintiffs' proposal will therefore likely cause significant inefficiency and wasted effort.

Waiting until the Ninth Circuit has issued its decision avoids these inefficiencies. The trial date set by the Court in those circumstances would be real. And the parties would be able to conduct the remaining pre-trial work knowing precisely what the contours of the classes will be and what law will apply to them.

Nor would the Defendants' proposal necessarily cause any delay in these proceedings. At the time the Ninth Circuit granted the Rule 23(f) appeal, trial was five months away, and thus there is reason to believe that the parties could have the case ready to try in approximately five months from a decision— potentially even more quickly. Suppose, for example, that under the Plaintiffs' proposal the trial is set for a placeholder date of June 1, 2027, with a status conference 90 days prior on March 3, 2027. If the Ninth Circuit had not yet ruled as of the status conference—which is a distinct possibility given the Ninth

Circuit's track record—the Direct Plaintiffs propose that the trial would then be moved arbitrarily to the Fall of 2027. ECF No. 682, at 15. Yet if the Ninth Circuit ruled later in March, under Defendants' proposal, the Court and the parties would be able to set a real trial date at that time with the benefit of the Ninth Circuit's decision. Assuming that the case would be ready to be tried in approximately five months, that could result in a trial starting in August or September—no later (and potentially earlier) than the trial setting that would be produced by the Direct Plaintiffs' approach.

To the extent the competing proposals would result in different trial settings, the difference is likely to be minimal and limited to a month or two in any event. And while Plaintiffs complain about the length of this litigation and imply that it is somehow the result of delay tactics by Defendants, the contrary is true. *Plaintiffs* sought—and the parties *jointly* stipulated to—a multi-year stay pending the related FTC proceedings. *See* ECF No. 329, at 1. When that stay was lifted in July 2023, the parties *jointly* proposed a schedule under which trial would take place more than two years later. *See* ECF No. 349, at 2-3. Against that backdrop, there is no reason to think that the mere possibility of one or two months' delay will make a meaningful difference to any party.

Courts considering far longer delays have repeatedly made clear that where (as here) "plaintiffs seek only damages," "delay will not prevent the balance of hardships from tipping sharply in the defendants' favor." *Pena v. Taylor Farms Pacific, Inc.*, 2015 WL 5103157, at *6 (E.D. Cal. 2015); *see also Roe v. SFBSC Mgmt., LLC*, 2015 WL 1798926, at *4 (N.D. Cal. 2015) (rejecting argument that stay harmed plaintiffs by forcing them "to wait to receive" their damages); *Brown v. Wal-Mart Stores, Inc.*, 2012 WL 5818300, at *4 (N.D. Cal. 2012) (where suit "is not so much aimed at preventing continuing or future violations as it is at collecting damages for past harms," there is no "substantial injury" to plaintiffs from a stay pending a Rule 23(f) appeal). On the other hand (and contrary to Direct Plaintiffs' assertion that litigation expenses are "categorically . . . not sufficient to constitute irreparable harm," ECF No. 682, at 7), it is well-established that expending "substantial, unrecoverable time and resources" on pre-trial litigation that could otherwise be avoided is an irreparable harm. *Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1075 (S.D. Cal. 2019); *see also Pena*, 2015 WL 5103157, at *4 (irreparable injury exists "when the costs [of litigation] would impose 'serious burdens' pending the appeal"); *Senne*

*v. Kansas City Royals Baseball Corp.*, 2017 WL 5973487, at *3 (N.D. Cal. 2017) (similar); *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 2015 WL 4397175, at *3-4 (C.D. Cal. 2015) (similar).

## II.    The Arbitration And Forum-Selection Motions Should Also Be Stayed

Any stay should extend to the arbitration and forum-selection motions.[2]   In arguing to the contrary, the Direct Plaintiffs fall back on their oft-repeated complaint that the Defendants should somehow have moved to compel arbitration or to transfer venue as to entities that were, at the time, not part of the litigation. *See, e.g.*, ECF No. 682, at 3.  But the Direct Plaintiffs never come to grips with the practical implications of litigating these issues for entities whose very presence in this case is at issue before the Ninth Circuit.

Under the Direct Plaintiffs' approach, if the Ninth Circuit accepts Defendants' argument that commercial distributors and retailers were improperly included in the Direct Purchaser class, the parties would have litigated the enforceability of arbitration and forum-selection clauses as to entities who are no longer part of the litigation.  In such a situation, it is not clear that Defendants would be able to enforce an order from this Court compelling arbitration should the entities file suit in another court after being removed from the class.  Accordingly, any ruling on the issue would be moot and advisory.  The Direct Plaintiffs essentially argue that the Court should ignore this possibility, complaining (incorrectly) that the Defendants improperly filed a single Rule 23(f) petition[3] and conjecturing that the Ninth Circuit is not actually concerned with the issues affecting their class.  *See* ECF No. 682 at 11-12.  Yet the Direct Plaintiffs made that very case to the Ninth Circuit when they sought to sever their case from the Indirect

---

[2] The same is true for attempts to expand discovery pending the appeal apparently contemplated by the Direct Plaintiffs. *See* ECF No. 682, at 6.  "Fact discovery is closed," *id.*, and has been for over a year, *see* ECF No. 455 (setting close of expert discovery as May 20, 2025).  Accordingly, there can be no need to litigate discovery disputes pending this appeal.  And even if a legitimate dispute somehow arose, it could easily be resolved after the Ninth Circuit's decision in the months before trial—as it would have been had the Ninth Circuit denied review.

[3] The Direct Plaintiffs' assertion that Defendants improperly sought to "merge the Direct Purchaser Class action with the other pending actions contrary to principles of consolidation and due process," ECF No. 682, at 11, is nonsensical.  This case has proceeded as a single consolidated case since October 2020. ECF No. 129.  The Direct Plaintiffs themselves stipulated to that consolidation. ECF No. 126.  And in 2023, these cases were scheduled—without opposition from any plaintiff—for a single, joint trial. *See* ECF Nos. 349, 353.  Consistent with that consolidation, this Court issued a single order on a single docket certifying the three classes.  Defendants thus filed a single interlocutory appeal of that order.  And to the extent there could be any doubt on the propriety of that approach, the Ninth Circuit removed it when it granted review and denied Direct Plaintiffs' motion to sever.

Plaintiffs' cases, and the Ninth Circuit denied their request. *Black v. Altria Grp., Inc., et al.*, No. 26-1519, Dkt. 31.1. Given that the Ninth Circuit expressly chose to accept review of the certification of the Direct Purchaser class, there is every reason to believe they intend to review issues affecting the Direct Purchaser class.[4]

Finally, the Direct Plaintiffs' suggestion that these issues are "quite limited," ECF No. 682, at 4, is wrong. The Court's consideration of contract terms with over 150 commercial distributors and retailers—many of whom had more than one contract with JLI covering the relevant time period—will necessarily be resource-intensive for the Court and the parties. Direct Plaintiffs also ignore that these counterparties comprise the overwhelming bulk of the purchases at issue in this class: as Defendants' expert Dr. Murphy has calculated, "[t]he top thirty largest wholesale customers account for 85 percent of JLI's sales to wholesale customers[.]" ECF No. 520-12, Declaration of Jeremy Barber, Ex. 49 (Murphy Rebuttal Rep. ¶408). Out of those top thirty wholesale customers, nearly all have arbitration and/or forum-selection clauses.[5]

## CONCLUSION

The motion to stay should be granted.

Dated: May 26, 2026          Respectfully submitted,

         */s/ Beth A. Wilkinson*
         Beth A. Wilkinson (*pro hac vice*)
         James M. Rosenthal (*pro hac vice*)
         Matthew Skanchy (*pro hac vice*)
         Alysha Bohanon (*pro hac vice*)
         Jenna P. Swarbrick (*pro hac vice*)
         **WILKINSON STEKLOFF LLP**
         2001 M Street NW, 10th Floor

---

[4] Likewise, in the event the Ninth Circuit rules that the commercial distributors and retailers were improperly included in the class, it is unclear how the Direct Plaintiffs' suggestion that they might seek to add even more class representatives at this late stage, ECF No. 682, at 10, would solve the problem. The Court and the parties would still have litigated arbitration and forum-selection issues as to entities who the Ninth Circuit would have ruled are not properly in the case.

[5] The Direct Plaintiffs indicate they have issued class notice to "nearly 4,000. . . retailers and distributors." ECF No. 682, at 5 n. 5. Of those approximately 4,000 entity purchasers, 3,780 are classified as "direct-to-retail" customers. Less than 3 percent of JLI's gross sales during 2018 through 2020 was associated with direct-to-retail customers, and JLI discontinued its direct-to-retail sales in June 2020. ECF No. 520-12, Declaration of Jeremy Barber, Ex. 49 (Murphy Rebuttal Rep. ¶407 & n.483). The vast majority of customers in the wholesale channel—by number and by sales volume—are subject to binding arbitration provisions and/or forum selection clauses contained in their agreements with JLI.

Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
*bwilkinson@wilkinsonstekloff.com*
*jrosenthal@wilkinsonstekloff.com*
*mskanchy@wilkinsonstekloff.com*
*abohanon@wilkinsonstekloff.com*
*jpswarbrick@wilkinsonstekloff.com*

Moira K. Penza (*pro hac vice*)
Jeremy Barber (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
130 West 42nd Street, 24th Floor
New York, NY 10036
Telephone: (212) 294-8914
Facsimile: (202) 847-4005
*mpenza@wilkinsonstekloff.com*
*jbarber@wilkinsonstekloff.com*

Lauren Sachi Wulfe (SBN 287592)
**ARNOLD & PORTER KAYE SCHOLER LLC**
777 S. Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone: (213) 243-4211
Facsimile: (213) 243-4199
*lauren.wulfe@arnoldporter.com*

*Attorneys for Defendants Altria Group, Inc., and Altria Enterprises, LLC*

*/s/ Nowell D. Bamberger*
Nowell D. Bamberger (*pro hac vice*)
David I. Gelfand (*pro hac vice*)
Jeremy J. Calsyn (SBN 205062)
Caleb J. Robertson (*pro hac vice*)
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
2112 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 974-1752
Facsimile: (202) 974-1599
*dgelfand@cgsh.com*
*jcalsyn@cgsh.com*
*nbamberger@cgsh.com*
*cjrobertson@cgsh.com*

*Attorneys for Defendant Juul Labs, Inc.*

*/s/Michael J. Guzman*
Mark C. Hansen (*pro hac vice*)
Michael J. Guzman (*pro hac vice*)
David L. Schwarz (SBN 206257)
**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, NW Suite 400
Washington, DC 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999
*mhansen@kellogghansen.com*
*mguzman@kellogghansen.com*
*dschwarz@kellogghansen.com*

*Attorneys for Individual Defendants Nicholas Pritzker and Riaz Valani*

**FILER'S ATTESTATION**

In compliance with Civil Local Rule 5-1(i)(3), I, Beth A. Wilkinson, hereby attest that each of the signatories identified above has concurred in this filing.

/s/ Beth A. Wilkinson
Beth A. Wilkinson (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
*bwilkinson@wilkinsonstekloff.com*